## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| ABIGAIL STRATTON, | Case No.: 2:21-cv-02211-RMG |
| Plaintiff, | Hon. Richard Mark Gergel |
| v. | **JOINT ANSWERS TO LOCAL RULE 26.03 DISCLOSURES** |
| MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation, | |
| Defendants. | |

Pursuant to Rule 26.03 of the Local Civil Rules of the United States District Court for the District of South Carolina, PLAINTIFF, ABIGAIL STRATTON and DEFENDANTS, MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation (collectively "Merck"), by their undersigned counsel, provide these answers to Local Rule 26.03 Disclosures as follows:

## GENERAL STATEMENT

These disclosures are based on information reasonably available to the parties at this time. The parties have not completed their investigation of the facts in this case nor their analysis of this matter. The parties do not intend these disclosures to be a waiver or limitation of any privilege, immunity, or other right of any party, or of any objection any party has or might have to the admissibility at trial of any of the disclosed information. Further discovery, investigation, legal research, and analysis may supply additional facts and new meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to changes, additions to, and variation from these disclosures. The parties reserve their rights to amend these disclosures in accordance with subsequent developments, and further make these disclosures without prejudice to their right to conduct discovery with reference to or offer

1

into evidence at the time of trial any and all facts, witnesses, documents, electronically stored information, and other evidence omitted from these responses by oversight, inadvertence, good faith error, or mistake.  The parties also make these disclosures subject to and without waiver of their right to protect from disclosure any material protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege.  The parties further make these disclosures subject to the right to protect from disclosure information and/or documents protected by the privacy rights and/or interests of persons who may be identified in the documents and/or protected by federal or state statute, regulation, or other law.

## LOCAL RULE 26.03 DISCLOSURES

1.      **A short statement of the facts of the case**

        a.  **Plaintiff's statement of the case**

This is a products liability personal injury case wherein Plaintiff, Abigail Stratton ("Stratton"), alleges she sustained a number of injuries, including but not limited to, autoimmune injuries, as a result of being injected with the Gardasil vaccine.  As alleged in the Complaint, Stratton's primary injuries include, but are not limited to: autonomic, neurological, heterogenous autoimmune disease, postural orthostatic tachycardia syndrome ("POTS"), chronic migraines, vertigo, and pityriasis rosea.  Compl. ¶ 358.

In this lawsuit, Stratton contends, and intends to establish, that Merck, the manufacturer and promoter of Gardasil, was negligent and engaged in fraudulent conduct in the manner in which it researched, manufactured, labeled, and promoted Gardasil.  *See id.* ¶¶ 25-346.  Stratton further contends, and intends to establish, that Merck misrepresented the efficacy of Gardasil and that, in its promotional material disseminated to the public and the medical community, Merck failed to provide adequate warnings to her medical providers concerning the serious and potentially fatal risks associated with Gardasil, including, but not limited to, the risks of autoimmune disease. Premised upon these aforementioned contentions, which are outlined in greater detail in her Complaint, Stratton has alleged five claims:  Negligence; Strict Liability

(Failure to Warn); Strict Liability (Manufacturing Defect); Breach of Warranty; and Common Law Fraud.[1]  Stratton seeks damages for the physical injuries as well as the severe pain and suffering she endured as a child, as well as past and future economic damages, and punitive damages.

### b. Merck's statement of the case

Merck disputes the allegations of the Complaint.  Gardasil is Merck's FDA-approved vaccine for prevention of certain cancers and other conditions caused by the Human Papillomavirus ("HPV").  Merck intends to show that since before FDA licensure in 2006 and through the present, the safety of Gardasil has been exhaustively studied by Merck, the FDA, and the CDC, as well as the independent blue-ribbon expert panels advising those agencies, such as the Advisory Committee for Immunization Practices (the "ACIP") and various FDA advisory boards.  Merck further intends to show that Gardasil has also been the subject of numerous, large post-licensure safety studies, and that these reviews, as well as the conclusions of researchers around the world, have again and again confirmed the safety of the vaccine.  More specific to this litigation, Merck will rely on multiple rigorous scientific studies that have examined the issue of whether POTS, neurological injuries, and, to the extent necessary, autoimmune diseases in general, are associated with the Gardasil vaccine.  Merck intends to establish that those studies found no association or causal relationship.  Merck has not yet collected Plaintiff's medical records and therefore cannot comment on any specifics relating to Plaintiff's alleged injuries.  Merck also contends and intends to demonstrate that Plaintiff's other allegations are false, and that Merck has at all times developed, tested, labeled, and promoted Gardasil properly and in a manner that has earned the confidence of the worldwide health authorities in this ground-breaking vaccine.  This case is controlled by the requirements of the National Childhood Vaccine

---

[1] In its November 17, 2021 Opinion and Order (ECF 18), the Court: (1) dismissed Plaintiff's negligence claim to the extent it challenges the presence of HPV L1-DNA fragments, amorphous aluminum hydroxyphosphate sulfate, borax, polysorbate, or yeast in Gardasil; (2) dismissed Plaintiff's manufacturing defect claim; (3) dismissed Plaintiff's direct failure to warn claim; and (4) dismissed Plaintiff's common law fraud claim. This means Plaintiff's negligence, failure to warn, and breach of express warranty claims can proceed, consistent with Court's limitations in the Opinion.

