## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JULIA BALASCO,

        Plaintiff,

     v.                          Case No. 1:20-cv-00364-MSM-PAS

MERCK & CO., INC., a New Jersey
Corporation; and MERCK SHARP &
DOHME CORP, a New Jersey Corporation,

        Defendants.

### JOINT MOTION TO AMEND THE COURT'S SCHEDULING ORDER

For the reasons stated more fully below, Plaintiff Julia Balasco ("Plaintiff") and Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively, "Merck"), jointly and respectfully request that this Court extend the deadlines set forth in the Court's August 16, 2021 Pretrial Scheduling Order (Dkt. 27).  The parties have not previously requested an extension of any deadlines in this matter.

During the course of fact discovery, Plaintiff and Merck have worked diligently to collect and review records.  Merck propounded discovery on Plaintiff on August 2, 2021, and Plaintiff responded with written discovery on September 1, 2021.  Additionally, with authorizations supplied by the Plaintiff, Merck has collected the medical records from 24 providers and has worked with the clerk's office in the United States Court of Federal Claims to obtain the filings made by both the Plaintiff and the attorneys for the government in Plaintiff's Vaccine Court case.

Plaintiff, for her part, has propounded, in total, 99 requests for production ("RFPs"), 8 interrogatories, and 6 requests for admission ("RFAs") on Merck.  Plaintiff propounded 75 RFPs on June 11, 2021, and Merck responded on July 28, 2021.  Later, on December 8, 2021, Plaintiff

propounded the remaining 24 RFPs, as well as the 8 interrogatories and 6 RFAs.  Merck responded to these discovery requests on January 21, 2022.  Merck has produced 874,975 documents (over 8,302,301 pages) and native files that would equate to tens of millions of pages of additional documents.  In addition to making productions from 48 custodial files, Merck has produced the relevant portions of the Gardasil and Gardasil-9 regulatory files as well as other non-custodial sources of data (*e.g.,* Standard Operating Procedures, adverse event data, VAERs forms).  Merck's document collection and review efforts are on-going with various other non-custodial sources of materials slated for production including, but not limited to, CIOMS forms, Physician Information Request forms, and various marketing and promotional materials.  These documents are (and will be) available to the Plaintiff in this case and in the other POTS-related Gardasil cases.

Merck and Plaintiff's counsel worked for much of December to schedule the depositions of Plaintiff's mother and the relevant physicians.  Merck also intended to take the depositions of Plaintiff's father and Plaintiff.  The parties had planned to take those depositions in January 2022.

In a very sad turn of events, Plaintiff, who is 21 years old, lost her father, a material witness in the case, to Covid-19 at the end of December.  Given this, the depositions scheduled for January were postponed and have not yet been rescheduled.

Based on the foregoing, the parties request that the Pretrial Scheduling Order be amended as follows:

|  | Current Pretrial Scheduling Order | Jointly Requested Extension |
| --- | --- | --- |
| Fact Discovery Closes | February 4, 2022 | October 3, 2022 |
| Plaintiff Expert Disclosures | March 4, 2022 | November 18, 2022 |
| Defendant Expert Disclosures | April 4, 2022 | December 21, 2022 |

| Expert Discovery Closes | June 30, 2022 | February 3, 2023 |
| --- | --- | --- |
| *Daubert* Motions Due | | March 28, 2023 |
| Dispositive Motions Due | August 1, 2022 | 30 days after the Court's *Daubert* ruling |

The parties believe that this schedule is realistic given the volume of documents that have been produced and collected and the minimum time plaintiff's counsel and her consultants have indicated they will require to review the documents, depose necessary witnesses and complete discovery.  This schedule will also permit the Balasco family to have some time before having to address the needs of the litigation.

Additionally, as this is one of a number of Gardasil-related cases that have been filed by the same Plaintiff's firm, Merck and Plaintiff's counsel have been negotiating and communicating about ways to conserve resources and reduce costs.  To that end, the parties have agreed to custodial file search terms, the identity of custodial files that Merck has/will produce, and the sharing of documents across the cases.  Additionally, the parties have agreed to depose fact witnesses and experts only once, limit the number of Merck witness depositions, and limit the time to conduct depositions.  The above schedule will permit the parties to realize those efficiencies by allowing for the orderly production and review of documents and the adequate time to conduct the deposition of both general and case-specific witnesses.

For all of the foregoing reasons, the parties respectfully request that the Court amend the Pretrial Scheduling Order as set forth in the accompanying proposed order.

Dated: February 3, 2022                    Respectfully submitted,

/s/  Paul E. Dwyer
Paul E. Dwyer (#3956)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
117 Metro Center Blvd., Ste. 1004
Warwick, RI 02886
t. 401-298-9010
f. 401-921-2134
pdwyer@mdmc-law.com

and

Dino S. Sangiamo (*Pro Hac Vice*)
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
t.  410-244-7679
f.  410-244-7742
dssangiamo@venabl.com

*Attorneys for Defendants*

/s/ Christopher E. Hultquist
Christopher E. Hultquist
**Hultquist Law, P.C.**
56 Pine Street, Suite 200
Providence, Rhode Island 02903
hultquistlaw@gmail.com

Michael L. Baum (*Pro Hac Vice*)
Bijan Esfandiari (*Pro Hac Vice*)
Nicole N.H. Maldonado (*Pro Hac Vice*)
**BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.**
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
mbaum@baumhedlundlaw.com
besfandiari@baumhedlundlaw.com
nmaldonado@baumhedlundlaw.com

*Attorneys for Plaintiff*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 3rd day of February, 2022, foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/  Paul E. Dwyer
Paul E. Dwyer (#3956)