## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SAHARA WALKER, | Case No. 3:20-cv-01048-jdp |
| Plaintiffs, | |
| vs. | |
| MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation, | |
| Defendants. | |

## PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER; DECLARATION OF BIJAN ESFANDIARI; [PROPOSED] ORDER

Plaintiff Sahara Walker ("Ms. Walker" or "Plaintiff") respectfully submits this *Ex Parte* Application for an Order Modifying the Scheduling Order established in this Court's February 2, 2021 Preliminary Pretrial Conference Order (Dkt. 18).

Good cause exists for this modification of the existing scheduling order.  This is because: (1) there is no dispute regarding Plaintiff's diligence in assisting the Court in creating a workable scheduling order; (2) Plaintiff will not be able to comply with the June 30, 2022, discovery cut off and the March 4, 2022 Plaintiff expert disclosure deadlines, despite her diligent efforts to comply; and (3) Plaintiff diligently brings this *Ex Parte* Application prior to the expiration of the deadlines and after numerous unsuccessful meet and confer efforts.

As outlined herein, given the pace in which Merck has produced its responsive documents and the volume of documents, Plaintiff needs additional time to review the documents, initiate depositions, complete discovery, and prepare her expert reports.  Notably, while Plaintiff served her discovery requests in April 2021, Merck did not produce responsive documents to Plaintiff's Requests for Production in this case, but, in September 30, 2021, Merck began producing documents in another Gardasil-related case, *Gramza v. Merck*, Case No. 20-cv-

01425 (D. Ariz.).  Merck agreed that Ms. Walker, who is represented by the same counsel as the plaintiff in the *Gramza* matter, can rely on documents produced in that Gardasil-related case. Merck's production in the *Gramza* matter has been made on a rolling basis, with an additional 1.2 million pages being produced as recently as February 3rd and February 15th of 2022.

 Since September 2021, Merck has produced approximately 3 million pages of documents in *Gramza*.  And, in a separate Gardasil-related case pending in California state court (*Robi v. Merck*, LASC Case No. BC628589), Merck has produced a total of approximately 20 million pages of Gardasil documents.  Merck also agreed Ms. Walker can rely on documents produced in the *Robi* case.  Given the volume of documents, and the fact that more than a million pages were just produced in the last three weeks, Plaintiff respectfully seeks approximately an eight-month continuance of some of the pre-trial dates.

This matter is being brought on an *ex parte* basis because there is no time to file a regularly-noticed motion to modify the scheduling order before the rapidly approaching close of fact discovery deadline of June 30, 2022 and the March 4, 2022 Plaintiff expert disclosure deadline.  This is Plaintiff's first request to modify the scheduling order.

This Application is based upon the attached Memorandum of Points and Authorities, the Declaration of Bijan Esfandiari, and accompanying exhibits, and upon such other and further matters as may properly come before the Court.

Dated: February 28, 2022                **BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.**

                                         By:  */s/ Bijan Esfandiari*
                                              Bijan Esfandiari (*Admitted Pro Hac Vice*)
                                              besfandiari@baumhedlundlaw.com
                                              10940 Wilshire Blvd., Suite 1600
                                              Los Angeles, CA 90024
                                              Telephone: (310) 207-3233
                                              Facsimile: (310) 820-7444

                                              *Attorney for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

Plaintiff initiated the present action against defendants Merck & Co., Inc., and Merck Sharp & Dohme Corp. (collectively "Merck"), alleging she sustained autoimmune disease, including Postural Orthostatic Tachycardia Syndrome ("POTS") Orthostatic Hypotension ("OH"), Neurocardiogenic Syncope ("NCS") Dysautonomia, and other serious illnesses, as a result of a Gardasil injection she received when she was a minor. Merck is the manufacturer and promoter of Gardasil.

Plaintiff filed her Complaint (Dkt. 1) on November 18, 2020. Plaintiff met and conferred with Merck regarding case management deadlines (Esfandiari Decl. ¶¶ 3-4), and later participated in a Rule 26(f) Scheduling Conference held on January 22, 2021. *See* Dkt. 17. Then, on February 3, 2021, the Court entered a Preliminary Pretrial Conference Order (Dkt. 18), setting various pre-trial deadlines, including among others, a discovery cut-off of June 30, 2022, Plaintiff's expert disclosure deadline on March 4, 2022, and a dispositive motion deadline of May 2, 2022.

Plaintiff served 65 Requests for Production of Documents ("RFPs") on April 15, 2021. Esfandiari Decl. ¶ 5. Merck responded to these RFPs on or about June 3, 2021, but did not produce *any* responsive documents. *Id.* Because counsel for Ms. Walker is also counsel for plaintiffs in other Gardasil-related cases filed in other jurisdictions, Merck and Plaintiff's counsel agreed that Ms. Walker can rely on documents produced in those other Gardasil-related cases. *Id.* at ¶ 6.

On September 30, 2021, Merck began its production of documents for requests specifically propounded in another Gardasil-related case, *Gramza v. Merck*, Case No. 20-cv-01425 (D. Ariz.) . *Id.* at ¶ 7. A second production was made on November 17, 2021. *Id.* To be clear, no production has been made specifically in this case. *Id.*

On October 28, 2021 and December 28, 2021, Plaintiff began the process of meeting and conferring on deficiencies identified in Merck's production of documents. *Id.* at ¶ 8. Over the

next few months, Plaintiff's counsel and Merck engaged in extensive meet and confer discussions which are still ongoing.  *Id.*  Plaintiff also served an additional 24 RFPs on December 8, 2021.  *Id.* at ¶ 9.  Merck provided written responses to these RFPs on or about January 24, 2022, but not all responsive documents have been produced.  *Id.*  While meet and confer efforts are ongoing, in the last three weeks, Merck produced an additional one million pages of documents.  *Id.* at ¶ 12.

