**BEFORE THE UNITED STATES JUDICAL PANEL**
**ON MULTIDISTRICT LITIGATION**

**IN RE: GARDASIL PRODUCTS**                                    **MDL NO. _____**
**LIABILITY LITIGATION**

***CORRECTED* MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS PURSUANT
TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED
PRETRIAL PROCEEDINGS**

---

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Panel's Rules of Procedure, the following

Plaintiffs in the following actions respectfully request that all currently filed cases identified in the

Schedule of Actions ("Actions"), as well as any subsequently filed cases involving similar facts or

claims ("tag-along actions") be transferred to the Hon. Judge Douglas L. Rayes of United States

District Court for the District of Arizona (or alternatively to the Hon. Judge James D. Peterson of

United States District Court for the Western District of Wisconsin) for coordinated or consolidated

pretrial proceedings:

- Sahara K. Walker

- Jasmyne Gramza

- Michael A. Colbath

- Mark Thomas on behalf of Z.T.

- Skylee A. Butler

- Emma E. Sullivan

- Savannah M. Flores

- Julia Balasco

- Abigail R. Stratton

- Ashley K. Dalton

- Madelyn G. Malloy

- Corinn McElerney

- Ruby D. Silver

- Ashley Muller

As explained more fully in the accompanying memorandum of law, a Section 1407 transfer of these actions to Judge Rayes in the District of Arizona (or alternatively to Judge Peterson in the District Court for the District of Wisconsin) is appropriate for the following reasons:

1.      Currently, there 34 Actions pending in 25 different judicial districts in the United States alleging similar wrongful conduct by Defendants, Merck & Co., Inc. and Merck Sharpe & Dohme Corp. (collectively "Merck") and all claiming they sustained autoimmune injury as a result of Merck's vaccine, Gardasil.

2.      This Motion is filed by the above-named Plaintiffs in 15 of the 34 Actions.

3.      All of the Actions arise out of a common factual core— Gardasil, which purportedly prevents a handful of strains of the Human Papillomavirus ("HPV"), was defective and deceptively and negligently manufactured, labeled, marketed, and sold by Merck without adequate warnings concerning the risk of autoimmune injury, including autoimmune neurological injuries known as Postural Orthostatic Tachycardia Syndrome (POTS)/Orthostatic Intolerance (OI) associated with Gardasil. Plaintiffs in all the Actions allege they sustained autoimmune injury and nearly all of the Plaintiffs allege they sustained a specific autoimmune neurological/autonomic injury known as POTS/OI.

4.      A transfer and consolidation is warranted to avoid inconsistent pretrial rulings, duplicative discovery obligations, and inconsistent or overlapping rulings, and to promote the just and efficient conduct of this litigation.

5.      Plaintiffs propose that all 34 Actions—and any subsequently filed tag-along actions—be transferred to the United States District Court for the District of Arizona (or alternatively to the Western District of Wisconsin) for coordinated and consolidated pretrial proceedings.

6.      Centralization of these Actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these Actions, will be most convenient for the parties and witnesses, and will promote the interests of justice.

7.      Each Action arises from the same or substantially similar facts involving the testing, manufacture, distribution, marketing, labeling and sale of Gardasil. And each Plaintiff is alleging to have sustained autoimmune injury via the same mechanism of action due to Gardasil.

8.      Transfer of the Actions to a single court for consolidated pretrial proceedings also will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, and permit the cases to proceed to trial more efficiently.

9.      Because discovery in each of the Actions will involve many of the same witnesses and documents, transfer and consolidation also would avoid duplicative discovery to the benefit of Plaintiffs and Defendants.

10.     Given the current number of cases (34) and the number of distinct plaintiffs' firms currently involved (8), along with the number of various judicial districts (25), informal coordination is not feasible and prior attempt to informally coordinate have been unsuccessful.  As outlined in the accompanying memorandum, earlier this year when there were far fewer cases and less firms involved, the undersigned firm and Merck attempted to informally coordinate the initially filed five Gardasil cases, however after a district court refused to adopt the parties' agreed upon pre-trial schedule (which was central to plaintiffs' counsel's agreement to coordinate), and

when Merck saw that the new schedule would prejudice plaintiff (by preventing plaintiff sufficient time to complete discovery and expert work up) Merck abandoned efforts to informally coordinate.

11.     Transfer of the Actions to the District of Arizona is appropriate because the first federal Gardasil autoimmune personal injury action was in the District of Arizona.  Moreover, currently there are three cases pending in the District of Arizona, which is believed to be the District Court tied with the largest number of plaintiffs in the Actions, and Phoenix is an easily accessible city and the District of Arizona is presently not burdened by many MDLs and is believed to have the capacity and resources to successfully guide this litigation.

12.     This Motion is supported by the accompanying Brief, as well as any other materials or oral argument that may be presented to the Panel before or at the time of any hearing on this matter.

WHEREFORE, Plaintiffs respectfully request that the Actions, and all subsequently filed related actions, be transferred to the District of Arizona (or Western District of Wisconsin) for consolidation and coordinated proceedings.

Dated:  April 12, 2022

Respectfully submitted,

*/s/ Bijan Esfandiari*
Bijan Esfandiari (SBN: 223216)
besfandiari@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI, &
GOLDMAN, P.C.
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA  90024
Telephone:  (310) 207-3233
Facsimile:  (310) 820-7444

*Counsel for Plaintiffs Sahara K. Walker,*
*Jasmyne Gramza, Michael A. Colbath, Mark*
*Thomas on behalf of Z.T., Skylee A. Butler,*
*Emma E. Sullivan, Savannah M. Flores,*
*Julia Balasco, Abigail R. Stratton, Ashley K.*
*Dalton, Madelyn G. Malloy, Corinn*
*McElerney, Ruby D. Silver and Ashley*
*Muller*