BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL NO. 3036 |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to Rule 6.3 of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively, "Merck" or "Defendants") hereby request an additional 14 days, up to and including May 20, 2022, to file their response to Plaintiffs' Corrected Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings. (Dkt. No. 3 (the "Motion to Transfer").) In support of this motion, Defendants state as follows:

1.  On April 13, 2022, 14 plaintiffs (the "Movants") moved this Panel for an Order pursuant to 28 U.S.C. § 1407 transferring 33 actions (collectively, the "Subject Actions"), filed in 24 different District Courts, to the District of Arizona or the Western District of Wisconsin for coordinated or consolidated pretrial proceedings. (*See* Dkt. No. 3.)

2.  Defendants' response to this Motion to Transfer is currently due on or before May 6, 2022. (*See* Dkt. No. 6.)

3.  Pursuant to Rule 6.1(e) of the Panel's Rules of Procedure, the Clerk of the Panel has the discretion to enlarge the time periods set forth in the Schedule by the Panel, and the Parties may in turn seek extensions of time under Rule 6.3.

4. Merck has requested Movants' position from Movants' counsel with respect to Merck's requested extension, but Movants' counsel has not expressed a position as of the time of filing. (*See* Declaration of Allyson Julien ("Julien Decl.") ¶ 3.)

5. To Merck's knowledge at this time, the Motion to Transfer here appears to be unprecedented, and Merck therefore requests a brief extension to continue its research and better understand the potentially unique implications of an MDL in this setting. Gardasil is one of the vaccines subject to the requirements of the National Childhood Vaccine Injury Act (the "Vaccine Act"), which establishes an efficient, no-fault system for adjudicating vaccine injury claims in what is commonly called Vaccine Court. *See* 42 U.S.C.A. § 300aa-10 *et seq.* At this time, Merck is unaware of a single example in which litigation commenced after the plaintiff adjudicated his or her claim in Vaccine Court has later been centralized in a federal MDL. (*See* Julien Decl. ¶ 4.) This is unsurprising, as Congress has mandated that claims relating to such vaccines be brought in Vaccine Court, and it is an efficient, no-fault system for compensating alleged injuries related to childhood vaccines. *See* 42 U.S.C.A. § 300aa-11(a)(2). Given the unprecedented nature of the MDL requested by Movants, a brief extension will aid Merck in providing a thorough response to the Motion to Transfer.

6. A brief extension is also warranted to allow investigation of several Subject Actions for which service of process has not been completed. The Motion to Transfer seeks centralization of 33 actions, 16 of which are unserved as of the date and time of this filing. (*See* Julien Decl. ¶ 2.) Merck requests additional time to investigate the claims and purported injuries in the 16 unserved Subject Actions, as the claims and injuries in the 17 remaining Subject Actions (contrary to allegations in Movants' Motion to Transfer) have varied widely from case to case. (*See id.* ¶ 5.) Movants have also alleged that there are additional Vaccine Court claimants who intend to become

plaintiffs in actions in federal district court outside of Vaccine Court and thus potentially subject to the Motion to Transfer. (Motion to Transfer at 2–3.) Merck requests additional time to investigate the publicly available information related to these current Vaccine Court cases in light of Movants' allegations.

7. The Panel has directed the parties to "address [in their briefs] what steps they have taken to pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases)." (Dkt. No. 6.) Counsel for Merck and Movants have been working and continue to work cooperatively in Movants' cases. Since half of the Subject Actions remain unserved, the requested extension will allow additional time for Merck to potentially discuss possibilities for informal coordination with representatives of all Plaintiffs in all Subject Actions.

8. Finally, the Motion to Transfer was filed just before the Easter and Passover holidays, and Merck requests that it be afforded additional time to undertake the actions detailed above.

9. The parties will not be prejudiced by the requested 14-day extension. The Motion to Transfer is not currently scheduled to be heard at the next Panel hearing session on May 26, 2022, and, as shown in the proposed schedule below, the requested extension will allow briefing to conclude well in advance of the following Panel hearing session, which is scheduled for July 28, 2022.

| **Briefing** | **Current Deadline** | **Proposed Amended Deadline** |
|---|---|---|
| Response Brief(s) | May 6, 2022 | May 20, 2022 |
| Movants' Reply | May 13, 2022 | May 27, 2022 |

For the foregoing reasons, and for good cause shown, Defendants respectfully request that the Clerk of the Panel grant this motion and allow Defendants an extension of time of 14 days, up to and including May 20, 2022, to file their response to Plaintiffs' Motion to Transfer as discussed herein and grant them any further relief that is appropriate.

Date: April 21, 2022

   /s/ Allyson Julien
Allyson Julien
ajulien@goldmansimail.com
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
Telephone: (312) 681-6000
Facsimile: (312) 881-5191

*Counsel for Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp.*