**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET NO. 3036** |

**INTERESTED PARTY RESPONSE IN SUPPORT OF
MOTION TO TRANSFER OF ACTIONS PURSUANT TO
28 U.S.C. § 1407 FOR COORDINATED PRETRIAL PROCEEDINGS**

Plaintiff Jeffrey K. Hoddick (D. Haw.) ("Hoddick"), submits this Interested Party Response pursuant to Panel Rule 6.2(e).

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION………………………………………..…………………………….1

II. FACTUAL BACKGROUND………………………………..…………………2

    A. Filed Cases As of May 20, 2022……………………………………...………2

    B. The Subject Cases Allege Substantially the Same Claims Against the Same Defendants…………………………………………...…9

III. ARGUMENT……………………………………………………………….……10

    A. Transfer and Coordination of the Subject Cases is Warranted and Appropriate……………………………………………………………….10

    B. Transfer to the Honorable Douglas L. Rayes in the District of Arizona is Appropriate……………………………………………….…….11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bruesewitz v. Wyeth LLC*,
    562 U.S. 223 (2011)..............................................................................................8

*Compare Colbath v. Merck & Co.*,
    No. 3:21-CV-120-W (DEB), 2022 WL 935195 (S.D. Cal. Mar. 29, 2022)...................9

*Flores v. Merck & Co.*,
    No. 3:21-cv-00166-MMD-CLB, 2022 WL 798374 (D. Nev. Mar. 16, 2022).................9

*Herlth v. Merck & Co.*,
    No. 3:21-CV-438 (JAM), 2022 WL 788669 (D. Conn. Mar. 15, 2022)....................9

*In re: Bard IVC Filters Prod. Liab. Litig.*,
    122 F. Supp. 3d 1375 (J.P.M.L. 2015)..............................................................12

*In Re DePuy Orthopaedics, Inc.*,
    753 F. Supp. 2d 1378 (J.P.M.L. 2010)..............................................................11

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*,
    997 F. Supp. 2d 1354 (J.P.M.L. 2014)................................................................7

*In re Sprouts Farmers Mkt., Inc. Emp. Data Sec. Breach Litig.*,
    No. MDL 16-02731-PHX DLR (D. Ariz.).............................................................12

*In re: Taxotere (Doxetaxel) Eye Injury Prods Liab. Litig.*,
    MDL No. 3203, 2022 WL 303562 (J.P.M.L. Feb. 1, 2022)....................................11

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*,
    330 F. Supp. 3d 1378 (J.P.M.L. 2018)..............................................................11

*Stratton v. Merck & Co.*,
    No. CV 2:21-02211-RMG, 2021 WL 5416705 (D.S.C. Nov. 17, 2021)...................9

**Table of Authorities – Cont'd**

Page(s)

**Other Authorities**

§ 300aa-11 of the National Childhood Vaccine Injury Act of 1986………...………………..8

§ 300aa-15 of the National Childhood Vaccine Injury Act of 1986………...………………..8

28 U.S.C. § 1407…..………………………………………………………………………………1

28 U.S.C. § 1407(a)…..…………………………………………………………………………..10

42 U.S.C.A. §§ 12(d)(2)(E) ……………………………………………………………………....8

42 U.S.C.A. § 300aa-11…………………………………………………………..…………….8

42 U.S.C.A. § 300aa-11(a)(2)………………………………………………………………….8

42 U.S.C.A. § 300aa-12(d)(3)…………………………………………………………………...8

42 U.S.C.A. § 300aa-12(g)……………………………………………………...…………...8

42 U.S.C.A. § 300aa-21…………………………………………………………………………...8

42 U.S.C.A. § 300aa-21(a)………………………………………………………………………...8

42 U.S.C.A. § 300aa-21(b)(1)………………………………………………...…………………...8

42 U.S.C.A. § 300aa-23(e). ………………………………………………………………………...8

Panel Rule 6.2(e).1………………………………………………………………………………...1

Ikeda et al., *Autoantibodies Against Autonomic Nerve Receptors in*
*Adolescent Japanese Girls after Immunization with Human Papillomavirus Vaccine*,
  2 ANNALS OF ARTHRITIS AND CLINICAL RHEUMATOLOGY 1014 (2019)……………...…9

