BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: Gardasil Products Liability Litigation | MDL No. 3036 |

**RESPONSE OF INTERESTED PARTIES, PLAINTIFFS, DARBY HENDRIX, KEN & SHAUN WINGERTER, KRISTA L. LANDERS, TANJA & SCOTT WAGNER, JESSICA RAYMER, MADELYN LIPSCOMB, NALON A. SOILEAU, AND MACKENZIE PENNELL, IN SUPPORT OF MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

## I. INTRODUCTION

Interested Parties, Plaintiffs, Darby Hendrix, Ken & Shaun Wingerter, on behalf of their minor child, H.W., Krista L. Landers, Tanja & Scott Wagner, on behalf of their minor child S.W., Jessica Raymer, Madelyn Lipscomb, Nalon A Soileau, and MacKenzie Pennell (hereinafter "Plaintiffs"), hereby file their response in support of the fifteen Movant-Plaintiffs' motion seeking transfer and coordination or consolidation, pursuant to 28 U.S.C. § 1407, of all cases filed in federal courts alleging injury after receiving Gardasil, Defendants Merck & Co, Inc. and Merck Sharpe & Dohme Corp.'s (collectively "Merck") "cervical cancer vaccine." (D.E. 1) While Plaintiffs support the arguments Movant-Plaintiffs raised for coordination and consolidation of these cases pursuant to 28 U.S.C. § 1407, Plaintiffs respectfully submit, for the reasons stated herein, that the more appropriate forum for coordination and consolidation is the United States District Court for the Middle District of Louisiana, before the Honorable Brian A. Jackson.

## II. BACKGROUND

The actions of the Plaintiffs' herein are set forth in the following chart:

| # | Plaintiff(s) | Defendants | Court | Civil Action No. | Judge Assigned |
|---|---|---|---|---|---|
| 1 | Darby Hendrix | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Georgia | 1:22-cv-01171-JCJ | District Judge Steve C. Jones |
| 2 | Ken and Shaun Wingerter, on behalf of their minor child, H.W. | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Georgia | 1:22-cv-01178-ELR | District Judge Eleanor L. Ross |
| 3 | Krista L. Landers | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Illinois (Eastern Division) | 1:22-cv-01696-TMD | District Judge Thomas M. Durkin |
| 4 | Tanja And Scott Wagner, on behalf of their child, S.W. | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Illinois (Eastern Division) | 1:22-cv-01717-EEB-SRH | District Judge Elaine E. Bucklo and Magistrate Judge Sunil R. Harjani |
| 5 | Jessica Raymer | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Illinois (Eastern Division) | 1:22-cv-01643-SLE-JC | District Judge Sara L. Ellis and Magistrate Judge Jeffrey Cole |
| 6 | Madelyn Lipscomb | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Indiana (Fort Wayne Division) | 1:22-cv-00116-HAB-SLC | District Judge Holly A Brady and Magistrate Judge Susan L Collins |
| 7 | Nalon A. Soileau | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | M.D. Louisiana | 3:22-cv-00210-BAJ-EWD | District Judge Brian A. Jackson and Magistrate Judge Erin Wilder-Doomes |

| # | Plaintiff(s) | Defendants | Court | Civil Action No. | Judge Assigned |
|---|---|---|---|---|---|
| 8 | MacKenzie Pennell | MERCK & CO., INC. and MERCK SHARP & DOHME CORP. | N.D. Ohio | 5:22-cv-00619-JRA | District Judge John Adams and Magistrate Judge Carmen E. Henderson |

In each of these cases, the Plaintiff(s) seek damages relating to autoimmunological injuries incurred after receiving at least one dose of the Gardasil vaccine under theories of negligence, strict liability (failure to warn and manufacturing defect), breach of warranty, common law fraud, and violation of various state laws. As explained in Movant-Plaintiffs' brief, Plaintiffs were injured because the ingredients in Gardasil cause the immune system to lose its ability to differentiate human and foreign proteins, causing the immune system to attack the body's own proteins and organs, a process called "molecular mimicry." The resulting injuries are autoimmune disorders, such as Postural Orthostatic Tachycardia Syndrome (POTS) or Orhtostatic Intolerance.

