# EXHIBIT HH

Michael L. Baum (*Admitted Pro Hac Vice*)
mbaum@baumhedlundlaw.com
Bijan Esfandiari (*Admitted Pro Hac Vice*)
besfandiari@baumhedlundlaw.com
Nicole N.H. Maldonado (*Admitted Pro Hac Vice*)
nmaldonado@baumhedlundlaw.com
**BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
Telephone:  (310) 207-3233
Facsimile:  (310) 820-7444

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JASMYNE GRAMZA,<br><br>             Plaintiff,<br><br>      v.<br><br>MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation,<br><br>             Defendants. | Case No.  2:20-cv-01425-DLR<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER; DECLARATION OF BIJAN ESFANDIARI; [PROPOSED] ORDER**<br><br>Complaint Filed:      July 17, 2020<br>Trial Date:               None filed |

PLAINTIFF'S *EX PARTE*  APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiff Jasmyne Gramza ("Gramza" or "Plaintiff") respectfully submits this *Ex Parte* Application for an Order Modifying the Scheduling Order established in this Court's December 21, 2020 Scheduling Order (Dkt. 28) and accompanying attachments (Dkt. 29).

Good cause exists for this modification. This is because: (1) there is no dispute regarding Plaintiff's diligence in assisting the Court in creating a workable Rule 16 order; (2) Plaintiff will not be able to comply with the February 28, 2022, discovery cut off and the March 4, 2022 expert disclosure deadlines, despite her diligent efforts to comply; and (3) Plaintiff diligently brings this Application prior to the expiration of the deadlines and after numerous unsuccessful meet and confer efforts.

As outlined herein, given the slow pace in which Merck has produced its responsive documents and the volume of documents, Plaintiff needs additional time to review the documents, initiate depositions, complete discovery and prepare her expert reports. Notably, while Plaintiff served her discovery requests on December 29, 2020, Merck did not begin to produce responsive documents to Plaintiff's requests until September 30, 2021, and did so on a rolling basis, with an additional 1.2 million pages being produced as recently as February 3rd and February 15th of 2022.

Since September 2021, Merck has produced approximately 3 million pages of documents in this case. Between this case and another pending Gardasil case[1], Merck has produced a total of approximately 20 million pages of Gardasil documents. Given the vast number of documents and the fact that more than a million pages were just produced in the last three weeks, Plaintiff respectfully seeks approximately an eight-month continuance of some of the pre-trial dates. Plaintiff met and conferred with Merck concerning this request, however, Merck was only willing to agree to a four-month extension, which necessitated the filing of this motion.

This matter is being brought on an *ex parte* basis because there is no time to file a regularly-noticed motion to modify the Scheduling Order before the rapidly approaching close of fact discovery deadline of February 28, 2022 and the March 4, 2022 plaintiff expert disclosure deadline. This is

---

[1] Merck has agreed that Plaintiff in this case (*Gramza*) can rely upon the documents produced in the other Gardasil case (*Robi*).

PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

Plaintiff's first request to modify the Scheduling Order.

This Application is based upon the attached Memorandum of Points and Authorities, the Declaration of Bijan Esfandiari, and accompanying exhibits, and upon such other and further matters as may properly come before the Court.

DATED: February 22, 2022

Respectfully submitted,

**BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C**.

By: */s/ Bijan Esfandiari*

Bijan Esfandiari (*Admitted Pro Hac Vice*)
besfandiari@baumhedlundlaw.com
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

Andrew Downing
adowning@vancotttalamante.com
**VAN COTT & TALAMANTE, PLLC**
3030 N. Third Street, Suite 790
Phoenix, Arizona 85012
Telephone: (602) 257-9160
Facsimile: (602) 257-9180

*Attorneys for Plaintiff*

PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

Plaintiff initiated the present action against defendants Merck & Co., Inc., and Merck Sharp & Dohme Corp. (collectively "Merck"), alleging she sustained autoimmune disease, including Immune Thrombocytopenia ("ITP"), as a result of Gardasil injections she received when she was a minor. Merck is the manufacturer and promoter of Gardasil.

Plaintiff filed her Complaint (Dkt. 1) on July 17, 2020. Plaintiff then met and conferred with Merck regarding case management deadlines (Esfandiari Decl. ¶ 3), and later participated in the Rule 16 Scheduling Conference held on December 18, 2020. *See* Dkt. 26. Then, on December 21, 2020, the Court entered a Scheduling Order (Dkt. 28 & 29), setting various pre-trial deadlines, including among others, a discovery cut off of February 28, 2022, plaintiff's expert disclosure deadline on March 4, 2022 and a dispositive motion deadline of June 13, 2022, among other deadlines. *See* Dkt. 29.