Injury Compensation Act (42 U.S.C. §§300aa-10 *et. seq.*).  The provisions of the Act govern

rebuttable presumptions that must be adopted in favor of a vaccine manufacturer.  The Act also

details procedures that must be adopted in trying a vaccine case including trifurcation (liability,

general damages, and punitive damages) (42 USC Section §§300aa-23) and evidentiary

standards to be employed in the assessment of punitive damages.  In addition, the Act provides in

the section entitled "TRIAL" and in the subsection entitled "EVIDENCE" that "[i]n any stage of a

civil action … any finding of fact or conclusion of law of the United States Court of Federal

Claims or a special master in a proceeding on a petition filed under section 300aa–11 of this

title and the final judgment of the United States Court of Federal Claims and subsequent

appellate review on such a petition shall not be admissible."  *Id.*

2. **The names of fact witnesses likely to be called by the parties and a brief summary of their expected testimony**

a. **Plaintiff's fact witnesses**

Plaintiff has not determined the exact name and number of fact witnesses she will call in

this matter.  Additional witnesses will be identified as discovery progresses, and Plaintiff will

supplement her discovery responses accordingly.  Subject to the reservation of rights to

supplement this disclosure, Plaintiff identifies the following likely witnesses:

| Name | Subject Matter of Expected Testimony |
|---|---|
| **Abigail Stratton** (Plaintiff) | Liability, damages, and causation. Knowledge of the case specific facts, including but not limited to, her Gardasil injection, injuries she sustained as a result of her Gardasil injections, and the treatments for her injuries. |
| **Carolyn Stratton** (Plaintiff's mother) | Liability, damages, and causation. Knowledge of the case specific facts of the case, including but not limited to, Plaintiff's Gardasil injection, injuries Plaintiff sustained as a result of her Gardasil injections, and the treatments for her injuries. |
| **Louis Stratton** (Plaintiff's father) | Liability, damages, and causation. Knowledge of the case specific facts of the case, including but not limited to, Plaintiff's Gardasil injection, |

| | injuries Plaintiff sustained as a result of her Gardasil injections, and the treatments for her injuries. |
|---|---|
| Vanessa A. Hajzus, PA-C | Plaintiff's Medical Provider. Knowledge of administration of Gardasil to Plaintiff and case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection. |
| Frank A. Cuoco Jr., M.D. | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| Christopher McCarty, M.D. | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| Lindsey Kathleen Jennings, M.D. | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| Megan L. Hilbert, M.D. | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| Eric R. Powers, M.D. | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| Thomas Gerard Disalvo, M.D. | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| Mona Haj, M.D. | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's |

| | |
|---|---|
| | treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Nicholas John Connors, M.D.** | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Emily Hodskins, M.D.** | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Michael R. Gold, M.D.** | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **John Marcus Wharton, M.D.** | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Marc Thomas Bartman, M.D.** | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Elizabeth Eleanor Barton, M.D.** | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Ashlyn Holstein Savage, M.D.** | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Michele K. Saums, M.D.** | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's |

|  | treatments for the constellation of symptoms and conditions relating to the injuries. |
|---|---|

There will likely be scores of additional fact witnesses, including, but not limited to, medical providers, third party witnesses, and Merck employees.  Plaintiff reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure and based upon information learned during discovery.  Moreover, for a more complete list of potential fact witnesses, please refer to Plaintiff's Rule 26(a)(1) disclosures, attached here as Exhibit A.

### b. Merck's fact witnesses

Merck has not determined the exact name and number of fact witnesses it will call in this matter.  Additional witnesses will be identified as discovery progresses, and Merck will supplement its discovery responses accordingly.  Subject to the reservation of rights to supplement this disclosure, Merck identifies the following likely witnesses:

1) Alain Luxembourg, MD, PhD, Director, Clinical Research, c/o Dino Sangiamo at Venable LLP, 750 E. Pratt Street, Suite 900, Baltimore, Maryland and Robert H. Hood Jr. at Hood Law Firm, LLC, Hood Law Firm LLC, 172 Meeting Street, Charleston, SC 29401.

Dr. Luxembourg is knowledgeable concerning clinical research regarding Gardasil, including Gardasil clinical trials, Gardasil post-licensure studies and the safety of Gardasil and can testify as to such.

2) Persons with knowledge of Plaintiff's medical care, condition, history and treatment; physical and emotional condition; employment history and/or lifestyle; and the alleged damages, injuries, and allegations set forth in Plaintiff's Complaint.

Merck reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure and based upon information learned during discovery.  Merck further reserves the right to call any and all witnesses identified by the Plaintiff.

**3.** **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

### a. Plaintiff's expert witnesses

Plaintiff has not yet decided whom she will call as expert witnesses.  Discovery is

ongoing.  Plaintiff anticipates that areas of expert testimony may include, among other topics, the risks associated with the Gardasil vaccine, including but not limited to the risks of autoimmune and/or neurological disorders, analysis of Merck's clinical trials and post-marketing safety data for Gardasil, whether Merck adequately warned of the risks of Gardasil, whether Merck overpromoted and misrepresented the efficacy of Gardasil, the injuries plaintiff sustained as a result of Gardasil and the prognosis of her medical condition and other general issues of liability, causation, and damages.  The parties request that expert witnesses be identified and disclosed in accordance with their proposed Scheduling Order set forth below.

### b.  Merck's expert witnesses

Merck has not yet decided whom it will call as expert witnesses.  Discovery is ongoing. Merck anticipates that areas of expert testimony may include, among other topics, the safety and efficacy of Gardasil, data concerning the link Plaintiff alleges between Gardasil and her injuries, and Plaintiff's medical history and condition.  The parties request that expert witnesses be identified and disclosed in accordance with their proposed Scheduling Order set forth below.

### 4.  A summary of the claims or defenses with statutory and/or case citations supporting the same.

### a.  Plaintiff's claims

Stratton alleges five claims:  Negligence; Strict Liability (Failure to Warn); Strict Liability (Manufacturing Defect); Breach of Warranty; and Common Law Fraud.  Pursuant to the Court's Order and Opinion regarding Merck's Motion to Dismiss (ECF 18), Plaintiff will only discuss her extant claims: Negligence, Failure to Warn, and Breach of Warranty.