Moreover, throughout the summer of 2021, the parties met and conferred several times to discuss custodial files, search terms, and to negotiate an ESI protocol and protective order.  *Id.* at ¶ 10.  The parties' stipulated protective order was finalized on June 23, 2021 (Dkt. 21), which was approved and entered by the Court that same day (Dkt. 22).  The parties' ESI protocol was recently submitted for the Court's approval on February 8, 2022 (Dkt. 40) and it was approved and entered by the Court on February 15, 2022 (Dkt. 28).

The production that has occurred to date has been voluminous, but is still incomplete, and a large portion of these documents were produced in the last three weeks.  In sum, the following production has been made:

| Date | Pages |
|------|-------|
| September 30, 2021 | 722,609 |
| November 17, 2021 | 1,135,574 |
| February 3, 2022 | 1,105,237 |
| February 15, 2022 | 121,751 |

As outlined above, since September 30, 2021, Merck has produced approximately 3 million pages of documents in the Gardasil-related *Gramza* case – *and approximately 1.2 million of those pages were produced in the last three weeks*.  Moreover, the parties have agreed that Ms. Walker can rely upon documents that Merck produced in another Gardasil-related case pending in California state court (*Robi v. Merck*, LASC Case No. BC628589).  Esfandiari Decl. ¶¶ 6, 11. In total, among the pending Gardasil cases in which Merck has allowed Ms. Walker to review

4

the same documents, Merck has produced more than 8 million pages and native files that would equate to tens of millions of additional pages – totaling approximately 20 million pages of documents. *Id.* at ¶ 11; Ex. 2 at 8.

Additionally, Merck was still producing responsive documents as of February 15, 2022 and it is still unclear if Merck has finished producing all of its responsive documents. *Id.* at ¶ 12. Moreover, through Plaintiff's document review process, it has also become evident that Merck's document production is deficient, and the parties are continuing to meet and confer on these deficiencies. *Id.* at ¶ 13. The parties are also meeting and conferring on a considerable number of documents that may have been unreasonably redacted. *Id.* If these issues are not resolved through informal means, Plaintiff will need to file appropriate motions with the Court. *Id.* Further, Merck's counsel has indicated it would object to a witness being deposed twice. *Id.* at ¶ 14. This means Plaintiff needs to obtain and review all of the documents before taking depositions, as under Merck's admonitions, Plaintiff will only get one bite at the deposition apple.

Given the volume of discovery that must be completed among the various pending Gardasil cases, since early January, the parties' counsel have had multiple discussions in an attempt to reach an informal coordination of the various pending cases, and contemplated a schedule that is similar to Plaintiff's proposed schedule (below), however, attempts for coordination across the cases unfortunately failed. *Id.* at ¶ 15. Nevertheless, Plaintiff must request a continuance of these dates in order to adequately prosecute her case, and now proposes a case schedule that is consistent with the schedule the parties contemplated during the informal coordination process, and which two other federal courts have approved in two other pending cases, *Balasco v. Merck*, Case No. 20-cv-00364 (D. Rhode Island) and *Gramza v. Merck*, Case No. 20-cv-01425 (D. Ariz.). *See* Esfandiari Decl. ¶¶ 15-18, Ex. 3-5.

Plaintiff has advised Merck of the instant application to modify the scheduling order, given that the informal coordination attempts have been unsuccessful. *Id.* at ¶ 19. Accordingly, Plaintiff requests a continuation of the pre-trial deadlines by approximately eight months in order

to adequately prepare her case for trial.  Given the fast-approaching pre-trial deadlines, Plaintiff must now file the instant request on an *ex parte* basis.  On February 28, 2022, Merck informed Plaintiff that while it agrees to some extension of the current case schedule (including the March 4, 2022 expert disclosure deadline) it does not agree to the approximately eight-month extension that Plaintiff proposes.  *Id.*

## LEGAL STANDARD

Rule 16(b)(4) grants this Court authority to modify the scheduling order for good cause. *Chesemore v. Alliance Holdings, Inc.*, 284 F.R.D. 416, 417 (W.D. Wisc. 2012).  In making this determination, the primary consideration is the diligence of the party seeking amendment. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005); *Larchmont Holdings, LLC. V. North Shore Services, LLC*, 2017 WL 11579702, at *3 (W.D. Wisc. May 10, 2017).

## ARGUMENT

Plaintiff has good cause for seeking a modification to the scheduling order.  First, there is no dispute regarding Plaintiff's diligence in assisting the Court in creating a workable scheduling order given the complex nature of this action.  As outlined above in the statement of facts, Plaintiff met and conferred with Merck regarding the Rule 26(f) scheduling conference and since the Court's entry of the Preliminary Pretrial Conference Order, Plaintiff has met and conferred with Merck regarding continuing the current pretrial schedule.  Esfandiari Decl. ¶¶ 3-4, Ex. 1.

Plaintiff will not be able to comply with the June 30, 2022 discovery cut off and the March 4, 2022 expert disclosure deadline, despite her diligent efforts to comply.  Given the volume of documents produced, the delay in Merck producing the bulk of its documents (including over one million pages of documents produced in the last three weeks), the fact that it is not clear whether Merck has finished its production, and the ongoing meet and confer efforts regarding Merck's deficient document production and its improper redaction of documents, Plaintiff will need additional time to complete discovery.  *See id.* at ¶¶ 12-14.  Plaintiff requires reasonable time to review the millions of pages that have been produced, and the additional

documents that Merck still needs to produce.  *Id.* at ¶ 21.  In addition, once this document review is completed, Plaintiff will need time to complete depositions of Merck's relevant custodians, and any relevant third parties.  *Id.*  Thus, in light of the glacial pace of document production to date and the effect that pace had on other aspects of discovery, it is clear Plaintiff will not be able to comply with the current June 30, 2022 discovery cut-off and March 4, 2022 expert disclosure deadlines.  Furthermore, this noncompliance was not foreseeable to Plaintiff, as Plaintiff propounded the relevant discovery requests in April 2021.  It is now February 2022, and it is unclear whether Merck has finished its production on the various RFPs.