Li et al., *Autoimmune Basis for Postural Tachycardia Syndrome*,
  3 J. AMERICAN HEART ASSOC. e000755 (2014)………………………………………..9

Ruzieh et al., *The Role of Autoantibodies in the Syndromes of Orthostatic Intolerance:*
  *A Systematic Review,* 51 SCANDINAVIAN CARDIOVASCULAR J. 243 (2017)………………9

Svetlana Blitshetyn, *Postural Tachycardia Syndrome Following Human*
  *Papillomavirus Vaccination*, 21 European J. of Neurology 135 (2014)…………………10

**INTERESTED PARTY RESPONSE IN SUPPORT OF
MOTION TO TRANSFER OF ACTIONS PURSUANT TO
28 U.S.C. § 1407 FOR COORDINATED PRETRIAL PROCEEDINGS**

**I.      INTRODUCTION**

Hoddick sued Defendants Merck & Co., Inc. and Merck Sharpe Dome Corporation for personal injuries arising as a result of his receiving the Gardasil vaccine developed, marketed and sold by Defendants. *Hoddick v. Merck et al.,* No. 1:22-cv-00144-DKW-WRP (D. Haw.), ECF 1. Plaintiffs Sahara K. Walker, Jasmyne Gramza, Michael A. Colbath, Mark Thomas on behalf of Z.T., Skylee A. Butler, Emma E. Sullivan, Savannah M. Flores, Julia Balasco, Abigail R. Stratton, Ashley K. Dalton, Madelyn G. Malloy, Corinn McElerney, Ruby D. Silver and Ashley Muller have alleged substantially the same claims against Defendants as those alleged by Hoddick in various federal district courts. *In re Gardasil prods. Liab. Litig.*, MDL No. 3036 (J.P.M.L.) ECF 3-1. Plaintiffs have moved pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Panel Rules to transfer their actions, all currently filed cases (including Hoddick's), and any subsequently filed cases involving common issues of fact for centralized proceedings to either the District of Arizona before the Honorable Judge Douglas L. Rayes or the Western District of Wisconsin before the Honorable Judge James D. Peterson. The cases ("Subject Cases") that Plaintiffs seek to transfer assert claims against Defendants for personal injuries arising from exposure to Defendants' Gardasil vaccine, including but not limited to autoimmune disorders such as Postural Orthostatic Tachycardia Syndrome ("POTS"), Orthostatic Intolerance, and Immune Thrombocytopenic Purpura ("ITP"). *In re Gardasil prods. Liab. Litig.*, MDL No. 3036 (J.P.M.L.) ECF 3-1, pp. 8-9.

Hoddick agrees with Plaintiffs that the Subject Cases should be transferred for centralized proceedings. Hoddick requests that the Panel transfer them to the District of Arizona before the Honorable Douglas L. Rayes.

## II.  FACTUAL BACKGROUND

### A.  Filed Cases As of May 20, 2022

The currently pending Subject Cases are set forth in the following chart:

| # | Plaintiff(s) | Defendants | Court | Civil Action No. | Judge Assigned |
|---|---|---|---|---|---|
| 1 | Jasmyne Gramza | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | D. Arizona | 2:20-cv-01425-DLR | District Judge Douglas L. Rayes |
| 2 | Adriana Merino | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | D. Arizona | 2:22-cv-00398-MHB | District Judge Michelle H. Burns |
| 3 | Allen Vela and Edna Barba, as parents of and on behalf of their minor child, J.V. | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | D. Arizona | 2:22-cv-00420-SPL | District Judge Steven P. Logan |
| 4 | Eduardo Atjian, II | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | C.D. California | 2:22-cv-01739-ABJ-RAO | District Judge Andre Birotte Jr. and Magistrate Judge Rozella A. Oliver |