As a result of injuries from the Gardasil vaccine, at least 33 lawsuits have been filed in 25 different federal district courts seeking compensation for damages caused by Merck's Gardasil vaccine as of this date. *See* D.E. 8.1 (Schedule of Actions). Multiple additional filings are anticipated because roughly seventy-five additional cases involving Gardasil have been filed in the U.S. Court of Federal Claims ("Vaccine Court") and because other attorneys are anticipated to file lawsuits as information about the side effects of the Gardasil vaccine become more well-known. Additionally, several cases are pending in California state courts.

The Gardasil cases are appropriate for centralization because of the number of cases, diversity of location, and diversity of counsel. Transfer and consolidation would serve the dual

purpose of promoting efficiency for the parties, the court, and the witnesses, and would avoid inconsistent legal rulings from numerous federal courts related to common issues.

There are multiple reasons why the Middle District of Louisiana is the most appropriate venue for transfer and consolidation of the actions. Plaintiff Nalon A. Soileau's case is currently pending in the Middle District of Louisiana before Judge Brian A. Jackson. Discovery will soon be underway in the case, as it is set for its preliminary scheduling conference on June 23, 2022. The judges of the Middle District of Louisiana are well-suited to handle this multidistrict litigation due to their years of experience, efficiency at handling other complex cases, and current case load.

### III.   ARGUMENT

#### A. The Panel Should Centralize These Cases.

This Panel routinely consolidates "civil actions involving one or more common questions of fact" pending in different judicial districts when doing so "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of the actions. 28 U.S.C. § 1407(a). These Gardasil cases easily meet the standard for consolidation.

> 1. **Transfer and consolidation are appropriate because these cases involve common questions of fact and issues for discovery.**

There are currently 33 cases pending in federal courts across the country alleging injuries from receiving the Gardasil vaccine. *See* D.E. 8.1. These cases raise common questions of fact and involve common issues for discovery. (*See* D.E. 1-1. Memorandum of Law in Support of Plaintiffs' Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated Pretrial Proceedings, pp. 6-8).

Moreover, due to the widespread use of Gardasil, Plaintiffs' counsel anticipates that litigation raising common questions of fact and involving common issues for discovery will continue to spread across the country. Counsel for Plaintiffs, and other plaintiff's counsel agree.

Given these facts, additional filings are highly likely, numerous of which will certainly be filed in or removed to federal court. *See In re Camp Lejune, N.C. Water Contamination Litig.*, 763 F. Supp. 2d 1381. 1382 (J.P.M.L. 2011) (considering the potential for "a large number of additional related actions to be filed"); *In re Foot Locker, Inc., Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*, 787 F. Supp. 1364 (J.P.M.L. 2011) (stating that "[t]hough a large number of actions are not presently before the Panel, also weighing in favor of centralization is that additional related actions alleging similar class claims in other states could well be filed."). The current number of cases, and potential for more, meet the requirement to establish an MDL so that discovery in the current cases and in the new filings can be coordinated from the beginning.

## 2.  The currently pending cases will benefit from centralization.

Pharmaceutical product liability cases are particularly well-suited for coordination because they involve common questions of fact concerning the "development, testing, manufacturing and marketing" of the products. *See In re Accutane Prods. Liab. Litig.*, 343 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004); *see also In re Trasylol Prods. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) (common questions regarding the safety profile of a drug and the manufacturer's warnings); *In re Vytorin/Zeta Mktg., Sales Practices & Prods. Liab. Litig.*, 543 F. Supp. 2d 1378, 1380 (J.P.M.L. 2008) (common questions regarding the use and/or marketing of two pharmaceutical drugs). These considerations fully apply here.

Because the cases involving the Gardasil vaccine involve common factual and discovery issues relating to whether the vaccine has caused autoimmune disorders, Merck's knowledge of the connection between the vaccine and these side effects, whether any such knowledge was concealed, whether the vaccine was defectively designed or manufactured, whether Merck failed to properly warn about the usage and side effects of the vaccine, whether Defendant engaged in

5

fraudulent and illegal marketing practices, and the nature and extent of past and future damages, centralization is "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Accutane*, 343 F. Supp. 2d at 1383. *See also In re Trasylol*, 545 F. Supp. 2d at 1358 (same); *In re Celexa & Lexapro Prods. Liab. Litig.*, 416 F. Supp. 2d 1361, 1363 (J.P.M.L. 2006) (same). MDL coordination will thus permit the parties to coordinate written discovery and avoid multiple, unnecessary depositions of Merck's key witnesses.