Plaintiff served 39 requests for production ("RFPs") on December 29, 2020. Esfandiari Decl. ¶ 3. Merck responded to these RFPs on or about January 28, 2021, but did not produce *any* responsive documents. *Id*. Thereafter, the parties met and conferred several times to discuss custodial files, search terms, and to negotiate an ESI protocol and protective order. *Id*. ¶¶ 5-9. The ESI protocol was finalized on February 23, 2021 (Dkt. 40), and the protective order on May 20, 2021 (Dkt. 42), and the Court executed the ESI protocol and protective order on February 25, 2021 (Dkt. 41) and May 26, 2021 (Dkt. 43), respectively. Thereafter, starting on or about September 30, 2021, Merck began producing documents in this case on a rolling basis. To date, some of the productions have been as follows:

| Date | Pages |
|---|---|
| September 30, 2021 | 722,609 |
| November 17, 2021 | 1,135,574 |
| February 3, 2022 | 1,105,237 |
| February 15, 2022 | 121,751 |

PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

As outlined above, since September 30, 2021, Merck has produced approximately 3 million pages of documents in this case – *and approximately 1.2 million of those pages were produced in the last three weeks*. Moreover, it has also been agreed that Gramza could rely upon documents that Merck had produced in another pending Gardasil personal injury case (*Robi*) pending in California. In total, in these two Gardasil cases, Merck has produced more than 8 million pages and native files that would equate to tens of millions of additional pages – totaling approximately 20 million pages of documents. Esfandiari Decl. ¶ 10; *see also* Exh. 3 at 8.

Additionally, despite the fact that Plaintiff served RFPs in December 2020, Merck was still producing responsive documents as of February 15, 2022 and it is still unclear if Merck has finished producing all of its responsive documents. Esfandiari Decl. ¶¶ 9-11. Moreover, Merck's counsel has further indicated it would object to a witness being deposed twice. *Id*. ¶ 13. This means Plaintiff needs to obtain and review all of the documents before taking depositions, as under Merck's admonitions, Plaintiff only get one bite at the deposition apple. Through Plaintiff's document review process, it has also become evident that a considerable number of documents may have been unreasonably redacted, and thus Plaintiff is meeting and conferring with Merck on this issue (and the ones outlined above), and if it is not resolved through informal means, then Plaintiff will need to file appropriate motions with the Court. *Id*. ¶ 12.

In January 2022, when it became clear that Merck was not finished with its production—and as part of discussions regarding informal discovery coordination across multiple litigations—Plaintiff met and conferred with Merck to see if Merck would be amenable to filing a joint stipulation to modify the Scheduling Order in this case. *Id*. ¶ 14. After a number of discussions, Merck indicated that it would not be amenable to extending the deadlines as proposed by Plaintiff but offered a shorter extension of 3-4 months of the pre-trial dates (*id*. ¶ 14)—however, a three to four month extension would not provide Plaintiff with sufficient time to finish reviewing the millions of pages of documents that have been produced, to initiate and complete the necessary depositions and to prepare the necessary expert reports. See Esfandiari Decl. ¶¶ 14-18. Plaintiff requires at least an eight-month extension of the pre-trial deadlines. Given the fast-approaching pre-trial deadlines and the fact that despite repeated meet and confer discussions, the parties were not able to reach a resolution, Plaintiff

PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

must now file the instant request on an *ex parte* basis. *Id.*

## LEGAL STANDARD

Rule 16(b)(4) grants this Court authority to modify the scheduling order for good cause. Thus, a party seeking to modify a scheduling order must demonstrate "good cause." *Robinson v. Heritage Elementary School*, 2010 WL 396307, at *1 (D. Ariz. Feb 1, 2010). The Rule 16 good cause standard primarily considers the diligence of the party seeking amendment. *Id.* Federal courts in Arizona and within the Ninth Circuit[2] "have articulated and undertaken [a] three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16[.]". *Baltazar v. Forward Air Solutions, Inc.*, 2013 WL 6283475, at *2 (D. Ariz. Dec. 4, 2013) (internal quotations omitted). Under this three-step inquiry:

> T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that [ ]he was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that h[is] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding h[is] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [ ]he was diligent in seeking amendment of the Rule 16 order, once it became apparent that [ ]he could not comply with the order.

*Id.*

## ARGUMENT

Plaintiff has good cause for seeking a modification to the scheduling order. This is because she satisfies the Ninth Circuit's three-factor test. First, there is no dispute regarding Plaintiff's diligence in assisting the Court in creating a workable Rule 16 order. As outlined above in the statement of facts, Plaintiff met and conferred with Merck regarding case management deadlines, and participated in the Rule 16 Scheduling Conference. Plaintiff satisfies this factor. *Morgal v. Maricopa Cty. Bd. Of Sup'rs*, 284 F.R.D. 452, 461 (D. Ariz. 2012) (finding that plaintiff satisfied the first factor where "there is nothing to suggest that plaintiff was not diligent in assisting the [c]ourt in creating a workable Rule 16 order") (internal quotations omitted).

Next, Plaintiff will not be able to comply with the February 28, 2022 discovery cut off and the

[2] See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) for an early articulation of the following three-factor "good cause" test.

PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

March 4, 2022 expert disclosure deadline, despite her diligent efforts to comply. Given the volume of documents produced, the fact it took Merck more than a year after receiving plaintiff's discovery to produce the bulk of its documents[3] and it is not clear if Merck has even finished its production (not to mention that a number of the documents have been impermissibly redacted and plaintiff is currently in meet and confer discussions with Merck concerning these redactions), Plaintiff will need additional time to complete discovery, which includes the review of the millions of pages that have been produced, and the additional documents that Merck still needs to produce. In addition, once this document review is completed, Plaintiff will need time to complete depositions of Merck's relevant custodians, and any relevant third parties.[4] Thus, in light of the glacial pace of document production to date and the effect that pace had on other aspects of discovery, it is clear Plaintiff will not be able to comply with the current February 28, 2022 discovery cut-off and March 4, 2022 expert disclosure deadlines. Furthermore, this noncompliance was not foreseeable to Plaintiff, as Plaintiff propounded the relevant discovery requests in December 2020. It is now February 2022, and it is unclear whether Merck has even finished its production on the 39 RFPs. This slow pace of Merck's production of its internal documents was not foreseeable. As such, Plaintiff satisfies the second factor. *See Baltazar*, 2013 WL 6283475, at *3 (finding that plaintiff satisfied second factor where it was not reasonably foreseeable at the time of scheduling conference that witnesses would change residences, creating challenge to find them); *see also Morgal*, 284 F.R.D. 452 at 461 (finding plaintiff satisfied second factor where there was motion practice concerning an unanticipated issue).