Regarding Negligence, Plaintiff alleges that Merck breached its duty of care in a variety of ways, including, but not limited to, failing to properly research the risks and benefits of Gardasil, failing to provide adequate warnings concerning the autoimmune risks associated with Gardasil, and misrepresenting the efficacy of Gardasil.  Compl. ¶ 373-76.  To adequately plead a claim of products liability negligence, the plaintiff must allege that (1) she was injured by the product; (2) that the product was in essentially the same condition at the time of the accident as it

was when it left the hands of the defendant, and (3) the injury occurred because the product "was in a defective condition unreasonably dangerous to the user." *Madden v. Cox*, 284 S.C. 574, 579 (Ct. App. 1985). Plaintiff must also allege that the manufacturer breached its duty to exercise reasonable care, thus proximately causing plaintiff's injury. *Allen v. Long Mfg. NC, Inc.*, 332 S.C. 422, 432 (Ct. App. 1998). As the Court's Order and Opinion demonstrate, Plaintiff has sufficiently pleaded her negligence claim, insofar as the claim does not challenge the presence of HPV L1-DNA fragments, amorphous aluminum hydroxyphosphate sulfate, borax, polysorbate, or yeast in Gardasil.

Second, Plaintiff has alleged that Merck failed to disclose to Plaintiff's medical providers that, *inter alia*, Gardasil presents "severe risks of triggering and increasing the risk of various autoimmune diseases, including but not limited to POTS." Compl. ¶¶ 376(m), 403.[2] A product may be found unreasonably dangerous and defective if the manufacturer failed to provide an adequate warning. *Marchant v. Lorain Div. of Koehring*, 272 S.C. 243, 247-48 (1979). *See also Allen*, 332 S.C. at 428 ("Once it is established that a product must display a warning to be safe, the question of the adequacy of the warning is one of fact for the jury as long as evidence has been presented that the warning was inadequate."). Plaintiff successfully pleaded her claim that Merck failed to warn her medical providers. ECF 18 at 9.

Lastly, Plaintiff alleges that Defendants marketed to both patients and medical providers that Gardasil was "safe" and "effective" in preventing cancer but failed to "include the complete array of risks associated with Gardasil." Compl. ¶¶ 425- 26. Plaintiff alleges Defendants' representations as to Gardasil's safety, representations made through a variety of media including "the Gardasil label, publications, television advertisements, billboards, print advertisements, online advertisements and websites, and other written materials," were not true, (*Id*. ¶¶ 425, 431), and that, "[a]s a proximate result of [Defendants'] wrongful acts," Plaintiff was

---

[2] As noted above, the Court rejected Plaintiff's direct failure to warn theory.

injured, (*Id.* ¶ 432). Under South Carolina law, express warranties by the seller are created as follows:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise;
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> (c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

South Carolina Code § 36-3-313.  The Court found that Plaintiff adequately pleaded a breach of express warranty claim.  ECF 18 at 11.

Discovery is still ongoing, along with Plaintiff's investigations.  Plaintiff reserves the right to supplement this response with additional facts and legal authority.

### b.  Merck's defenses

Merck incorporates all Affirmative Defenses set forth in its Answer to Plaintiff's Complaint (ECF 22 at 77–96) here by reference as if fully stated herein.  Further, Merck incorporates all defenses set forth in its Motion to Dismiss Plaintiff's Complaint Pursuant to 12(b)(6) Failure to State a Claim (ECF 6) here by reference as if fully stated herein.  Plaintiff's negligence claim fails because Plaintiff cannot establish the essential elements of the claim.  *See Holst v. KCI Konecranes Intern. Corp*, 699 S.E.2d 715, 719 (S.C. Ct. App. 2010); *see also Sauls v. Wyeth Pharm.*, Inc., 846 F. Supp. 2d 499, 502–4 (D.S.C. 2012).  Plaintiff cannot establish that Gardasil was the proximate cause or cause in fact of any of the alleged injuries in Plaintiff's Complaint, which is an essential element of the cause of action.  *See Holst*, 699 S.E.2d at 719; *See Bray v. Marathon Corp.*, 588 S.E.2d 93, 95 (S.C. 2003); *Sauls*, 846 F. Supp. 2d at 502.  Plaintiff's failure to warn claim fails because Plaintiff cannot establish that Gardasil warnings were inadequate, that a different warning would have led to a different result, or that any alleged failure to warn was the proximate cause of Plaintiff's injury/damage.  *See Bray*, 588 S.E.2d at

95; *Sauls*, 846 F. Supp. 2d at 502.  Plaintiff's failure to warn claims are also preempted by federal law.  Similarly, Plaintiff's breach of express warranty claim fails because Plaintiff cannot establish the essential elements of the claim.  *See Rife v. Hitachi Constr. Mach. Co. Ltd.*, 609 S.E.2d 565, 568 (S.C. Ct. App. 2005).  Plaintiff does not identify the content or the source of the express warranty.  *See Ellis v. Smith & Nephew, Inc.*, No. CV 6:15-545-TMC, 2016 WL 7319397, at *6 (D.S.C. Feb. 16, 2016).  Moreover, Plaintiff fails to allege any reliance, therefore, the claim is insufficient.  *See In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, No. 2:12-CV-02860-DCN, 2013 WL 1442332, at *3 (D.S.C. Apr. 9, 2013).  Lastly, Merck will rely upon South Carolina common law and statutes to support its defenses.  Discovery is still ongoing, along with Merck's investigations.  Merck reserves the right to supplement this response with additional facts, defenses, and legal authority.