Plaintiff brings this Application before the close of fact discovery and before Plaintiff's expert disclosure deadline.  Plaintiff was diligent in seeking to resolve scheduling issues with Merck's counsel prior to these upcoming deadlines.  Although the parties attempted to informally coordinate the case schedules among other pending Gardasil-related matters, those efforts were unsuccessful.  *Id.* at ¶ 15.  Accordingly, Plaintiff respectfully requests that the Court modify the Scheduling Order by continuing the pre-trial deadlines as follows:

| Action or Event | Scheduling Order Dates | Plaintiff's Proposed Dates |
|---|---|---|
| Close of Discovery | All Discovery: June 30, 2022 | Fact Discovery: October 3, 2022[1]<br><br>Expert Discovery: February 10, 2023 |
| Deadlines for Disclosure of Experts | Plaintiff: March 4, 2022<br><br>Defendant: April 4, 2022<br><br>Rebuttal expert disclosures: April 18, 2022 | Plaintiff: November 18, 2022<br><br>Defendant: December 21, 2022<br><br>Rebuttal expert disclosures: January 10, 2023 |
| Deadline to File Dispositive Motions | May 2, 2022 | March 3, 2023 |

---

[1] Third-party depositions related to Plaintiff's treatment and injuries may be taken after this date by agreement of the parties or for good cause shown.

| Deadline for Submitting Settlement Letters | September 2, 2022 | March 17, 2023 |
|---|---|---|

The foregoing proposed dates will hopefully provide Plaintiff with sufficient time to obtain all the documents Merck has promised to produce, review those documents, conduct depositions, prepare Rule 26 expert reports following the conclusion of discovery, and prepare this case for trial.  In addition, these dates are consistent with *amended* pre-trial deadlines recently approved by two other District Court's overseeing two separate Gardasil-related personal injury cases.  *See* Esfandiary Decl. ¶¶15-18, Ex. 3 & 4 (*Balasco* Request to Amend Scheduling Order and Order Granting Request); Ex. 5  (*Gramza* Order Granting Plaintiff's *Ex Parte* Application to Modify Scheduling Order).

Simply put, it has taken Merck 10 months to produce its responsive documents in other Gardasil-related cases, for Plaintiff's review here, and in February 2022 alone, Merck produced an additional 1.2 million pages of documents in response to Plaintiff's discovery requests. Plaintiff needs equal time to review and analyze these documents (which to date total several million pages), and to take the necessary depositions based on these documents.  Esfandiary Decl. ¶ 20.  Plaintiff should not be prejudiced by the slow pace in which Merck chose to produce its documents—accordingly, Plaintiff respectfully requests approximately an eight-month extension of the pre-trial deadlines as outlined above so that she can have sufficient time to review the documents, complete her discovery and prepare her expert reports.

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court enter an order modifying the Scheduling Order in accordance with the dates set out above in this *Ex Parte* Application.

Dated: February 28, 2022

**BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.**

By:  */s/ Bijan Esfandiari*
    Bijan Esfandiari (*Admitted Pro Hac Vice*)
    besfandiari@baumhedlundlaw.com
    10940 Wilshire Blvd., Suite 1600
    Los Angeles, CA 90024
    Telephone: (310) 207-3233

Facsimile: (310) 820-7444

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| SAHARA WALKER, | Case No. 3:20-cv-01048-jdp |
| Plaintiffs, | |
| vs. | |
| MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation, | |
| Defendants. | |

**DECLARATION OF BIJAN ESFANDIARI IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER**

I, BIJAN ESFANDIARI, declare and state as follows:

1.      I am an attorney and senior shareholder with the law firm of Baum, Hedlund, Aristei & Goldman, P.C., and counsel of record for Plaintiff, Sahara Walker, in this action. I make this declaration based on my personal knowledge and, if called as a witness, I could and would testify competently to these matters.

2.      Plaintiff filed her Complaint on November 18, 2020 and Merck Answered on December 28, 2020.  *See* Docket No. 1 & 6.

3.      On January 19, 2021, I timely and diligently initiated a Rule 26 meeting with Merck's counsel.  When I initiated this meeting of counsel, my office and Merck's counsel were in the process of negotiating the terms of an ESI Order and Protective Order in other Gardasil-related cases, and requested that those orders, when agreed to, would also be used in this case.  Attached hereto as **Exhibit 1** is a true and correct copy of my January 19, 2021 e-mail to Merck's counsel.

4.      Thereafter, throughout various dates in January 2021, I met and conferred with Merck's counsel regarding case management deadlines, which culminated in the submission of the parties' Rule 26 Joint Report on January 29, 2021. *See* Docket No. 17.

5.      Plaintiff served 65 Requests for Production of Documents ("RFPs") on April 15, 2021. Merck responded to these RFPs on or about April 15, 2021, but did not produce *any* responsive

documents.

6.      Because my office is also counsel for plaintiffs in other Gardasil-related cases filed in other jurisdictions, Merck and my office have agreed that Ms. Walker can rely on documents produced in those other Gardasil-related cases.  This includes *Gramza v. Merck*, pending in the USDC for Dist. of Arizona and *Robi v. Merck* pending in California state court.