| # | Plaintiff(s) | Defendants | Court | Civil Action No. | Judge Assigned |
|---|---|---|---|---|---|
| 5 | Sydney M. Fetters | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | C.D. California | 8:22-cv-00422-JVS-ADS | District Judge James V. Selna and Magistrate Judge Autumn D. Spaeth |
| 6 | Jacob D. Levy | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | C.D. California | 8:22-cv-00431-JVS-JDE | District Judge James V. Selna and Magistrate Judge John D. Early |
| 7 | Michael A. Colbath | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | S.D. California | 3:21-cv-120-TJW-DEB | District Judge Thomas J. Whelan and Magistrate Judge Daniel E. Butcher |
| 8 | Jeffrey K. Hoddick | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | D. Hawaii | 1:22-cv-00144-DKW-WRP | District Judge Derrick K. Watson and Magistrate Judge Wes Reber Porter |
| 9 | Skylee Butler | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | D. Massachusetts | 3:22-cv-10006-MGM | District Judge Mark G. Mastroianni |
| 10 | Emma Sullivan | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | D. New Jersey | 3:22-cv-00116-ZNQ-DEA | District Judge Zahid N. Quraishi and Magistrate Judge Douglas E. Arpert |
| 11 | Savannah Flores | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | D. Nevada | 3:21-cv-00166-HDM-CL | District Judge Miranda Du and Magistrate Judge Carla Baldwin |

| # | Plaintiff(s) | Defendants | Court | Civil Action No. | Judge Assigned |
|---|---|---|---|---|---|
| 12 | Julia Balasco | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | D. Rhode Island | 1:20-cv-00364-MSM-PAS | District Judge Mary S. McElroy and Magistrate Judge Patricia A. Sullivan |
| 13 | Abigail Stratton | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | D. South Carolina | 2:21-cv-02211-RMG | District Judge Richard Mark Gergel |
| 14 | Corinn McElerney | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | M.D. Florida | 8:21-cv-01814-WFJ-AEP | District Judge William F. Jung and Magistrate Judge Anthony E. Porcelli |
| 15 | Ruby Silver | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | M.D. Florida | 8:21-cv-02903-WFJ-AEP | District Judge William F. Jung and Magistrate Judge Anthony E. Porcelli |
| 16 | Ashley Muller | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Florida | 3:21-cv-01335-MCR-HTC | District Judge M. C. Rodgers and Magistrate Judge H. Cannon |
| 17 | Mark Thomas as Natural Parent and Legal Guardian of Z.T., a minor | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | S.D. Florida | 9:22-cv-80445-DMM | District Judge Donald M. Middlebrooks |
| 18 | Darby Hendrix | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Georgia | 1:22-cv-01171-JCJ | District Judge Steve C. Jones |

| # | Plaintiff(s) | Defendants | Court | Civil Action No. | Judge Assigned |
|---|---|---|---|---|---|
| 19 | Ken and Shaun Wingerter, on behalf of their minor child, H.W. | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Georgia | 1:22-cv-01178-ELR | District Judge Eleanor L. Ross |
| 20 | Cooper Humphries | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | C.D. Illinois | 4:21-cv-04154-SLD-JEH | District Judge Sara Lynn Darrow and Magistrate Judge Jonathan E. Hawley |
| 21 | Krista L. Landers | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Illinois (Eastern Division) | 1:22-cv-01696-TMD | District Judge Thomas M. Durkin |
| 22 | Tanja And Scott Wagner, on behalf of their child, S.W. | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Illinois (Eastern Division) | 1:22-cv-01717-EEB-SRH | District Judge Elaine E. Bucklo and Magistrate Judge Sunil R. Harjani |
| 23 | Jessica Raymer | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Illinois (Eastern Division) | 1:22-cv-01643-SLE-JC | District Judge Sara L. Ellis and Magistrate Judge Jeffrey Cole |
| 24 | Madelyn Lipscomb | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Indiana (Fort Wayne Division) | 1:22-cv-00116-HAB-SLC | District Judge Holly A Brady and Magistrate Judge Susan L Collins |
| 25 | Nalon A. Soileau | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | M.D. Louisiana | 3:22-cv-00210-BAJ-EWD | District Judge Brian A. Jackson and Magistrate Judge Erin Wilder-Doomes |