Having a single court with a broad perspective over the litigation as a whole will not only avoid inconsistent rulings, it will also help achieve fair and just results. A single judge can better assess common patterns of this type and resolve the resulting disputes in a uniform way. *See In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, 2003 WL 22341307, at *4 (E.D. Pa. 2003) (transferor court noting that it "developed a broader perspective than is usually available to individual transferor courts in dealing with widespread efforts [of fraudulent joinder]."); *In re Wilson*, 451 F.3d 161, 167 (3rd Cir. 2006) (same). Additionally, consolidation will allow a single court to rule on critical dispositive motions including, but not limited to, whether or not general causation evidence exists, which is substantial enough for these cases to proceed to a jury.

Here, the currently pending Gardasil cases involve common questions of fact including core issues concerning the design, manufacture, testing, and marketing of the Gardasil vaccine. Therefore, it is inevitable that pretrial proceedings will overlap to a significant degree, making transfer desirable and appropriate in the instant matter.

### B. The Panel Should Centralize the Cases in the Middle District of Louisiana.

Currently, there is no center of gravity for Gardasil product liability actions as 33 cases span across 25 federal districts. In fact, cases have been filed in a wide array of districts ranging

from the District of Connecticut to the Southern District of California. However, the Middle District of Louisiana is the best choice of transferor forum based on the current caseload, experience of the District, the lack of other MDL cases being assigned to the District, and the convenience and accessibility of the forum.

The judges of the Middle District of Louisiana are experienced and skilled at handling complex cases. Each of the four sitting judges has the experience, education, and background to steer this complex litigation on a prudent course. Judge Jackson, who is assigned Plaintiff Soileau's case, is well-suited to handle the case because he has served on the bench since 2010. Prior to his judicial service, he had legal experience in both the public and private sectors.

Because of the large number of Gardasil cases that are likely to be filed, it is anticipated that the litigation will require a substantial amount of judicial time and energy. As such, the judicial efficiency and just resolution of these actions is best served by transferring these actions to Judge Jackson or another skilled jurist in the Middle District of Louisiana, which has no pending MDLs and a relatively light case load. Plaintiffs are confident that the judges of the Middle District of Louisiana will promote the goal of a just resolution in this MDL as speedily, inexpensively, and fairly as possible.

Additionally, the Middle District of Louisiana is easily accessible and convenient for counsel, witnesses, and the parties involved. The federal courthouse is a short drive from the Baton Rouge Metropolitan Airport with frequent flights on three major airlines (American Airlines, Delta, and United) to four major hubs (Atlanta, Charlotte, Dallas-Fort Worth and Houston Intercontinental). In addition, Baton Rouge has a large number and variety of hotels close to the courthouse. Attorneys traveling to Louisiana would, of course, also have the option to fly into the

newly renovated Louis Armstrong New Orleans International Airport, which hosts 18 airlines and serves 60 nonstop destinations.

IV. **CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully move for an Order transferring all existing and future Gardasil product liability suits to Judge Brian A. Jackson or another skilled jurist in the Middle District of Louisiana, for consolidated or coordinated pretrial proceedings.

Dated:   May 20, 2022

Respectfully submitted,

/s/ Christopher L. Coffin
Christopher L. Coffin, Esq.
Tracy L. Turner, Esq.
Jessica Reynolds, Esq.
Pendley, Baudin & Coffin, L.L.P.
24110 Eden Street
Post Office Drawer 71
Plaquemine, Louisiana 70765-0071
Telephone: (225) 687-6396
Facsimile: (225) 687-6398
Email: ccoffin@pbclawfirm.com
         tturner@pbclawfirm.com
         jperez@pbclawfirm.com

*Counsel for Plaintiffs Darby Hendrix, Ken and Shaun Wingerter, on behalf of their minor child H.W., Krista L. Landers, Tanja and Scott Wagner, on behalf of their minor child S.W., Jessica Raymer, Madelyn Lipscomb, Nalon A. Soileau, and MacKenzie Pennell*