Plaintiff also satisfies the third factor. Plaintiff brings this Application before the close of fact discovery. In January 2022 when it became clear that Merck was still not finished with its production—and as part of discussions regarding informal discovery coordination across multiple litigations—Plaintiff met and conferred with Merck to see if Merck would be amenable to filing a joint stipulation to modify the Scheduling Order in this case. While Merck agreed to modify the pre-trial deadline and schedules in other Gardasil cases, see, e.g., Exh 4 & 5, Merck was not willing to

---

[3] As noted *supra*, while plaintiff served her documents requests on December 29, 2020, Merck did not begin producing documents in this case until September 30, 2021, with a bulk of its production (totaling more than a million pages) being produced in the last two-weeks in February 2022.

[4] Indeed, to date, not a single deposition has taken place in this action. The first deposition (the deposition of Plaintiff's mother, Tarah Gramza), is scheduled to take place on Saturday February 26, 2022.

7

PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

agree to a similar modification of the deadlines in this case, which necessitates the filing of this motion. Plaintiff has met the third factor, and thereby demonstrated good cause for seeking a modified Scheduling Order.

Accordingly, Plaintiff respectfully requests that the Court modify the Scheduling Order by continuing the pre-trial deadlines as follows:

| Action or Event | Scheduling Order Dates | Plaintiff's Proposed Dates |
|---|---|---|
| Close of Fact Discovery[5] | February 28, 2022 | October 3, 2022 |
| Deadlines for Disclosure of Experts | Plaintiff: March 4, 2022<br><br>Defendant: April 4, 2022<br><br>Plaintiff's rebuttal expert disclosures: April 19, 2022 | Plaintiff: November 18, 2022<br><br>Defendant: December 21, 2022<br><br>Plaintiff's rebuttal expert disclosures: January 10, 2023 |
| Close of Expert Depositions | May 31, 2022 | February 10, 2023 |
| Deadline to File Dispositive Motions | June 13, 2022 | March 3, 2023 |
| Deadline for Engaging in Good Faith Settlement Talks | June 27, 2022 | March 17, 2023 |

The foregoing proposed dates will hopefully provide Plaintiff with sufficient time to obtain all the documents Merck has promised to produce, review those documents, conduct depositions, prepare Rule 26 expert reports following the conclusion of discovery, and prepare this case for trial. In addition, these dates are consistent with *amended* pre-trial deadlines recently approved by another District Court that is handling a Gardasil autoimmune personal injury case. See Exh. 4 & 5(*Balasco* Amended Scheduling Order).

Simply put, it has taken Merck more than a year to produce its responsive documents and in February 2022 alone (nearly on the eve of the discovery cut-off) it produced an additional 1.2 million pages of documents in response to requests that had been served December 2020. Plaintiff needs equal time to review and analyze these documents (which to date total several million pages), and to

---

[5] Third-party depositions related to Plaintiff's treatment and injuries may be taken after this date by agreement of the parties or for good cause shown.

PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

take the necessary depositions based on these documents.  Plaintiff should not be prejudiced by the slow pace in which Merck chose to produce its documents—accordingly, Plaintiff respectfully requests an eight-month extension of the pre-trial deadlines as outlined *supra* so that she can have sufficient time to review the documents, complete her discovery and prepare her expert reports.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court enter an order modifying the Scheduling Order in accordance with the dates set out above in this *Ex Parte* Application.

DATED: February 22, 2022

Respectfully submitted,

**BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C**.

By:  */s/ Bijan Esfandiari*
Bijan Esfandiari (*Admitted Pro Hac Vice*)
besfandiari@baumhedlundlaw.com
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

Andrew Downing
adowning@vancotttalamante.com
**VAN COTT & TALAMANTE, PLLC**
3030 N. Third Street, Suite 790
Phoenix, Arizona 85012
Telephone: (602) 257-9160
Facsimile: (602) 257-9180

*Attorneys for Plaintiff*

PLAINTIFF'S *EX PARTE*  APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

1    Michael L. Baum (*Admitted Pro Hac Vice*)
     mbaum@baumhedlundlaw.com
2    Bijan Esfandiari (*Admitted Pro Hac Vice*)
     besfandiari@baumhedlundlaw.com
3    Nicole N.H. Maldonado (*Admitted Pro Hac Vice*)
     nmaldonado@baumhedlundlaw.com
4    **BAUM, HEDLUND, ARISTEI &**
     **GOLDMAN, P.C.**
5    10940 Wilshire Blvd., 17th Floor
     Los Angeles, CA 90024
6    Telephone: (310) 207-3233
     Facsimile: (310) 820-7444
7

8

9    *Attorneys for Plaintiffs*

10              **IN THE UNITED STATES DISTRICT COURT**

11                  **FOR THE DISTRICT OF ARIZONA**

12   JASMYNE GRAMZA,                          Case No. 2:20-cv-01425-DLR

13                  Plaintiff,

14         v.                                 **DECLARATION OF BIJAN ESFANDIARI**
                                              **IN SUPPORT OF PLAINTIFF'S** *EX*
15   MERCK & CO., INC., a New Jersey Corporation;   *PARTE* **APPLICATION FOR AN ORDER**
     and MERCK SHARP & DOHME CORP., a New    **MODIFYING THE SCHEDULING**
16   Jersey Corporation,                      **ORDER**

17                  Defendants.

18

19

20   I, BIJAN ESFANDIARI, declare and state as follows:

21         1.      I am an attorney and senior shareholder with the law firm of Baum, Hedlund, Aristei &

22   Goldman, P.C., and counsel of record for Plaintiff in this action. I make this declaration based on my

23   personal knowledge and, if called as a witness, I could and would testify competently to these matters.