**5.    Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):**

The parties request that the Court enter the following schedule proposed jointly by the parties:

| Action or Event | Court's Proposed Dates | Parties' Jointly-Proposed Dates |
| --- | --- | --- |
| Rule 26(f) Conference | December 29, 2021 | December 29, 2021 |
| Rule 26(a)(1) Initial Disclosures | January 12, 2022 | January 12, 2022 |
| Rule 26(f) Report | January 12, 2022 | January 19, 2022 |
| Amendment of Pleadings | March 2, 2022 | March 2, 2022 |
| Expert Witnesses | Plaintiff: April 1, 2022  Defendant: May 2, 2022 | Plaintiff: November 18, 2022  Defendant: December 21, 2022 |
| Records Custodian Witnesses | May 9, 2022 | May 25, 2023[3] |

---

[3] The parties anticipate stipulating to the authenticity of records produced during the course of discovery.

11

| Discovery[4] | May 31, 2022 | October 3, 2022 |
|---|---|---|
| Motions in Limine | 15 business days prior to jury selection | 15 business days prior to jury selection |
| Dispositive Motions and Daubert Motions | June 14, 2022 | June 1, 2023 |
| Pretrial Disclosures | 21 business days prior to jury selection | 21 business days prior to jury selection |
| Pretrial Briefs | 5 business days prior to jury selection | 5 business days prior to jury selection |
| Trial | September 1, 2022 | August 31, 2023 |

**6.      Any special circumstances that would affect the time frames applied in preparing the scheduling order.  *See generally* Local Civ. Rule 16.02(C) (D.S.C.)) or otherwise requested by the assigned judge.**

This is one of several cases pending in various federal courts in which counsel herein represent plaintiffs suing Merck for injuries that they attribute to Gardasil.  Counsel for plaintiffs and counsel for Merck have been actively negotiating schedules to propose to certain of the various courts that will promote efficiency and preserve resources.  The parties are requesting that the Court adopt the schedule set forth above as part of that coordination process.  Moreover, Plaintiff maintains that the dates proposed herein are necessary, in part because more than ten million pages of documents have been produced by Merck, and Plaintiff and her consultants still need to review and analyze them, and because additional Merck documents are expected to be produced in the coming months.

---

[4] Third-party depositions related to plaintiff's treatment and injuries may be taken after this date by agreement of the parties or for good cause shown.

7.      **Any additional information requested in the Pre-Scheduling Order (Local**

**Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

None known at this time.  The parties reserve the right to supplement this response.


**DATED** this 27th day of January, 2022


By: s/ Misty Black O'Neal
Misty B. O'Neal (Fed. I.D.#12262)
moneal@rpwb.com
Elizabeth Middleton Burke (Fed. I.D. #7466)
bburke@rpwb.com
**ROGERS, PATRICK,**
**WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A
Mount Pleasant, SC 29464
Telephone: (843) 727-6500
Facsimile: (843) 216-6509
*Attorneys for Plaintiffs*


By:  /s/ Bijan Esfandiari
**Bijan Esfandiari (admitted pro hac vice)**
besfandiari@baumhedlundlaw.com
**Baum Hedlund Aristei & Goldman, P.C.**
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Telephone: (310) 207-3233
Fax: (310) 820-7444
*Attorneys for Plaintiffs*


By:  /s/ Robert H. Hood Jr.
**Robert H. Hood, Jr.** (6998)
bobbyjr.hood@hoodlaw.com
**Hood Law Firm LLC**
172 Meeting Street
Charleston, SC 29401
Telephone: (843) 577-4435
Fax: (843) 722-1630
*Attorneys for Defendants*

By:  /s/ Dino S. Sangiamo

**Dino S. Sangiamo** (*Admitted Pro Hac Vice*)
dssangiamo@venable.com
**Venable LLP**
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: 410.244.7400
Fax: 410.244.7742
*Attorneys for Defendants*

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| ABIGAIL STRATTON,<br><br>                       Plaintiffs,<br><br>   vs.<br><br>MERCK & CO., INC., a New Jersey Corporation;<br>and MERCK SHARP & DOHME CORP., a New<br>Jersey Corporation,<br><br>                   Defendants. | Case No. 2:21-cv-2211-RMG |

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP") and without waiving any claims of privilege, work-product protection, or other bases for non-disclosure, Plaintiff Savannah Flores hereby provides the following initial disclosures. This initial disclosure is made upon a good faith review of information reasonably available to Plaintiff at this time. Plaintiff reserves the right to clarify, amend, modify, or supplement the information contained in these initial disclosures in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. These initial disclosures are given without prejudice to Plaintiff's right to introduce evidence of any subsequently discovered facts, witnesses, and/or documents Plaintiff may later obtain or recall. These disclosures are not intended to waive or limit any objections Plaintiff may have to admissibility and/or discoverability of any disclosed information. These disclosures do not include all expert witnesses pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