7.      On September 30, 2021, Merck began its production of documents for requests specifically propounded in *Gramza*, which overlapped, in part, with requests propounded in this action. A second production was made on November 17, 2021. To be clear, no production has been made specifically in this case.

8.      On October 28, 2021 and December 28, 2021, my office began the process of meeting and conferring on deficiencies identified in Merck's production of documents in the Gardasil-related personal injury cases.  Those discussions are ongoing to date.

9.      Plaintiff also served an additional 24 RFPs on December 8, 2021.  *Id*.  Merck responded to these RFPs on or about January 24, 2022, but not all responsive documents have been produced.

10.      Moreover, throughout the summer of 2021, the parties met and conferred several times to discuss custodial files, search terms, and to negotiate an ESI protocol and protective order.

11.      In another pending Gardasil-related case pending in California state court (*Robi v. Merck*, LASC Case No. BC628589), which Merck has agreed my office can use in the instant action, Merck has represented that it has produced more than 8 million pages of documents and native files that would equate to tens of millions of additional pages to my office pertaining to the Gardasil personal injury cases.  Attached hereto as **Exhibit 2** is a true and correct copy of the relevant page(s) of a February 10, 2022, Joint Discovery Plan submitted in another Gardasil action wherein Merck summarized the volume of documents it has produced to date to my office across the various Gardasil actions.

12.      It is unclear whether Merck has finished producing all of the documents it was supposed to produce in response to Ms. Walker's April 2021 discovery requests.  In January 2022, Merck's counsel informed me that they were still not finished producing documents in other Gardasil-related actions (which equally apply to this case) and since then, Merck produced an additional 1.2 million

pages of documents on February 3rd and 15th of 2022.

13.     Moreover, through Plaintiff's document review process, it has also become evident that Merck's document production is deficient, and the parties are continuing to meet and confer on these deficiencies.  The parties are also meeting and conferring on a considerable number of documents that may have been unreasonably redacted.  If these issues are not resolved through informal means, Plaintiff will need to file appropriate motions with the Court.

14.     Merck's counsel has also indicated to me that that Merck would object to a witness being deposed twice.  This means that under Merck's admonition, Plaintiff needs to obtain and review all of the documents before she can begin taking the deposition of Merck's witnesses.

15.     In early January, Merck's counsel and I began having many discussions in an attempt to reach an informal coordination of the various pending cases, and contemplated a schedule that is similar to Plaintiff's proposed schedule in the instant *ex parte* application, however, attempts for coordination across the cases unfortunately failed.  Nevertheless, Plaintiff must request a continuance of these dates in order to adequately prosecute her case, and now proposes a case schedule that is consistent with the schedule the parties contemplated during the informal coordination process, and which two other federal courts have approved in two other pending cases, *Gramza v. Merck*, Case No. 20-cv-01425 (D. Ariz.) and *Balasco v. Merck*, Case No. 20-cv-00364 (D. Rhode Island).

16.     Attached hereto as **Exhibit 3** is a true and correct copy of a joint motion to modify the pre-trial deadlines that my office and Merck filed on February 3, 2022 in another pending Gardasil case *Balasco v. Merck*, Case No. 20-cv-00364 (D. Rhode Island).

17.     Attached hereto as **Exhibit 4** is a true and correct copy of the court's February 4, 2022 Text Order granting the joint motion to modify the pre-trial deadlines as requested by the parties in *Balasco v. Merck*, Case No. 20-cv-00364 (D. Rhode Island).

18.     Attached hereto as **Exhibit 6** is a true and correct copy of the Court's February 24, 2022 Order Granting Plaintiff's *Ex Parte* Application to modify the scheduling order in *Gramza v. Merck*, Case No. 20-cv-01425 (D. Ariz.).

19.     Given that the parties attempts at informal coordination across the cases was unsuccessful, Plaintiff is forced to file the instant *ex parte* application on her own.  I have advised

Merck of the instant application to modify the scheduling order.  On February 28, 2022, counsel for Merck informed me that while it agrees to some extension of the current case schedule (including the March 4, 2022 expert disclosure deadline) it does not agree to the approximately eight-month extension that Plaintiff proposes.

20.     On behalf of plaintiff, Sahara Walker, I respectfully request that this Honorable Court modify the pre-trial deadlines in this case to match most of the pre-trial deadlines in the *Balasco* and *Gramza* cases.  Given the volume of documents produced by Merck; the fact that Merck did not even begin producing its documents until September 30, 2021 and only did so on a rolling basis, with an additional 1.2 million pages being produced in the last three weeks (February 3rd and 15th of 2022); the fact a single deposition has not yet taken place in this action; and I cannot begin to depose Merck's witnesses until I have received and had an opportunity to review the documents, I respectfully ask that the Court continue the pre-trial deadlines as requested by Plaintiff in the accompanying *Ex Parte* Application (which is approximately an eight-month extension of the various pre-trial deadlines).  This requested extension will hopefully give Plaintiff's counsel an adequate opportunity to finish reviewing the documents, obtain any missing and redacted responsive documents, take the necessary depositions, and obtain the necessary expert reports.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  This declaration was executed on the 28th day of February, 2022.

*/s/ Bijan Esfandiari*
Bijan Esfandiari (*Admitted Pro Hac Vice*)

# EXHIBIT 1

**Alarcon, Monique**

---

| | |
|---|---|
| **From:** | Esfandiari, Bijan |
| **Sent:** | Thursday, January 21, 2021 7:51 PM |
| **To:** | Sangiamo, Dino S. |
| **Cc:** | Gaarder, Christina L.; Hall, Cindy; Alarcon, Monique; Maldonado, Nicole; Adlivankina, Valeriya; Healy, Brian J.; Esfandiari, Pedram; Allen C. Schlinsog, Jr. |
| **Subject:** | RE: Walker v. Merck et al. -- Rule 26 Meeting |

Hi Dino – yes tomorrow at 2:30 PST (5:30 your time) works for our Rule 26 call.