| # | Plaintiff(s) | Defendants | Court | Civil Action No. | Judge Assigned |
|---|---|---|---|---|---|
| 26 | Ashley Dalton | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | E.D. Michigan | 5:21-CV-12324-JEL-CIJ | District Judge Judith E. Levy and Magistrate Judge Curtis Ivy, Jr. |
| 27 | Maeson Derr | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | M.D. North Carolina | 1:22-cv-00212-WLO-JEP | District Judge William L. Osteen, Jr. and Magistrate Judge Joi Elizabeth Peake |
| 28 | Payton Bergin | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | W.D. North Carolina | 3:22-cv-00117-RJC-DK | District Judge Robert J. Conrad, Jr. and Magistrate Judge David Keesler |
| 29 | Kameron Hilton | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | W.D. North Carolina | 5:22-cv-00030-KDB-DK | District Judge Kenneth D. Bell and Magistrate Judge David Keesler |
| 30 | Madelyn Malloy | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | E.D. Texas | 6:21-cv-00506-JDK | District Judge Jeremy D. Kernodle |
| 31 | Madeline A. Counts | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Texas | 4:22-cv-00241-MTP | District Judge Mark T. Pittman |
| 32 | Sahara Walker | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | W.D. Wisconsin | 3:20-cv-01048-jdp | District Judge James D. Peterson and Magistrate Judge Stephen L. Crocker |

| # | Plaintiff(s) | Defendants | Court | Civil Action No. | Judge Assigned |
|---|---|---|---|---|---|
| 33 | Elizabeth Landers, on behalf of her minor child, I.L. | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | S.D. West Virginia | 2:22-cv-00160-JRG | District Judge Joseph R. Goodwin |

As the above chart shows, Plaintiffs have filed 15 civil actions pending in 14 different federal district courts across the country. Plaintiffs seek to recover under theories of negligence, strict liability (failure to warn and manufacturing defect), breach of warranty, common law fraud and violation of various state laws. *Id.*, p. 5. In addition to the 15 actions field by Plaintiffs, there are at least 19 additional actions, including Hoddick's, alleging similar facts and injuries pending in 12 different federal district courts before 18 different judges. *Id.*, pp. 5-6.[1] These 19 additional actions are being handled by at least seven different law firms. *Id.,* p. 6. Accordingly, there are currently a total of at least 33 Gardasil personal injury autoimmune lawsuits pending in 25 different district courts, before 31 different judges being handled by eight different plaintiffs' law firms. *Id.*

In addition to the aforementioned 33 Gardasil autoimmune cases pending in federal district courts, there are approximately 39 additional Gardasil autoimmune cases that have already gone through the mandatory U.S. Court of Federal Claims ("Vaccine Court") process and will in all likelihood be filed in the coming months in federal courts across the country; and

---

[1] In addition, there are at least five Gardasil-related matters currently pending in state courts (namely, California). *Id.*, p. 6 n.2. The pendency of state court matters supports the creation of an MDL because "an MDL will make it easier to coordinate, as needed, pretrial proceedings in both the state and federal cases, because there will now be just one judge handling the latter." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig*., 997 F. Supp. 2d 1354, 1356 (J.P.M.L. 2014).