24         2.      Plaintiff filed her Complaint on July 17, 2020 and Merck Answered on September 25,

25   2020. *See* Docket No. 1 & 16.

26         3.      Thereafter, on or about November 23, 2020 and throughout various dates in December

27   2020, I timely and diligently met and conferred with Merck's counsel regarding case management

28   deadlines, which culminated into submission of the parties' Rule 26 Joint Report on December 11,

                                              1
     DECLARATION OF BIJAN ESFANDIARI IN SUPPORT OF PLAINTIFF'S *EX PARTE*
          APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

2020. *See* Docket No. 23.

4.     Plaintiff served 39 requests for production ("RFPs") on December 29, 2020.  Merck responded to these RFPs on or about January 28, 2021, but Merck *did not* produce any responsive documents with its responses.

5.     Thereafter, I had several meet and confer discussions with various Merck counsel to discuss custodial files, search terms, and to negotiate an ESI protocol and a protective order.  The Court ultimately entered orders governing ESI and the stipulated protective order on February 25, 2021 and May 26, 2021 respectively.  *See* Docket Nos. 41 & 43.

6.     Meet and confer discussions concerning what Merck was to produce in response to Plaintiff's December 2020 Document Requests continued throughout the Summer of 2021.

7.     On August 12, 2021, I asked Merck's counsel when Merck was going to start producing documents in the *Gramza* case in response to Plaintiff's December 2020 Discovery Requests and noted that Plaintiff needed to obtain the documents with sufficient time so as to allow Plaintiff to review the documents, take depositions and complete discovery by the February 28, 2022 discovery cut-off.  *See* Exhibit 1. Attached hereto as **Exhibit 1** is a true and correct copy of my August 12, 2021 e-mail to Merck's counsel.

8.     On August 24, 2021 Merck's counsel responded and stated "Gramza review:  Now that we have agreed to the custodians and search terms in Gramza, we are in the process of collecting/reviewing the custodial data.  *We will give you an update on the timing of our first production but given the timing to collect, process and review the data, it will likely be a month or two out.*"  *See* Exhibit 2 (emphasis added).  Attached hereto as **Exhibit 2** is a true and correct copy of the August 24, 2021 e-mail correspondence from Merck's counsel to me.

9.      Merck initiated its *Gramza* production on or about September 30, 2021, on a rolling basis and its most recent rolling production occurred on or about February 15, 2022, all in response to Document Requests that *Gramza* had served in December 2020.

10.     In addition to documents produced in this case, Merck also agreed that my office could utilize documents Merck was producing to my office in another pending Gardasil personal injury action (the *Robi* case).  In total, Merck has represented that it has produced more than 8 million pages

2

DECLARATION OF BIJAN ESFANDIARI IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

of documents and native files that would equate to tens of millions of additional pages to my office pertaining to the Gardasil personal injury cases. *See e.g.,* Exh 3 at 8. Attached hereto as **Exhibit 3** is a true and correct copy of the relevant page(s) of a February 10, 2022, Joint Discovery Plan submitted in another Gardasil action wherein Merck summarized the volume of documents it has produced to date to my office across the various Gardasil actions.

11. It is unclear to me if Merck has finished producing all of the documents it was supposed to produce in response to Gramza's December 2020 Discovery Requests. In January 2022, Merck's counsel informed me that they were still not finished producing the Gramza documents and since then Merck produced an additional 1.2 million pages of documents on February 3rd and 15th of 2022.

12. Moreover, through Plaintiff's document review process, it has also become evident that a considerable number of documents may have been unreasonably redacted, and thus Plaintiff is meeting and conferring with Merck on this issue, and if it is not resolved through informal means, then Plaintiff will need to file appropriate motions with the Court.

13. Merck's counsel has also indicated to me that that Merck would object to a witness being deposed twice. This means that under Merck's admonition, Plaintiff needs to obtain and review all of the documents before she can begin taking the deposition of Merck's witnesses.

14. In the latter part of 2021, I began inquiring from Merck if we could modify the pre-trial deadlines by a few months given the pace of discovery, but did not receive a formal response from Merck. In January 2022, when it was confirmed Merck was still not finished with its production in *Gramza*—and as part of discussions regarding informal discovery coordination across multiple Gardasil litigations—I met and conferred with Merck on several occasions in January and February 2022 to see if Merck would be amenable to filing a joint stipulation to modify the Scheduling Order in this case. While Merck agreed to modify the pre-trial deadlines in some of the other Gardasil cases,[1] Merck was not willing to agree to a similar modification of the deadlines in the *Gramza* case; rather, Merck would only agree to a shorter (i.e., three to four months) extension of the pre-trial deadlines in this case.