### A.   Identity of Potential Witnesses

In compliance with FRCP 26(a)(1)(A)(i), and without limiting such additional witnesses and retained experts to be timely disclosed hereafter pursuant to Rule 26(a)(2), Plaintiff hereby provides the names and, if known, the contact information for individuals likely to have discoverable information that Plaintiff may use to support her claims, as well as the subjects of information likely known by each individual. Plaintiff reserves the right to supplement this response as discovery

proceeds.  Plaintiff does not concede that the following individuals have the information listed below:

| Name | Contact Information | Subject Matter of Discoverable Information |
|------|--------------------|-------------------------------------------|
| **Abigail Stratton** (Plaintiff) | To be contacted through Plaintiff's counsel. | Liability, damages, and causation. Knowledge of the case specific facts, including but not limited to, her Gardasil injection, injuries she sustained as a result of her Gardasil injections, and the treatments for her injuries. |
| **Carolyn Stratton** (Plaintiff's mother) | To be contacted through Plaintiff's counsel. | Liability, damages, and causation. Knowledge of the case specific facts of the case, including but not limited to, Plaintiff's Gardasil injection, injuries Plaintiff sustained as a result of her Gardasil injections, and the treatments for her injuries. |
| **Louis Stratton** (Plaintiff's father) | To be contacted through Plaintiff's counsel. | Liability, damages, and causation. Knowledge of the case specific facts of the case, including but not limited to, Plaintiff's Gardasil injection, injuries Plaintiff sustained as a result of her Gardasil injections, and the treatments for her injuries. |
| **Lila Stratton** (Plaintiff's sister) | To be contacted through Plaintiff's counsel. | Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection. |
| **Alaina Stratton** (Plaintiff's sister) | To be contacted through Plaintiff's counsel. | Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection. |
| **Ally MacLeod** (Plaintiff's friend) | To be contacted through Plaintiff's counsel. | Knowledge of the case specific facts of the case, including but not limited to, the injuries |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| | | Plaintiff sustained as a result of her Gardasil injection. |
| **Kim Stuart** (Plaintiff's friend) | To be contacted through Plaintiff's counsel. | Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection. |
| **Kyle Montgomery** (Plaintiff's former employer) | To be contacted through Plaintiff's counsel. | Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection. |
| **RJ (Robert) Ruiz** (Plaintiff's friend) | To be contacted through Plaintiff's counsel. | Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection. |
| **Ali Johnson** (Plaintiff's friend) | To be contacted through Plaintiff's counsel. | Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection. |
| **Amber St. Germain** (Plaintiff's friend) | To be contacted through Plaintiff's counsel. | Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection. |
| **Vanessa A. Hajzus, PA-C** | Roper St. Francis Physician Partners Ob/Gyn 3510 N. Highway 17, Ste 225 Mount Pleasant, SC 29466 | Plaintiff's Medical Provider. Knowledge of administration of Gardasil to Plaintiff and case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection. |
| **Frank A. Cuoco Jr., M.D.** | Charleston Heart Specialists | Plaintiff's Medical Provider. Knowledge of the case specific |

| Name | Contact Information | Subject Matter of Discoverable Information |
|------|---------------------|-------------------------------------------|
|  | Trident Medical Center 9304 Medical Plaza Dr., Suite D Charleston, SC 29406-9143 | facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Christopher McCarty, M.D.** | Trident Medical Center 9330 Medical Plaza Drive Charleston, SC 29406 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Lindsey Kathleen Jennings, M.D.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Megan L. Hilbert, M.D.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Eric R. Powers, M.D.** | Medical University of South Carolina 25 Courtenay Drive Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| | | Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Thomas Gerard Disalvo, M.D.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Mona Haj, M.D.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Nicholas John Connors, M.D.** | Medical University of South Carolina 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Emily Hodskins, M.D.** | Medical University of South Carolina 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| **Michael R. Gold, M.D.** | Medical University of South Carolina 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **John Marcus Wharton, M.D.** | Medical University of South Carolina 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Marc Thomas Bartman, M.D.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Elizabeth Eleanor Barton, M.D.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Ashlyn Holstein Savage, M.D.** | Medical University of South Carolina 169 Ashley Ave., Suite H102 MSC 250 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| | Charleston, SC 29425 | Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Michele K. Saums, M.D.** | Medical University of South Carolina 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Serhan Karvar, M.D.** | Medical University of South Carolina 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Cynthia Oliva, M.D.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Chloe P. Regalado, D.O.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| | | conditions relating to the injuries. |
| **Steven H. Saef, M.D.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Gregory Alan Hall, M.D.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Evan M. Verplancken, M.D.** | Medical University of South Carolina Emergency Department 169 Ashley Ave., Suite H102 MSC 250 Charleston, SC 29425 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Jennifer Sexton, PA-C** | Doctors Care 1818 Henderson St. Columbia, SC 29201-2619 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Susan Cao, M.D.** | Doctors Care 1818 Henderson St. | Plaintiff's Medical Provider. Knowledge of the case specific |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
|  | Columbia, SC 29201-2619 | facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Julie Casasco, M.D.** | Doctors Care 1818 Henderson St. Columbia, SC 29201-2619 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **John Ward, M.D.** | Doctors Care 1818 Henderson St. Columbia, SC 29201-2619 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Elizabeth Powell, PA** | Doctors Care 1818 Henderson St. Columbia, SC 29201-2619 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **David Garrell, M.D.** | Doctors Care 1818 Henderson St. Columbia, SC 29201-2619 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| | | Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Kayla DeCristofano, PA** | Doctors Care 1818 Henderson St. Columbia, SC 29201-2619 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Joel Moore, M.D.** | East Cooper Medical Center 2000 Hospital Drive Mt. Pleasant, SC 29464 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Thomas Coleman, M.D.** | East Cooper Medical Center 2000 Hospital Drive Mt. Pleasant, SC 29464 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **John Sorrell, M.D.** | East Cooper Medical Center 2000 Hospital Drive Mt. Pleasant, SC 29464 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| **Ronald Turner Jr., M.D.** | Roper Hospital 316 Calhoun Street Charleston, SC 29401 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Alejandro Suarez, M.D.** | Roper Hospital 316 Calhoun Street Charleston, SC 29401 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Daniel Ethan Lewis, M.D.** | Roper Hospital 316 Calhoun Street Charleston, SC 29401 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **John Walters, M.D.** | Roper Hospital 316 Calhoun Street Charleston, SC 29401 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, the injuries Plaintiff sustained as a result of her Gardasil injection, and Plaintiff's treatments for the constellation of symptoms and conditions relating to the injuries. |
| **Reena John, M.D.** | Dyer Family Practice South 14785 West 101st Avenue | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, Plaintiff's state of |