**Val** – can you please circulate a zoom invite tomorrow morning.

Thanks

B

---

**From:** Sangiamo, Dino S. <DSSangiamo@Venable.com>
**Sent:** Thursday, January 21, 2021 3:12 PM
**To:** Esfandiari, Bijan <BEsfandiari@BaumHedlundLaw.com>
**Cc:** Gaarder, Christina L. <CLGaarder@Venable.com>; Hall, Cindy <CHall@BaumHedlundLaw.com>; Alarcon, Monique <malarcon@baumhedlundlaw.com>; Maldonado, Nicole <NMaldonado@BaumHedlundLaw.com>; Adlivankina, Valeriya <vadlivankina@baumhedlundlaw.com>; Healy, Brian J. <bjhealy@venable.com>; Esfandiary, Pedram <pesfandiary@baumhedlundlaw.com>; Allen C. Schlinsog, Jr. <ASchlinsog@reinhartlaw.com>
**Subject:** RE: Walker v. Merck et al. -- Rule 26 Meeting

Bijan:  My understanding is that you and Christina have discussed the possibility of tomorrow at 5:30 eastern.  If that works for your side, that works for us.  Please let us know.

Thanks.

Dino

---

**From:** Esfandiari, Bijan <BEsfandiari@BaumHedlundLaw.com>
**Sent:** Tuesday, January 19, 2021 1:50 PM
**To:** Sangiamo, Dino S. <DSSangiamo@Venable.com>
**Cc:** Gaarder, Christina L. <CLGaarder@Venable.com>; Hall, Cindy <CHall@BaumHedlundLaw.com>; Alarcon, Monique <malarcon@baumhedlundlaw.com>; Maldonado, Nicole <NMaldonado@BaumHedlundLaw.com>; Adlivankina, Valeriya <vadlivankina@baumhedlundlaw.com>; Healy, Brian J. <BJHealy@Venable.com>; Esfandiary, Pedram <pesfandiary@baumhedlundlaw.com>
**Subject:** Walker v. Merck et al. -- Rule 26 Meeting

**Caution: External Email**

Hi Dino,

We have a pre-trial conference scheduled to take place on February 3rd in the *Walker* case.  We are required to have our Rule 26 pre-conference meeting completed by January 27th and we must submit a  Discovery Plan to the Court by January 29th .

I am writing to ascertain when you are available to have our Rule 26 conference call.  I am available January 22nd or January 26th.  I strongly suggest we do it on the 22nd so as to give us more time to finalize any loose ends and begin the process of preparing the Discovery Plan.  Please let me know what time on **January 22nd** works best for you, and once confirmed, my office can circulate a Zoom link.

As part of the Rule 26, Plaintiff, Sahara Walker, hereby formally proposes the same ESI Protocol and Protective Order which I previously circulated in November in the Gramza case (subject to any modifications that the parties have jointly agreed to with respect to the proposed ESI and Protective Order).  As you may know Christina and I are still meeting and conferring on both documents (frankly an unusually lengthy meet and confer process), and I intend to have our meet and confer finalized this week.

I look forward to speaking with you and your team on January 22nd – please let me know your preferred time.

Best,

Bijan

**Bijan Esfandiari**

Attorney | Shareholder

📞 (310) 207-3233

🌐 baumhedlund.com

📍 10940 Wilshire Blvd, 17th Floor
   Los Angeles, CA 90024





CONFIDENTIALITY NOTICE -- This electronic mail message may contain confidential information belonging to the sender which is protected by the attorney-client and/or work product privilege. The information is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please purge the received information from your system and immediately notify the sender by telephone and by return e-mail. Thank you. IRS DISCLAIMER: Communications from our firm may contain or incorporate federal tax advice. Under recently promulgated US Internal Revenue Service standards (Circular 230), we are required to inform you that only formal, written tax opinions meeting the requirements of Circular 230 may be relied upon by taxpayers for the purpose of avoiding tax-related penalties. Accordingly, this communication is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax-related penalties under the Internal Revenue Code.

**************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**************************************************************

# EXHIBIT 2



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

STEVEN J. DAROCI
Direct No:  609.844.3034
Email: sdaroci@foxrothschild.com

February 10, 2022

**BY EMAIL (dea_orders@njd.uscourts.gov)**

Honorable Douglas E. Arpert
U.S. Magistrate Judge
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

   Re: *Emma Sullivan v. Merck & Co., Inc., et al.*
     Civil Action No. 3:22-cv-00116-ZNQ-DEA
     <u>Initial Conference Date: February 17, 2022, at 3:30 p.m.</u>

Dear Judge Arpert:

   Enclosed please find the parties' Joint Proposed Discovery Plan for the above action. We look forward to meeting with Your Honor at the Initial Scheduling Conference on February 17, 2022, at 3:30 p.m.