7

52 additional Gardasil autoimmune cases currently pending in Vaccine Court, which upon conclusion of the Vaccine Court proceedings, will proceed with filing traditional tort claims, akin to the plaintiffs who currently have Gardasil tort cases pending in various district courts. *Id.* pp. 6-7.[2]  If all of the cases currently in Vaccine Court and those that have recently come out of Vaccine Court are filed in federal courts (which is likely), there will be 129 Gardasil autoimmune personal injury cases in federal district courts. *Id.*, p. 7.  Plaintiffs have also stated that their counsel and other firms across the country are investigating many more Gardasil-related cases which will likely result in further litigation. *Id.*

Although the first federal case, *Gramza v. Merck & Co., Inc. et al.*, No. 2:20-cv-01425-DLR (D. Ariz.), was filed on July 17, 2020, none of the Subject Case have progressed past the early stages of document production. *Id.*, p. 12.  Furthermore, none of Defendants' employees

---

[2] For certain vaccines such as Gardasil, federal law, pursuant to Section 300aa-11 of the National Childhood Vaccine Injury Act of 1986 ("the Vaccine Act"), generally does not permit a person to bring a civil action against a vaccine manufacturer until the injured person has first filed a petition in the Vaccine Court (i.e., United States Court of Federal Claims) and has obtained a judgement from the Vaccine Court.  42 U.S.C.A. § 300aa-11.  After the Vaccine Court issues its judgment, the petitioner has the option of rejecting the judgment and electing to file a *civil action* against the manufacturer.  42 U.S.C.A. §§ 300aa-11(a)(2) & § 300aa-21(a).  The Vaccine Court program is a no-fault system, discovery is generally not permitted (other than obtaining plaintiff's medical records) and monetary caps are placed on damages awarded through the vaccine court program.  42 U.S.C.A. §§ 12(d)(2)(E) (limits on discovery in Vaccine Court); 300aa-15 (damages limitations in Vaccine Court); *see also Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 228 (2011) (discussing the vaccine court).  Generally, the petitioner is required to participate in the program for at least 240 days and if no decision on the substantive merits has been reached by that time, she can decide to opt out of the program to pursue civil remedies against the vaccine manufacturer in either state or federal court.  42 U.S.C.A. § 300aa-21(b)(1) & § 300aa-12(d)(3) & 12(g); *Bruesewitz*, 562 U.S. at 228. Even if a judgment on the merits is issued by the vaccine court, the petitioner has the option to reject the judgment (whether favorable or adverse) and pursue traditional tort remedies under state common law against the vaccine manufacturer.  42 U.S.C.A. § 300aa-21; *Bruesewitz*, 562 U.S. at 228.  Should a petitioner elect to pursue tort damages under state common law, neither the judgment nor the findings from the vaccine court are admissible in any future civil action.  42 U.S.C.A. § 300aa-23(e).

8

have been deposed, and expert discovery has not yet begun in any of the Subject Cases. *Id.*, p. 13.

Defendants have filed answers in some of the Subject Cases and motions to dismiss in others. *Id.*, p. 12. The two most recent motions to dismiss resulted in inconsistent outcomes, and no case has been dismissed in its entirety with prejudice. *Compare Colbath v. Merck & Co.*, No. 3:21-CV-120-W (DEB), 2022 WL 935195 (S.D. Cal. Mar. 29, 2022), *with Flores v. Merck & Co.*, No. 3:21-cv-00166-MMD-CLB, 2022 WL 798374 (D. Nev. Mar. 16, 2022); *see also Herlth v. Merck & Co.*, No. 3:21-CV-438 (JAM), 2022 WL 788669 (D. Conn. Mar. 15, 2022); *Stratton v. Merck & Co.*, No. CV 2:21-02211-RMG, 2021 WL 5416705 (D.S.C. Nov. 17, 2021).

> **B.   The Subject Cases Allege Substantially the Same Claims Against the Same Defendants**

Except for the *Gramza* case[3], it appears that nearly all the other 33 Gardasil cases presently pending in federal court are plaintiffs, like Hoddick, who allege they sustained neurological autoimmune autonomic injuries known as Postural Orthostatic Tachycardia Syndrome (POTS) or Orthostatic Intolerance.[4] In fact, Merck's counsel has admitted the

---

[3] In *Gramza*, the injury at issue Is Immune Thrombocytopenic Purpura (ITP), a blood clotting issue, but as discussed infra, the mechanism of action (i.e., molecular mimicry) for Gardasil causing ITP and POTS are identical and the injury is simply dictated by what cells in the body exhibit the immune intolerance caused by Gardasil.