15. Given that the parties could not reach an agreement on modification of the pre-trial

---

[1] *See, e.g.*, Exhibit 4 & 5.

DECLARATION OF BIJAN ESFANDIARI IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

deadlines and in light of the fast-approaching February 28, 2022 discovery cut-off and March 4, 2022 expert disclosure deadline, Plaintiff is forced to file the instant *Ex Parte* Application to modify the pre-trial deadlines.

16.    Attached hereto as **Exhibit 4** is a true and correct copy of a joint motion that my office and Merck filed on February 3, 2022 in another pending Gardasil case (*Balasco v. Merck*, Case No. 20-cv-00364 (D. Rhode Island) to modify the pre-trial deadlines.

17.    Attached hereto as **Exhibit 5** is a true and correct copy of the relevant portion of the Docket from the *Balasco* case noting that on February 4, 2022 the *Balasco* Court agreed to modify the pre-trial deadlines as requested by the parties.

18.    On behalf of plaintiff, Jasmyne Gramza, I respectfully request that this Honorable Court modify the pre-trial deadlines in this case to match most of the pre-trial deadlines in the *Balsco* case. Given the volume of documents produced by Merck; the fact that Merck did not even begin producing its *Gramza* documents until September 30, 2021 and only did so on a rolling basis, with an additional 1.2 million pages being produced in the last three weeks (February 3rd and 15th of 2022); the fact that to date not a single deposition has taken place in this action; and I cannot begin to depose Merck's witnesses until I have received and had an opportunity to review the documents, I respectfully ask that the Court continue the pre-trial deadlines as requested by Plaintiff in the accompanying *Ex Parte* Application (which is approximately an eight-month extension of the various pre-trial deadlines).  This requested extension will hopefully give me and other members of the *Gramza* legal team an adequate opportunity to finish reviewing the documents, obtain any missing and redacted responsive documents, take the necessary depositions, and obtain the necessary expert reports.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  This declaration was executed on the 22nd day of February, 2022.

*/s/ Bijan Esfandiari*
Bijan Esfandiari (*Admitted Pro Hac Vice*)

DECLARATION OF BIJAN ESFANDIARI IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

# EXHIBIT 1

**Adlivankina, Valeriya**

| | |
|---|---|
| **From:** | Esfandiari, Bijan |
| **Sent:** | Thursday, August 12, 2021 8:49 AM |
| **To:** | Lawler, Tara S.; Brian O'Donoghue |
| **Cc:** | Dykstra, Lisa C.; Gaarder, Christina L.; Baum, Michael; Hall, Cindy; James, Harrison |
| **Subject:** | RE: Gramza -- Some Outstanding Discovery Issues  - Balasco/Walker |

Hi Tara –

Just following up on this…are we all good with custodians and search terms?  Can you also please provide the full list of custodians that will be searched so we are both on the same page and let me know if we need to add any others to capture the causality RFPs – RFP Nos. 24 & 27.  Also, when can you start the search and when we can we anticipate receiving documents?

Finally, when will you be providing us with supplemental discovery responses?

I just want to make sure that we receive everything with enough time to conduct our review, take depositions and finalize discovery prior to the February 2022 discovery cut-off.

Please let me know by today.

Thanks

Bijan

---

**From:** Esfandiari, Bijan
**Sent:** Monday, August 9, 2021 9:45 PM
**To:** Lawler, Tara S. <tara.lawler@morganlewis.com>; Brian O'Donoghue <bodonoghue@goldmanismail.com>
**Cc:** Dykstra, Lisa C. <lisa.dykstra@morganlewis.com>; Gaarder, Christina L. <CLGaarder@Venable.com>; Baum, Michael <MBaum@BaumHedlundLaw.com>; Hall, Cindy <CHall@BaumHedlundLaw.com>; James, Harrison <hjames@baumhedlundlaw.com>
**Subject:** RE: Gramza -- Some Outstanding Discovery Issues - Balasco/Walker

Hi Tara –

Thank you for your e-mail.

*First*, just so I understand correctly, you will be running all of the search terms listed in the proposed search terms list dated July 29, 2021, correct?

*Second*, just so we are clear, can you please send me a list of the custodians whom Merck will be running.  We had a list exchanged via prior e-mails and I had asked if we could include both of the marketing personnel Lisa had subsequently identified and also I wanted to be sure that the listed custodians will capture our requests concerning causal analysis of adverse events (RFP Nos. 24 & 27) or if Merck needs to add additional custodians to capture those requests.

Finally, as to the second paragraph of your e-mail, I agree as long as its mutual – i.e., the *Balasco*, *Walker* and *Gramza* plaintiffs are not prevented from arguing that their respective adverse events should *also* be run on the MARRS database, though we will not use the fact that Merck has agreed to these terms as custodial searches as an exclusive justification for why they should also be used for MARRS.

Your e-mail made no mention of *Robi* and I assume that is because in *Robi* the parties will be guided by the Court's Order and while we appear to have a different interpretation of the *Robi* Order (as outlined in the e-mails I recently exchanged with

Christina) we will address those issues with the Robi Court, if deemed necessary (I am still waiting to hear back from Christina as to my inquiries concerning Robi).

Thank you for agreeing to the search terms in *Gramza*. It was a long road and I am glad we appear to have reached an agreement.  Once we get confirmation and agreement as to the final set of custodians in Gramza, that should hopefully address most of the RFPs and will leave only a small handful of non-custodial file requests in dispute – also, please let me know when I can expect to receive amended responses in Gramza consistent with the agreements you've made during our meet and confer discussions.