| Name | Contact Information | Subject Matter of Discoverable Information |
|------|---------------------|-------------------------------------------|
| | Dyer, IN 46311-3371 | health prior to her Gardasil injection. |
| **Akili Brown, M.D.** | Dyer Family Practice South 14785 West 101st Avenue Dyer, IN 46311-3371 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, Plaintiff's state of health prior to her Gardasil injection. |
| **Bo Ra Nam, M.D.** | Franciscan Physician Network Crown Point Health Center 12800 Mississippi Pkwy, Suite B201 Crown Point, IN 46307-6902 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, Plaintiff's state of health prior to her Gardasil injection. |
| **Yukmei Rebecca Lam, M.D.** | Franciscan Physician Network Schererville Health Center (Ob/Gyn) 7310 W. Lincoln Hwy Crown Point, IN 46307-9528 | Plaintiff's Medical Provider. Knowledge of the case specific facts of the case, including but not limited to, Plaintiff's state of health prior to her Gardasil injection. |

In addition, Plaintiff identifies the following partial list of current and former employees of Defendants Merck & Co., Inc., and Merck Sharp & Dohme Corp (collectively "Merck") who had responsibilities related to the development, research, marketing, labeling and safety surveillance of Gardasil:

| Name | Contact Information | Subject Matter of Discoverable Information |
|------|---------------------|-------------------------------------------|
| **Eliav Barr, M.D.** Executive Director for Clinical Research of Gardasil Played a prominent role in the development of Gardasil | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| **Al Saah, M.D.**<br><br>Senior Principal Scientist and Director for Gardasil<br><br>Had multiple responsibilities for Gardasil | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Adrian Dana, M.D.**<br><br>Senior Director in Clinical Risk Management Safety Surveillance<br><br>Responsible for Gardasil Safety Surveillance | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Fabio Lievano, M.D.**<br><br>Executive Director in Clinical Safety and Risk Management<br><br>Responsible for Gardasil Safety Surveillance | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Bernhard Heiles, M.D.**<br><br>Executive Director in Clinical Safety and Risk Management<br><br>Responsible for Gardasil Safety Surveillance | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. . | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Veronica Urdaneta, M.D.**<br><br>Senior Principal Scientist/Physician in Clinical Safety and Risk Management<br><br>Responsible for Gardasil Safety Surveillance | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Rituparna (Rita) Das, M.D.** | Contact information presently unknown to | Believed to have information concerning the |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| Clinical Director for Gardasil Vaccine<br><br>Responsible for Gardasil's clinical studies and research | Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Alain Luxembourg, M.D.,**<br><br>Director of Clinical Research, Infectious Disease/Vaccines<br><br>Responsible for Gardasil's clinical studies and research | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Patrick Brill-Edwards, M.D.**<br><br>Director of Regulatory for Gardasil | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Janine Bryan**<br><br>A Lead Scientist for Gardasil Vaccine | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Barry Buckland, Ph.D**<br><br>VP at Merck and member of the team that developed Gardasil | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Kathrin U. Jansen, Ph.D**<br><br>Lead researcher on Gardasil and involved in the development of Gardasil | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| | | for Gardasil. |
| **Michael Caufield**<br><br>Senior Director at Merck and author of multiple Gardasil publications authored by Merck | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Kathryn Hofmann**<br><br>A director for the development of the Gardasil vaccine | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **David Schechter**<br><br>Vice President Chronic Care Sales<br><br>Responsible for Gardasil marketing and sales | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Melissa Leonard**<br><br>Former Senior Director of Vaccine Finance<br>Responsible for financial aspects of Gardasil's development | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Richard Haupt, M.D.**<br><br>Head of Global Medical Affairs for Vaccines and Infectious Diseases<br>Responsible for aspects of the Gardasil program | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| **Walter Straus, M.D.** <br><br> Associate VP of the Gardasil Clinical Safety and Risk Management | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **John Boslego, M.D.** <br><br> Former Department Head for clinical development of new vaccines and maintenance of approved vaccines worldwide, including the Gardasil vaccine | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Jeffrey Chodakewitz, M.D.** <br><br> Former VP for Infectious Disease and Vaccine Clinical Research <br><br> Merck executive who oversaw Gardasil program | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Keith Gottesdiener, M.D**. <br><br> Former Head of Early Development <br><br> Responsible for early development of the Gardasil vaccine | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Kevin Russell, M.D.** <br><br> Executive Director of Clinical Research and Vaccines (including Gardasil) | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Kelley Dougherty** <br><br> Former Director of Global Human Health | Contact information presently unknown to Plaintiff, but likely known | Believed to have information concerning the research, development, |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| Communications (Vaccines) Responsible for marketing and launch of Gardasil | to Merck as these are current and/or former employees of Merck. | design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Marie Allende** Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Michael Armstrong** Member of the team responsible for Gardasil's pre-clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Walter Bagdon** Member of the team responsible for Gardasil's pre-clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Oliver Bautista** Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Ulrike Kirsten Buchwald** Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| | | for Gardasil. |
| **Xiaoyin Fan**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Elisabeth Garner**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Christine Gause**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Katherine Giacoletti**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Dayla Guris**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Lynn Khosrowshahi** | Contact information | Believed to have |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| Member of the team responsible for Gardasil's clinical trials | presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Lee-Lian Kim**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Victoria Kindt**<br><br>Member of the team responsible for Gardasil's pre-clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Kai-Li Liaw**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Huiling Li**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Brooke Marshall**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy |

| Name | Contact Information | Subject Matter of Discoverable Information |
|---|---|---|
| | employees of Merck. | issues and/or safety issues for Gardasil. |
| **Thomas Monticello**<br><br>Member of the team responsible for Gardasil's pre-clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Nemisha Patel**<br><br>Member of the team responsible for Gardasil's pre-clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Patrick Darryl**<br><br>Member of the team responsible for Gardasil's pre-clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **David Radley**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Radha Railkar**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |

| Name | Contact Information | Subject Matter of Discoverable Information |
|------|---------------------|-------------------------------------------|
| **Carlos Sattler**<br><br>Member of the team responsible for Gardasil's clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Matthew van Zwieten**<br><br>Member of the team responsible for Gardasil's pre-clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Jayanthi Wolf**<br><br>Member of the team responsible for Gardasil's pre-clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |
| **Jimmy Yu**<br><br>Member of the team responsible for Gardasil's pre-clinical trials | Contact information presently unknown to Plaintiff, but likely known to Merck as these are current and/or former employees of Merck. | Believed to have information concerning the research, development, design, labeling, marketing, manufacturing, efficacy issues and/or safety issues for Gardasil. |

In addition, Plaintiff includes as part of these disclosures all other relevant medical providers and witnesses identified in Plaintiff's medical records. Plaintiff further includes as part of her disclosures, all individuals (current and former employees), that Merck's counsel identified in Exhibits A and B attached to a May 3, 2019 e-mail sent to Plaintiff's counsel, which exhibits were subsequently filed with the Court in *Robi v. Merck & Co., Inc., et al*., Case No. BC628589 (Los Angeles Superior Court). Plaintiff also includes as part of these disclosures all persons identified in Merck's Initial

Disclosures in this case and any other present or former employees or consultants of Merck involved in the research, development, design, labeling, marketing, advertising, safety/efficacy analysis and monitoring, and regulatory aspects of Gardasil.  Plaintiff also includes as part of these disclosures all persons who are subsequently identified in discovery by Plaintiff or Merck.  The foregoing is a partial list of witnesses Plaintiff believes have knowledge and/or information related to the issues in this litigation.  As discovery continues and after Plaintiff has had a reasonable opportunity to review all of the documents related to this matter, including those that have yet to be produced, Plaintiff may identify additional individuals who have knowledge regarding this matter.  Additional witnesses, including expert witnesses, will be identified in accordance with the Federal Rules of Civil Procedure.

     B.     **Description of Documents**

Pursuant to FRCP 26(a)(1)(A)(ii), Plaintiff hereby identifies the documents within her possession, custody, or control that she may use to support her claims.  To the extent the documents are not already in the possession, custody or control of Merck, Plaintiff will produce such documents upon entry of an acceptable protective order.  Nothing in these initial disclosures is intended to constitute a concession that any identified document is admissible evidence.  Plaintiff reserves the right to supplement this response as discovery proceeds.

1. Select photographs of Plaintiff, including but not limited to, photographs that depict and chronicle some of Plaintiff's Gardasil-induced injuries, and resulting tests and treatments for her injuries. These photographs are currently in Plaintiff's possession and/or in the custody of Plaintiff's health care provider. Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of these photographs.

2. Portions of Medical records from Roper St. Francis Physician Partners Ob/Gyn that are currently in Plaintiff's possession and in the custody of Plaintiff's health care provider. Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of her more complete relevant medical records.

3. Portions of Medical records from Charleston Heart Specialists that are currently in Plaintiff's possession and in the custody of Plaintiff's health care provider.  Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of

her more complete relevant medical records.

4.    Portions of Medical records from Trident Medical Center that are currently in Plaintiff's possession and in the custody of Plaintiff's health care provider.  Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of her more complete relevant medical records.

5.    Portions of Medical records from Medical University of South Carolina that are currently in Plaintiff's possession and in the custody of Plaintiff's health care provider.  Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of her more complete relevant medical records.

6.    Portions of Medical records from Doctors Care that are currently in Plaintiff's possession and in the custody of Plaintiff's health care provider.  Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of her more complete relevant medical records.

7.    Portions of Medical records from East Cooper Medical Center that are currently in Plaintiff's possession and in the custody of Plaintiff's health care provider.  Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of her more complete relevant medical records.

8.    Portions of Medical records from Roper Hospital that are currently in Plaintiff's possession and in the custody of Plaintiff's health care provider.  Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of her more complete relevant medical records.

9.    Portions of Medical records from Dyer Family Practice South that are currently in Plaintiff's possession and in the custody of Plaintiff's health care provider.  Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of her more complete relevant medical records.

10.    Portions of Medical records from Franciscan Physician Network – Crown Point Health Center that are currently in Plaintiff's possession and in the custody of Plaintiff's health care provider.  Once a protective order is in place, Plaintiff will agree to execute

authorizations for the release of her more complete relevant medical records.

11.   Portions of Medical records from Franciscan Physician Network – Schererville Health Center that are currently in Plaintiff's possession and in the custody of Plaintiff's health care provider.  Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of her more complete relevant medical records.

12.   Additional and more complete relevant medical records will likely be in the possession, custody, or control of Plaintiff's other relevant medical providers who have been identified in this Initial Disclosure or are otherwise further identified in Plaintiff's medical records. Once a protective order is in place, Plaintiff will agree to execute authorizations for the release of her more complete relevant medical records.

13.   Upon entry of an appropriate protective order, Plaintiff's counsel reserves the right to rely upon documents that Merck has produced or will produce in other pending or future personal injury litigations involving the Gardasil vaccine, including but not limited to any documents produced by Merck in: *Robi v. Merck & Co., Inc., et al*., Case No. BC628589 (Los Angeles County, California Superior Court); *Otto v. Merck & Co., Inc. et al*., Case No. 30-2020-01160496 (Orange County, California Superior Court); *Balasco v. Merck & Co., Inc., et al*., Case No. 20-cv-00364 (D.R.I.); and *Walker v. Merck & Co., Inc.*, Case No. 20-cv-01048 (W.D.Wis.).