       Respectfully submitted,

       *s/ Steven J. Daroci*

       Steven J. Daroci

Encl.

cc:  All Counsel of Record (by email)

A Pennsylvania Limited Liability Partnership

California Colorado Delaware District of Columbia Florida Georgia Illinois Minnesota Nevada
New Jersey New York North Carolina Pennsylvania South Carolina Texas Virginia Washington

130491214

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMMA SULLIVAN,<br><br>     Plaintiff,<br><br> v.<br><br>MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation,<br><br>     Defendants. | Case No.: 3:22-cv-00116-ZNQ-DEA<br><br>Zahid N. Quraishi, U.S.D.J.<br>Douglas E. Arpert, U.S.M.J.<br><br>**Initial Conference Date:**<br>**February 17, 2022, at 3:30 p.m.** |

### JOINT PROPOSED DISCOVERY PLAN

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

 The parties are represented by the attorneys outlined below.  Bijan Esfandiari on behalf of the Plaintiff EMMA SULLIVAN ("Plaintiff") and Christina L. Gaarder on behalf of the Defendants MERCK & CO., INC. and MERCK SHARP & DOHME CORP. (collectively "Merck") participated in the Rule 26(f) Conference, which took place on February 9, 2022.

| | |
|---|---|
| Laura Feldman, Esq.<br>Feldman & Pinto<br>30 South 15th St., 15th floor<br>Philadelphia, PA 19102<br>Telephone: (215) 546-2604<br>Facsimile:  (215) 744-4475<br>lfeldman@feldmanpinto.com | Attorneys for Plaintiff |

| | |
|---|---|
| Nicole Maldonado (*Pro Hac Vice to be filed*)<br>Bijan Esfandiari (*Pro Hac Vice to be filed*)<br>Michael L. Baum (*Pro Hac Vice to be filed*)<br>BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.<br>10940 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90024<br>Telephone: (310) 207-3233<br>Facsimile: (310) 820-7444<br>nmaldonado@baumhedlundlaw.com<br>besfandiari@baumhedlundlaw.com<br>mbaum@baumhedlundlaw.com | Attorneys for<br>Plaintiff |
| Karen A. Confoy<br>Steven J. Daroci<br>FOX ROTHSCHILD LLP<br>Princeton Pike Corporate Center<br>997 Lenox Drive<br>Lawrenceville, NJ 08648-2311<br>t. (609) 896-3600<br>f. (609) 896-1469<br>kconfoy@foxrothschild.com<br>sdaroci@foxrothschild.com | Attorneys for<br>Merck |
| Dino S. Sangiamo (*pro hac vice* forthcoming)<br>Christina L. Gaarder (*pro hac vice* forthcoming*)<br>VENABLE LLP<br>750 E. Pratt Street, Suite 900<br>Baltimore, MD 21202<br>t.  410-244-7679<br>f.  410-244-7742<br>dssangiamo@venable.com<br>clgaarder@venable.com | Attorneys for<br>Merck |

8.    **The parties have not conducted discovery in this case (however Merck has produced documents to Plaintiff's counsel in *other* pending Gardasil personal injury cases wherein Plaintiff's counsel is also counsel of record).**

This case is one of approximately two dozen Gardasil personal injury cases that have been filed by injured patients against Merck in state and federal courts across the country.  Plaintiff's counsel, Baum Hedlund, is also counsel of record in nearly all the other pending Gardasil personal injury cases and through discovery and motion practice in those other cases, counsel has received various discovery from Merck (including over 8 million pages of documents and native files that would equate to tens of millions of pages of additional documents including but not limited to over 40 custodial files, substantial portions of the regulatory files for both Gardasil and Gardasil 9, and portions of the adverse event files (including all VAERS forms for POTS adverse events) and portions of the clinical trials) which counsel ultimately plans on utilizing in Sullivan's case.

9.    **Proposed joint discovery plan:**

      **a.  Discovery is needed on the following subjects:**

Once Plaintiff's remand motion is adjudicated Plaintiff will initiate formal discovery which she anticipates will proceed in state court as she is optimistic that this personal injury case will be remanded to state court due to the lack of diversity. Once discovery proceeds, Plaintiff will require Merck to produce what is normally obtained in pharmaceutical products liability cases such as this.  The categories

EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JULIA BALASCO, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-00364-MSM-PAS |
| MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP, a New Jersey Corporation, | |
| Defendants. | |

### JOINT MOTION TO AMEND THE COURT'S SCHEDULING ORDER

For the reasons stated more fully below, Plaintiff Julia Balasco ("Plaintiff") and Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively, "Merck"), jointly and respectfully request that this Court extend the deadlines set forth in the Court's August 16, 2021 Pretrial Scheduling Order (Dkt. 27).  The parties have not previously requested an extension of any deadlines in this matter.

During the course of fact discovery, Plaintiff and Merck have worked diligently to collect and review records.  Merck propounded discovery on Plaintiff on August 2, 2021, and Plaintiff responded with written discovery on September 1, 2021.  Additionally, with authorizations supplied by the Plaintiff, Merck has collected the medical records from 24 providers and has worked with the clerk's office in the United States Court of Federal Claims to obtain the filings made by both the Plaintiff and the attorneys for the government in Plaintiff's Vaccine Court case.

Plaintiff, for her part, has propounded, in total, 99 requests for production ("RFPs"), 8 interrogatories, and 6 requests for admission ("RFAs") on Merck.  Plaintiff propounded 75 RFPs on June 11, 2021, and Merck responded on July 28, 2021.  Later, on December 8, 2021, Plaintiff

propounded the remaining 24 RFPs, as well as the 8 interrogatories and 6 RFAs.  Merck

responded to these discovery requests on January 21, 2022.  Merck has produced 874,975

documents (over 8,302,301 pages) and native files that would equate to tens of millions of pages

of additional documents.  In addition to making productions from 48 custodial files, Merck has

produced the relevant portions of the Gardasil and Gardasil-9 regulatory files as well as other

non-custodial sources of data (*e.g.,* Standard Operating Procedures, adverse event data, VAERs

forms).  Merck's document collection and review efforts are on-going with various other non-

custodial sources of materials slated for production including, but not limited to, CIOMS forms,

Physician Information Request forms, and various marketing and promotional materials.  These

documents are (and will be) available to the Plaintiff in this case and in the other POTS-related

Gardasil cases.