[4] In individuals who are suffering from POTS or orthostatic intolerance, the body's autonomic nervous system fails to compensate for the upright posture which over time results in a myriad of injuries and symptoms associated with the upper extremities not getting enough blood, these symptoms and injuries include, among others, fainting, chronic fatigue, chronic headaches, vision issues (blurry vision and in a worst case scenario, blindness), cardiovascular issues, gastrointestinal issues and neuropathic pain. POTS and Orthostatic Intolerance are autoimmune diseases. *See* Li et al., *Autoimmune Basis for Postural Tachycardia Syndrome*, 3 J. AMERICAN HEART ASSOC. e000755 (2014); Ruzieh et al., *The Role of Autoantibodies in the Syndromes of Orthostatic Intolerance: A Systematic Review*, 51 SCANDINAVIAN CARDIOVASCULAR J. 243 (2017); Ikeda et al., *Autoantibodies Against Autonomic Nerve Receptors in Adolescent Japanese Girls after Immunization with Human Papillomavirus Vaccine*, 2 ANNALS OF ARTHRITIS AND

commonality of the injuries involved in the claims. *In re Gardasil prods. Liab. Litig.*, MDL No. 3036 (J.P.M.L.), ECF 1-4 (Exhibit 1, p. 25). During a hearing in *Gramza* (an ITP injury case), Merck's counsel informed the court the injury has common issues with a POTS injury case pending in California. *Id.*

### III. ARGUMENT

#### A. Transfer and Coordination of the Subject Cases is Warranted and Appropriate

Transfer is appropriate where: (1) "civil actions involving one or more common question of fact are pending in different districts;" (2) transfer or coordination "will promote the just and efficient consideration of such actions;" and (3) transfer and coordination will serve "the convenience of parties and witnesses." 28 U.S.C. § 1407(a). All three factors support transfer and centralization of the Subject Cases. *See, e.g.*, *In re: Taxotere (Doxetaxel) Eye Injury Prods Liab. Litig.*, MDL No. 3203, 2022 WL 303562, at *1-*3 (J.P.M.L. Feb. 1, 2022) (recently granting centralization of thirteen lawsuits filed against Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. arising out of eye injuries suffered by Taxotere users); *see also In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 330 F. Supp. 3d 1378, 1379 (J.P.M.L. 2018) (granting Merck's motion for centralization in cases wherein plaintiffs alleged they had suffered various types of injuries, including encephalitis, optical nerve damage, kidney and liver damage, Bell's palsy, Guillain Barre Syndrome, and other injuries as due to Merck's shingles vaccine).

Thirty-three civil actions alleging Gardasil caused personal injuries are pending in twenty-five different district courts, before thirty-one different judges, so the first element is

---

CLINICAL RHEUMATOLOGY 1014 (2019); Svetlana Blitshetyn, *Postural Tachycardia Syndrome Following Human Papillomavirus Vaccination*, 21 European J. of Neurology 135 (2014).

10

satisfied. With substantially similar claims pending in so many different courts, absent coordination in a single forum, there will be duplicative discovery, motion practice, and rulings with inconsistent results, so the second element is satisfied. Finally, the third element is satisfied because it will be more convenient for the parties and witnesses to resolve pre-trial issues in a single forum rather than having to conduct simultaneous proceedings in more than twenty-five different district courts.

In addition, informal coordination of the Subject Actions is infeasible. There are eight different plaintiff's firms and the Subject Actions are not concentrated in any single district court or geographic region. Although none of the cases has proceeded very far, they have already resulted in inconsistent opinions on motions to dismiss and vastly disparate scheduling orders. *In re Gardasil prods. Liab. Litig.*, MDL No. 3036 (J.P.M.L.), ECF 3-1, pp. 12-13. In fact, attempts at informal coordination when fewer Gardasil cases were pending failed. *Id.*, pp. 13-16. With informal coordination impossible, formal coordination is necessary and warranted to fulfil the objectives of section 1407.