Thanks,

Bijan

---

**From:** Lawler, Tara S. <tara.lawler@morganlewis.com>
**Sent:** Monday, August 9, 2021 4:16 PM
**To:** Brian O'Donoghue <bodonoghue@goldmanismail.com>; Esfandiari, Bijan <BEsfandiari@BaumHedlundLaw.com>
**Cc:** Dykstra, Lisa C. <lisa.dykstra@morganlewis.com>; Gaarder, Christina L. <CLGaarder@Venable.com>
**Subject:** RE: Gramza -- Some Outstanding Discovery Issues - Balasco/Walker

Bijan –

Merck is willing to accept plaintiffs' revised set of search terms (*attached*, dated 7/29/2021) in the interest of moving discovery forward but we do not agree that the terms are relevant, reasonable, or proportional. In particular, we do not agree that the "adverse reactions/diagnoses search terms" are relevant, reasonable, or proportional.  Merck will agree to apply these terms in the Gramza, Balasco and Walker cases.

Agreement on these custodial-based search terms is separate from and shall not be used against Merck in any way during our meet and confers over or any court filing regarding the MARRS/MEDRA search term negotiations. If you do not agree with the provisions in this paragraph, **please advise immediately** and we will continue to negotiate a relevant, reasonable and proportional set of search terms.

Thanks,
Tara

**Tara S. Lawler**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.4908 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.215.266.5003
tara.lawler@morganlewis.com | www.morganlewis.com

---

**From:** Brian O'Donoghue <bodonoghue@goldmanismail.com>
**Sent:** Monday, August 09, 2021 4:28 PM
**To:** Esfandiari, Bijan <BEsfandiari@BaumHedlundLaw.com>; Lawler, Tara S. <tara.lawler@morganlewis.com>
**Cc:** Dykstra, Lisa C. <lisa.dykstra@morganlewis.com>; Gaarder, Christina L. <CLGaarder@Venable.com>
**Subject:** RE: Gramza -- Some Outstanding Discovery Issues - Balasco/Walker

[EXTERNAL EMAIL]
Hi Bijan,

# EXHIBIT 2

**Adlivankina, Valeriya**

| | |
|---|---|
| **From:** | Dykstra, Lisa C. <lisa.dykstra@morganlewis.com> |
| **Sent:** | Tuesday, August 24, 2021 11:15 AM |
| **To:** | Esfandiari, Bijan |
| **Cc:** | Brian O'Donoghue; Lawler, Tara S.; Christina Lee Gaarder - Venable LLP (clgaarder@Venable.com); Dykstra, Lisa C. |
| **Subject:** | Discovery Updates |

Bijan – I hope all is well with you.  I wanted to follow-up on some outstanding issues.  I have tried to consolidate them here.

1.      Gramza review:  Now that we have agreed to the custodians and search terms in Gramza, we are in the process of collecting/reviewing the custodial data.  We will give you an update on the timing of our first production but given the timing to collect, process and review the data, it will likely be a month or two out.

2.      Causality issues:  Veronica Urdaneta, among others, has responsibility for causality assessments.  As she is an identified custodian, we expect her files to contain relevant information on causality assessments; if you have questions after reviewing her data, we can certainly discuss.  We have one or two internal discussions related to causality assessments and will provide additional information if warranted.

3.      RFPs:  We are preparing the amended RFPs per our discussions. We hope to have those to you by the end of next week.

4.      POs/ESIs: We would like to get the POs and ESI orders entered in all of the filed cases.  I have attached a redlined ESI and the HIPAA PO.  Can you confirm whether we can get these filed in Otto, Walker (PO entered), Colbath, Carrillo, Herlth (PO entered), McElerney and Stratton?  I think that is the right list of cases for which we need orders entered.

Thanks, Lisa

**Lisa C. Dykstra**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5699 | Main: +1.215.963.5000 | Fax: +1.215.963.5001 | Mobile: +1.215.990.8993
lisa.dykstra@morganlewis.com | www.morganlewis.com
Assistant: Sabrina A. Holmes | +1.215.963.5987 | sabrina.holmes@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT 3



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

STEVEN J. DAROCI
Direct No:  609.844.3034
Email: sdaroci@foxrothschild.com

February 10, 2022

**BY EMAIL (dea_orders@njd.uscourts.gov)**

Honorable Douglas E. Arpert
U.S. Magistrate Judge
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re:  *Emma Sullivan v. Merck & Co., Inc., et al.*
> Civil Action No. 3:22-cv-00116-ZNQ-DEA
> <u>Initial Conference Date: February 17, 2022, at 3:30 p.m.</u>

Dear Judge Arpert:

Enclosed please find the parties' Joint Proposed Discovery Plan for the above action. We look forward to meeting with Your Honor at the Initial Scheduling Conference on February 17, 2022, at 3:30 p.m.