14.   Plaintiff also anticipates relying upon expert reports and any foundational material relied upon by her designated experts, all of which will be subsequently provided and identified in compliance with and pursuant to FRCP Rule 26(a)(2) and any scheduling order issued by the Court.

15.   Any additional documents that are in the possession of Merck or other third parties, which are produced through discovery.

The foregoing is not an exhaustive list of the documents Plaintiff intends to rely on in this litigation.  As discovery continues and after Plaintiff has a reasonable opportunity to review all of the documents related to this matter, including those that have yet to be produced, Plaintiff may provide an additional list of documents responsive to this category.

C.      **Computation of Each Category of Damages**

Pursuant to FRCP 26(a)(1)(A)(iii), Plaintiff discloses the following categories of damages

claims: (1) general damages according to proof for injuries resulting from the Gardasil vaccine,

including but not limited to, postural orthostatic tachycardia syndrome ("POTS"), chronic migraines,

tachycardia, vertigo, pityriasis rosea, and other physical injuries and impairment, pain, suffering, loss

of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress (the amount of

non-economic general damages Plaintiff has sustained is within the province of the jury); (2) punitive

damages (the amount of punitive damages that should be awarded based upon the malicious,

fraudulent and reprehensible nature of Merck's conduct and in consideration of Merck's net worth, is

within the province of the jury); (3) special damages according to proof of expenses for all types of

injuries Plaintiff sustained as a result of the Gardasil vaccine, including past and future medical

expenses, loss of earnings, and loss of earning capacity (the exact amount of economic damages

Plaintiff will be seeking has not yet been fully determined as discovery is ongoing and a full

calculation of Plaintiff's past and future economic damages will require expert opinion, which will be

supplied when Plaintiff makes her expert disclosures pursuant to FRCP Rule 26(a)(2)); (4) costs of

suit; and such other and further relief as the Court deems just and proper.

Plaintiff is unable to calculate the precise amount of actual damages at this time since they

depend upon, among other things, discovery of Plaintiff's medical expenses, and a determination of the

appropriate amount of compensatory damages for pain, suffering, and emotional distress by a trier of

fact.  Information concerning Plaintiff's past medical expenses will be obtained and produced from

Plaintiff's medical providers and relevant third parties.  Information concerning Plaintiff's future

medical expenses, her future loss of income and income capacity will be provided by expert testimony.

Plaintiff will make her disclosures concerning precise computation of damages claimed at an

appropriate time for expert disclosures pursuant to FRCP 26(a)(2).  Plaintiff reserves the right to

supplement this response as discovery proceeds.

D.      **Defendants' Liability Insurance Information**

Not applicable to Plaintiff.  Information responsive to this category is in the exclusive

possession, custody and control of Merck and should be produced and provided by Merck as part of its

Initial Disclosures.

Dated:  January 12, 2022

BAUM HEDLUND ARISTEI &
GOLDMAN P.C.

/s/ *Nicole K.H. Maldonado*
Nicole K.H. Maldonado (*Admitted Pro Hac Vice*)
nmaldonado@baumhedlundlaw.com
Bijan Esfandiari (*Admitted Pro Hac Vice*)
besfandiari@baumhedlundlaw.com
Michael L. Baum (*Admitted Pro Hac Vice*)
mbaum@baumhedlundlaw.com
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
Telephone: (310) 207-3233
Facsimile:  (310) 820-7444

Misty B. O'Neal (Fed. I.D.#12262)
moneal@rpwb.com
Elizabeth Middleton Burke (Fed. I.D. #7466)
bburke@rpwb.com
ROGERS, PATRICK, WESTBROOK &
BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mount Pleasant, SC 29464
Telephone: (843) 727-6500
Facsimile: (843) 216-6509

Robert F. Kennedy, Jr. (*Admitted Pro Hac Vice*)
robert.kennedyjr@childrenshealthdefense.org
Kennedy & Madonna, LLP
48 Dewitt Mills Rd
Hurley, NY 12443
(845) 481-2622
Facsimile: (845) 230-3111

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, January 12, 2022, a true and correct copy of the foregoing

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL**

**PROCEDURE 26(a)(1)** was served on the following counsel of record via electronic mail:

| | |
|---|---|
| Robert H. Hood Jr.<br>**HOOD LAW FIRM LLC**<br>172 Meeting Street<br>Charleston, SC 29401<br>Telephone: (843) 577-4435<br>Fax: (843) 722-1630<br>E-mail: bobbyjr.hood@hoodlaw.com | *Attorney for* DEFENDANT MERCK &<br>CO., INC. AND MERCK SHARP &<br>DOHME CORP |

Additional email for e-service:
kimberly.draper@hoodlaw.com

| | |
|---|---|
| Dino S. Sangiamo (*pro hac vice application forthcoming*)<br>Christina L. Gaarder (*pro hac vice application forthcoming*)<br>**VENABLE LLP**<br>750 E. Pratt Street, Suite 900<br>Baltimore, MD 21202<br>Telephone: (312) 681-6000<br>Fax: (410) 244-7742<br>E-mail: dssangiamo@venable.com<br>E-mail: clgaarder@venable.com | *Attorney for* DEFENDANT MERCK &<br>CO., INC. AND MERCK SHARP &<br>DOHME CORP |

Additional email for e-service:
JTomaselli@goldmanismail.com

/s/ Valeriya Adlivankina
Valeriya Adlivankina