 Merck and Plaintiff's counsel worked for much of December to schedule the depositions

of Plaintiff's mother and the relevant physicians.  Merck also intended to take the depositions of

Plaintiff's father and Plaintiff.  The parties had planned to take those depositions in January 2022.

 In a very sad turn of events, Plaintiff, who is 21 years old, lost her father, a material witness

in the case, to Covid-19 at the end of December.  Given this, the depositions scheduled for January

were postponed and have not yet been rescheduled.

 Based on the foregoing, the parties request that the Pretrial Scheduling Order be amended

as follows:

|  | Current Pretrial Scheduling Order | Jointly Requested Extension |
|---|---|---|
| Fact Discovery Closes | February 4, 2022 | October 3, 2022 |
| Plaintiff Expert Disclosures | March 4, 2022 | November 18, 2022 |
| Defendant Expert Disclosures | April 4, 2022 | December 21, 2022 |

| Expert Discovery Closes | June 30, 2022 | February 3, 2023 |
|---|---|---|
| *Daubert* Motions Due | | March 28, 2023 |
| Dispositive Motions Due | August 1, 2022 | 30 days after the Court's *Daubert* ruling |

The parties believe that this schedule is realistic given the volume of documents that have been produced and collected and the minimum time plaintiff's counsel and her consultants have indicated they will require to review the documents, depose necessary witnesses and complete discovery.  This schedule will also permit the Balasco family to have some time before having to address the needs of the litigation.

Additionally, as this is one of a number of Gardasil-related cases that have been filed by the same Plaintiff's firm, Merck and Plaintiff's counsel have been negotiating and communicating about ways to conserve resources and reduce costs.  To that end, the parties have agreed to custodial file search terms, the identity of custodial files that Merck has/will produce, and the sharing of documents across the cases.  Additionally, the parties have agreed to depose fact witnesses and experts only once, limit the number of Merck witness depositions, and limit the time to conduct depositions.  The above schedule will permit the parties to realize those efficiencies by allowing for the orderly production and review of documents and the adequate time to conduct the deposition of both general and case-specific witnesses.

For all of the foregoing reasons, the parties respectfully request that the Court amend the Pretrial Scheduling Order as set forth in the accompanying proposed order.

Dated: February 3, 2022

Respectfully submitted,

/s/  Paul E. Dwyer_____
Paul E. Dwyer (#3956)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
117 Metro Center Blvd., Ste. 1004
Warwick, RI 02886
t. 401-298-9010
f. 401-921-2134
pdwyer@mdmc-law.com

and

Dino S. Sangiamo (*Pro Hac Vice*)
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
t.  410-244-7679
f.  410-244-7742
dssangiamo@venabl.com

*Attorneys for Defendants*

/s/ Christopher E. Hultquist_____
Christopher E. Hultquist
**Hultquist Law, P.C.**
56 Pine Street, Suite 200
Providence, Rhode Island 02903
hultquistlaw@gmail.com

Michael L. Baum (*Pro Hac Vice*)
Bijan Esfandiari (*Pro Hac Vice*)
Nicole N.H. Maldonado (*Pro Hac Vice*)
**BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.**
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
mbaum@baumhedlundlaw.com
besfandiari@baumhedlundlaw.com
nmaldonado@baumhedlundlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of February, 2022, foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/  Paul E. Dwyer_____
Paul E. Dwyer (#3956)

# EXHIBIT 4

**Adlivankina, Valeriya**

| | |
|---|---|
| **From:** | cmecf@rid.uscourts.gov |
| **Sent:** | Friday, February 4, 2022 5:01 AM |
| **To:** | cmecfnef@rid.uscourts.gov |
| **Subject:** | Activity in Case 1:20-cv-00364-MSM-PAS Balasco v. Merck & Co., Inc. et al Order on Motion to Amend/Correct |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Rhode Island

## Notice of Electronic Filing

The following transaction was entered on 2/4/2022 at 8:01 AM EST and filed on 2/4/2022

| | |
|---|---|
| **Case Name:** | Balasco v. Merck & Co., Inc. et al |
| **Case Number:** | 1:20-cv-00364-MSM-PAS |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**TEXT ORDER granting [29] Motion to Amend/Correct; Set/Reset Scheduling Order Deadlines: Factual Discovery to close by 10/3/2022;, Plaintiff Expert Disclosures shall be made by 11/18/2022;, Defendant Expert Disclosures shall be made by 12/21/2022;, Expert Discovery to close by 2/3/2023;, Motions due by 4/28/2023. So Ordered by District Judge Mary S. McElroy on 2/4/2022. (Potter, Carrie)**

**1:20-cv-00364-MSM-PAS Notice has been electronically mailed to:**

Bijan Esfandiari    besfandiari@baumhedlundlaw.com, 5840534420@filings.docketbird.com, 6762175420@filings.docketbird.com, chall@baumhedlundlaw.com, jjoseph@baumhedlundlaw.com, malarcon@baumhedlundlaw.com, mbaum@baumhedlundlaw.com, nmaldonado@baumhedlundlaw.com, vadlivankina@baumhedlundlaw.com

Christopher E Hultquist    hultquistlaw@gmail.com

Deanne L. Miller    deanne.miller@morganlewis.com

Dino S. Sangiamo    dssangiamo@Venable.com

John A McCauley    jamccauley@venable.com

Lisa C. Dykstra    lisa.dykstra@morganlewis.com

Michael L Baum     mbaum@baumhedlundlaw.com

Nicole K.H. Maldonado     nmaldonado@baumhedlundlaw.com

Nicolette Leilani Young     nicolette.young@morganlewis.com

Paul E. Dwyer     pdwyer@mdmc-law.com, cwatts@mdmc-law.com, dbianco@mdmc-law.com, DSSangiamo@Venable.com, jcournoyer@mdmc-law.com, proy@mdmc-law.com