### B. Transfer to the Honorable Douglas L. Rayes in the District of Arizona is Appropriate

Hoddick suggests that an appropriate venue for this litigation could be the District of Arizona. The *Gramza* case in front of Judge Douglas L. Rayes is the earliest filed federal court case and has progressed the farthest. Defendants have Answered the Complaint and produced documents in *Gramza*, and the court has also adjudicated motions to compel. There are also two other Subject Cases in the District of Arizona (for a total of three cases pending in that Court) and there are nearly a dozen cases currently pending within the Ninth Circuit. *In Re DePuy Orthopaedics, Inc.*, 753 F. Supp. 2d 1378, 1380 (J.P.M.L. 2010) (transferring to the N.D. of Ohio because, among other things, several potential tag-along actions were already pending there).

Meanwhile, no other district court has more Subject Cases pending, and only the Northern District of Illinois and Central District of California also have three of the Subject Cases pending.

The District of Arizona would be an efficient location for the Subject Cases because there currently is only one MDL pending in that district, and it is not assigned to Judge Rayes. Accordingly, Judge Rayes likely has the necessary time to devote to a new MDL. In addition, Judge Rayes has experience presiding over MDL proceedings as well as more experience than any other federal judge with the issues arising in the Subject Cases. *See, e.g.*, *In re Sprouts Farmers Mkt., Inc. Emp. Data Sec. Breach Litig.*, No. MDL 16-02731-PHX DLR (D. Ariz.) The Panel has previously preferred venues that are geographically convenient, and easily located. The District of Arizona meets each of these criteria. The Court is located in Phoenix which is easily accessible, and this Panel has previously observed that "[t]he District of Arizona is not burdened by many MDLs and has the capacity and resources to successfully guide this litigation." *In re: Bard IVC Filters Prod. Liab. Litig*., 122 F. Supp. 3d 1375, 1377 (J.P.M.L. 2015). The District of Arizona can, therefore, serve as an appropriate forum for this MDL and the Panel should grant Plaintiffs' motion to transfer and transfer the Subject Actions to Judge Rayes of that court.

|  |  |
|---|---|
| Dated:  May 19, 2022 | Respectfully submitted,<br>*/s/ Robert M. Hatch*<br>Margery S. Bronster<br>Robert M. Hatch<br>**BRONSTER FUJICHAKU ROBBINS**<br>1003 Bishop Street, Ste. 2300<br>Honolulu, Hawaiʻi 96813<br>Telephone:    (808) 524-5644-3233<br>Facsimile:     (808) 599-1881<br>E-mail:          mbrobnster@bfrhawaii.com<br>                      rhatch@bfrhawaii.com<br>*Counsel for Plaintiff Jeffrey K. Hoddick* |

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION     MDL DOCKET NO. 3036

## CERTIFICATE OF SERVICE

In accordance with Rule 4.1(a)-(b) of the Rules of Procedure for the United States Judicial Panel for Multidistrict Litigation, I hereby certify that on May 19, 2022, I electronically filed the foregoing document with the Clerk for the United States Judicial Panel on Multidistrict Litigation using the CM/ECF system. I also certify that the foregoing document is being served on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF, or via mail to the addresses indicated below: Served via First Class Mail (Counsel has not yet appeared):

**Hoddick v. Merck & Co., Inc. and Merck Sharp & Dohme Corp.**
**Case No. 1:22-cv-00144-DKW-WRP**

Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp.
David M. Louie, Esq.
Kobayashi Sugita & Goda
999 Bishop Street, 26th Floor
Honolulu, Hawaii 96813

Dated: May 19, 2022      Respectfully submitted,

*/s/ Robert M. Hatch*
ROBERT M. HATCH
rhatch@bfrhawaii.com
**BRONSTER FUJICHAKU ROBBINS**
1003 Bishop Street, Suite 2300
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-5644
Facsimile: (808) 599-1881

*Counsel for Plaintiff Jeffrey Hoddick*