Respectfully submitted,

*s/ Steven J. Daroci*

Steven J. Daroci

Encl.

cc:  All Counsel of Record (by email)

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Minnesota    Nevada
New Jersey    New York    North Carolina    Pennsylvania    South Carolina    Texas    Virginia    Washington

130491214

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMMA SULLIVAN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation,<br><br>　　　　　　　Defendants. | Case No.: 3:22-cv-00116-ZNQ-DEA<br><br>Zahid N. Quraishi, U.S.D.J.<br>Douglas E. Arpert, U.S.M.J.<br><br>**Initial Conference Date:<br>February 17, 2022, at 3:30 p.m.** |

## JOINT PROPOSED DISCOVERY PLAN

**1.      Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

The parties are represented by the attorneys outlined below.  Bijan Esfandiari on behalf of the Plaintiff EMMA SULLIVAN ("Plaintiff") and Christina L. Gaarder on behalf of the Defendants MERCK & CO., INC. and MERCK SHARP & DOHME CORP. (collectively "Merck") participated in the Rule 26(f) Conference, which took place on February 9, 2022.

| | |
|---|---|
| Laura Feldman, Esq.<br>Feldman & Pinto<br>30 South 15th St., 15th floor<br>Philadelphia, PA 19102<br>Telephone: (215) 546-2604<br>Facsimile:  (215) 744-4475<br>lfeldman@feldmanpinto.com | Attorneys for<br>Plaintiff |

| | |
|---|---|
| Nicole Maldonado (*Pro Hac Vice to be filed*)<br>Bijan Esfandiari (*Pro Hac Vice to be filed*)<br>Michael L. Baum (*Pro Hac Vice to be filed*)<br>BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.<br>10940 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90024<br>Telephone: (310) 207-3233<br>Facsimile: (310) 820-7444<br>nmaldonado@baumhedlundlaw.com<br>besfandiari@baumhedlundlaw.com<br>mbaum@baumhedlundlaw.com | Attorneys for<br>Plaintiff |
| Karen A. Confoy<br>Steven J. Daroci<br>FOX ROTHSCHILD LLP<br>Princeton Pike Corporate Center<br>997 Lenox Drive<br>Lawrenceville, NJ 08648-2311<br>t. (609) 896-3600<br>f. (609) 896-1469<br>kconfoy@foxrothschild.com<br>sdaroci@foxrothschild.com | Attorneys for<br>Merck |
| Dino S. Sangiamo (*pro hac vice* forthcoming)<br>Christina L. Gaarder (*pro hac vice* forthcoming*)*<br>VENABLE LLP<br>750 E. Pratt Street, Suite 900<br>Baltimore, MD 21202<br>t.  410-244-7679<br>f.  410-244-7742<br>dssangiamo@venable.com<br>clgaarder@venable.com | Attorneys for<br>Merck |

**8. The parties have not conducted discovery in this case (however Merck has produced documents to Plaintiff's counsel in *other* pending Gardasil personal injury cases wherein Plaintiff's counsel is also counsel of record).**

This case is one of approximately two dozen Gardasil personal injury cases that have been filed by injured patients against Merck in state and federal courts across the country. Plaintiff's counsel, Baum Hedlund, is also counsel of record in nearly all the other pending Gardasil personal injury cases and through discovery and motion practice in those other cases, counsel has received various discovery from Merck (including over 8 million pages of documents and native files that would equate to tens of millions of pages of additional documents including but not limited to over 40 custodial files, substantial portions of the regulatory files for both Gardasil and Gardasil 9, and portions of the adverse event files (including all VAERS forms for POTS adverse events) and portions of the clinical trials) which counsel ultimately plans on utilizing in Sullivan's case.

**9. Proposed joint discovery plan:**

**a. Discovery is needed on the following subjects:**

Once Plaintiff's remand motion is adjudicated Plaintiff will initiate formal discovery which she anticipates will proceed in state court as she is optimistic that this personal injury case will be remanded to state court due to the lack of diversity. Once discovery proceeds, Plaintiff will require Merck to produce what is normally obtained in pharmaceutical products liability cases such as this. The categories

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JULIA BALASCO,

                Plaintiff,

       v.

MERCK & CO., INC., a New Jersey
Corporation; and MERCK SHARP &
DOHME CORP, a New Jersey Corporation,

            Defendants.

Case No. 1:20-cv-00364-MSM-PAS

## JOINT MOTION TO AMEND THE COURT'S SCHEDULING ORDER

For the reasons stated more fully below, Plaintiff Julia Balasco ("Plaintiff") and Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively, "Merck"), jointly and respectfully request that this Court extend the deadlines set forth in the Court's August 16, 2021 Pretrial Scheduling Order (Dkt. 27). The parties have not previously requested an extension of any deadlines in this matter.

During the course of fact discovery, Plaintiff and Merck have worked diligently to collect and review records. Merck propounded discovery on Plaintiff on August 2, 2021, and Plaintiff responded with written discovery on September 1, 2021. Additionally, with authorizations supplied by the Plaintiff, Merck has collected the medical records from 24 providers and has worked with the clerk's office in the United States Court of Federal Claims to obtain the filings made by both the Plaintiff and the attorneys for the government in Plaintiff's Vaccine Court case.

Plaintiff, for her part, has propounded, in total, 99 requests for production ("RFPs"), 8 interrogatories, and 6 requests for admission ("RFAs") on Merck. Plaintiff propounded 75 RFPs on June 11, 2021, and Merck responded on July 28, 2021. Later, on December 8, 2021, Plaintiff

propounded the remaining 24 RFPs, as well as the 8 interrogatories and 6 RFAs. Merck responded to these discovery requests on January 21, 2022. Merck has produced 874,975 documents (over 8,302,301 pages) and native files that would equate to tens of millions of pages of additional documents. In addition to making productions from 48 custodial files, Merck has produced the relevant portions of the Gardasil and Gardasil-9 regulatory files as well as other non-custodial sources of data (*e.g.,* Standard Operating Procedures, adverse event data, VAERs forms). Merck's document collection and review efforts are on-going with various other non-custodial sources of materials slated for production including, but not limited to, CIOMS forms, Physician Information Request forms, and various marketing and promotional materials. These documents are (and will be) available to the Plaintiff in this case and in the other POTS-related Gardasil cases.