Robert F. Kennedy , Jr.     rfk1954@gmail.com, lgerrish@waterkeeper.org

**1:20-cv-00364-MSM-PAS Notice has been delivered by other means to:**

# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>    vs.<br><br>Jasmyne Gramza,<br><br>              Defendant. | No. CV-20-01425-PHX-DLR<br><br>**ORDER** |

The Court, having reviewed Plaintiff's Application for an Order Modifying the Scheduling Order (Doc. 58), a hearing having been held on the matter, and good cause appearing,

**IT IS ORDERED** that Plaintiff's Application for an Order Modifying the Scheduling Order (Doc. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that the previously issued scheduling order (Doc. 28 and 29) is amended as follows:

| Description | Original Date | New Date |
|---|---|---|
| Close of Fact Discovery | February 28, 2022 | **October 3, 2022** |
| Deadlines for Disclosure of Experts | Plaintiff: March 4, 2022<br><br>Defendant: April 4, 2022 | Plaintiff: **November 18, 2022**<br><br>Defendant: **December 21, 2022** |

|  | Plaintiff's rebuttal expert disclosures: April 19, 2022 | Plaintiff's rebuttal expert disclosures: **January 10, 2023** |
|---|---|---|
| Close of Expert Depositions | May 31, 2022 | **February 10, 2023** |
| Deadline to File Dispositive Motions | June 13, 2022 | **March 3, 2023** |
| Deadline for Engaging in Good Faith Settlement Talks | June 27, 2022 | **March 7, 2023** |

Dated this 24th day of February, 2022.

Douglas L. Rayes
United States District Judge

- 2 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SAHARA WALKER, | Case No. 3:20-cv-01048-jdp |
| Plaintiffs, | |
| vs. | |
| MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER**

The Court, having reviewed Plaintiff's *Ex Parte* Application for an Order Modifying the Scheduling Order, and good cause appearing,

IT IS ORDERED as follows:

Plaintiff's *Ex Parte* Application for an Order Modifying the Scheduling Order is GRANTED, the current schedule governing the parties' pre-trial deadlines [Dkt. 18] is VACATED, and the new schedule is extended as follows:

| Action or Event | Original Date | New Date |
|---|---|---|
| Close of Discovery | All Discovery: June 30, 2022 | Fact Discovery: October 3, 2022[1]<br><br>Expert Discovery: February 10, 2023 |
| Deadlines for Disclosure of Experts | Plaintiff: March 4, 2022<br><br>Defendant: April 4, 2022<br><br>Rebuttal expert disclosures: April 18, 2022 | Plaintiff: November 18, 2022<br><br>Defendant: December 21, 2022<br><br>Rebuttal expert disclosures: January 10, 2023 |

---

[1] Third-party depositions related to Plaintiff's treatment and injuries may be taken after this date by agreement of the parties or for good cause shown.

1

| Deadline to File Dispositive Motions | May 2, 2022 | March 3, 2023 |
| Deadline for Submitting Settlement Letters | September 2, 2022 | March 17, 2023 |

Dated: _____                    _____

                                                                 Hon.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date, February 28, 2022, a true and correct copy of the

foregoing **PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER MODIFYING**

**THE SCHEDULING ORDER; DECLARATION OF BIJAN ESFANDIARI AND**

**SUPPORTING EXHIBITS; [PROPOSED] ORDER** was served on the following counsel of

record via electronic mail:

| | |
|---|---|
| Allen C. Schlinsog, Jr.<br>WI State Bar ID No. 1025656<br>Monica A. Mark<br>WI State Bar ID No. 1082428<br>Reinhart Boerner Van Deuren s.c.<br>1000 North Water Street, Suite 1700<br>Milwaukee, WI 53202<br>Telephone: 414-298-1000<br>Facsimile: 414-298-8097<br>Email: aschlinsog@reinhartlaw.com<br>Email: mmark@reinhartlaw.com | *Attorney for* DEFENDANT MERCK &<br>CO., INC. AND MERCK SHARP &<br>DOHME CORP |
| Christina L. Gaarder (Pro Hac Vice)<br>Sally W. Bryan (Pro Hac Vice)<br>Dino S. Sangiamo (Pro Hac Vice)<br>**Venable LLP**<br>750 East Pratt Street, Suite 900<br>Baltimore, MD 21202<br>Telephone: 410-244-7400<br>Facsimile: 410-244-7742<br>Email: clgaarder@venable.com<br>Email: sbryan@venable.com<br>Email: dssangiamo@venable.com | *Attorney for* DEFENDANT MERCK &<br>CO., INC. AND MERCK SHARP &<br>DOHME CORP |
| Lisa C. Dykstra (Pro Hac Vice)<br>**Morgan Lewis & Bockius LLP**<br>1701 Market St.<br>Philadelphia, PA 19103<br>Telephone: 215.963.4908<br>Fax: 215.963.5001<br>Email: lisa.dykstra@morganlewis.com | *Attorneys for Defendant*<br>MERCK & CO., INC. AND MERCK<br>SHARP & DOHME CORP |

Deanne Lynne Miller (Pro Hac Vice)
Nicolette Leilani Young (Pro Hac Vice)
**Morgan Lewis & Bockius LLP**
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
Telephone: (213) 612-2500
Email: deanne.miller@morganlewis.com
Email: nicolette.young@morganlewis.com

*Attorneys for Defendant*
MERCK & CO., INC. AND MERCK
SHARP & DOHME CORP

*/s/ Bijan Esfandiari*
Bijan Esfandiari (*Admitted Pro Hac Vice*)