Merck and Plaintiff's counsel worked for much of December to schedule the depositions of Plaintiff's mother and the relevant physicians. Merck also intended to take the depositions of Plaintiff's father and Plaintiff. The parties had planned to take those depositions in January 2022.

In a very sad turn of events, Plaintiff, who is 21 years old, lost her father, a material witness in the case, to Covid-19 at the end of December. Given this, the depositions scheduled for January were postponed and have not yet been rescheduled.

Based on the foregoing, the parties request that the Pretrial Scheduling Order be amended as follows:

|  | Current Pretrial Scheduling Order | Jointly Requested Extension |
|---|---|---|
| Fact Discovery Closes | February 4, 2022 | October 3, 2022 |
| Plaintiff Expert Disclosures | March 4, 2022 | November 18, 2022 |
| Defendant Expert Disclosures | April 4, 2022 | December 21, 2022 |

| Expert Discovery Closes | June 30, 2022 | February 3, 2023 |
| Daubert Motions Due | | March 28, 2023 |
| Dispositive Motions Due | August 1, 2022 | 30 days after the Court's Daubert ruling |

The parties believe that this schedule is realistic given the volume of documents that have been produced and collected and the minimum time plaintiff's counsel and her consultants have indicated they will require to review the documents, depose necessary witnesses and complete discovery. This schedule will also permit the Balasco family to have some time before having to address the needs of the litigation.

Additionally, as this is one of a number of Gardasil-related cases that have been filed by the same Plaintiff's firm, Merck and Plaintiff's counsel have been negotiating and communicating about ways to conserve resources and reduce costs. To that end, the parties have agreed to custodial file search terms, the identity of custodial files that Merck has/will produce, and the sharing of documents across the cases. Additionally, the parties have agreed to depose fact witnesses and experts only once, limit the number of Merck witness depositions, and limit the time to conduct depositions. The above schedule will permit the parties to realize those efficiencies by allowing for the orderly production and review of documents and the adequate time to conduct the deposition of both general and case-specific witnesses.

For all of the foregoing reasons, the parties respectfully request that the Court amend the Pretrial Scheduling Order as set forth in the accompanying proposed order.

Dated: February 3, 2022        Respectfully submitted,

/s/ Paul E. Dwyer
Paul E. Dwyer (#3956)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
117 Metro Center Blvd., Ste. 1004
Warwick, RI 02886
t. 401-298-9010
f. 401-921-2134
pdwyer@mdmc-law.com

and

Dino S. Sangiamo (*Pro Hac Vice*)
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
t. 410-244-7679
f. 410-244-7742
dssangiamo@venabl.com

*Attorneys for Defendants*

/s/ Christopher E. Hultquist
Christopher E. Hultquist
**Hultquist Law, P.C.**
56 Pine Street, Suite 200
Providence, Rhode Island 02903
hultquistlaw@gmail.com

Michael L. Baum (*Pro Hac Vice*)
Bijan Esfandiari (*Pro Hac Vice*)
Nicole N.H. Maldonado (*Pro Hac Vice*)
**BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.**
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
mbaum@baumhedlundlaw.com
besfandiari@baumhedlundlaw.com
nmaldonado@baumhedlundlaw.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on this 3rd day of February, 2022, foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

                    /s/  Paul E. Dwyer_____
                    Paul E. Dwyer (#3956)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JASMYNE GRAMZA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation,<br><br>                    Defendants. | Case No. 2:20-cv-01425-DLR<br><br>Hon. Douglas L. Rayes<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER**<br><br>Complaint Filed:        July 17, 2020<br>Trial Date:                None filed |

The Court, having reviewed Plaintiff's *Ex Parte* Application for an Order Modifying the Scheduling Order, and good cause appearing,

IT IS ORDERED as follows:

Plaintiff's *Ex Parte* Application for an Order Modifying the Scheduling Order is GRANTED, the current schedule governing the parties' pre-trial deadlines [Dkt. 28 & 29] is VACATED, and the new schedule is extended as follows:

| **Description** | **Original Date** | **New Date** |
|---|---|---|
| Close of Fact Discovery[1] | February 28, 2022 | October 3, 2022 |
| Deadlines for Disclosure of Experts | Plaintiff: March 4, 2022<br><br>Defendant: April 4, 2022 | Plaintiff: November 18, 2022<br><br>Defendant: December 21, |

---

[1] Third-party depositions related to Plaintiff's treatment and injuries may be taken after this date by agreement of the parties or for good cause shown.

| | Plaintiff's rebuttal expert disclosures: April 19, 2022 | 2022<br><br>Plaintiff's rebuttal expert disclosures: January 10, 2023 |
|---|---|---|
| Close of Expert Depositions | May 31, 2022 | February 10, 2023 |
| Deadline to File Dispositive Motions | June 13, 2022 | March 3, 2023 |
| Deadline for Engaging in Good Faith Settlement Talks | June 27, 2022 | March 17, 2023 |

Dated: _____                    _____

                                                  Hon. Douglas L. Rayes

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 21, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court of Arizona using the CM/ECF system, which shall send electronic notification to counsel of record.


                           */s/ Bijan Esfandiari*
                           Bijan Esfandiari