# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| MADELYN MALLOY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-506-JDK |
| MERCK & CO., INC. and MERCK SHARP & DOHME CORP., | § § § | |
| Defendants. | § § § § | |

**ORDER GRANTING MOTION TO STAY**

Before the court is Plaintiff Madelyn Malloy's motion to stay this case pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") regarding transfer of this case to a consolidated MDL (Docket No. 6).   Plaintiff seeks an immediate stay because her response to Defendant's pending motion to dismiss (Docket No. 4) is otherwise due by May 5, 2022.  For the reasons stated below, the Court **GRANTS** the motion.

Plaintiff sued Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. on December 29, 2021 on claims of negligence, failure to warn, manufacturing defect, breach of warranty, and common law fraud based on injuries Plaintiff alleges she sustained from receiving Defendants' Gardasil vaccine.  On April 12, 2022, Plaintiff, along with fourteen plaintiffs in other Gardasil-related cases, moved to transfer all related cases to an MDL pursuant to 28 U.S.C. § 1407.   Subsequently, Defendants moved to dismiss Plaintiff's complaint in its entirety under Federal Rule of

Procedure 12(b)(6).  Docket No. 4.  Defendants' grounds for dismissal include that Texas Civil Practices & Remedies Code § 82.007 precludes certain claims, certain claims are barred by Texas' statute of limitations, certain claims are preempted by the federal Vaccine Act, Plaintiff's claims are insufficient under federal pleading standards, and Plaintiff's complaint constitutes an improper "shotgun" pleading.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). While the Court retains broad discretion on whether to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court, "it is advisable . . . for a district court to defer the resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred to the MDL court."  *Scott v. Bayer Corp.*, No. 03-2888, 2004 WL 63978, at *1 (E.D. La. Jan. 12, 2004) (citing Manual for Complex Litigation § 30.131 (3d ed. 2000) ("[I]t may be advisable to defer certain matters until the Panel has the opportunity to rule on transfer.")).  "Deference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system."  *Scott*, 2004 WL 63978, at *1 (citing 28 U.S.C. § 1407).

Courts generally examine three factors when considering a stay pending the result of a § 1407 motion: "(1) potential prejudice to the nonmovant; (2) hardship and inequity to the movant if the action is not stayed; and (3) the judicial resources to be saved by avoiding duplicative litigation if the cases are consolidated." *Interstate Serv.*

2

*Provider, Inc. v. Jordan*, No. 4:21-cv-267, 2021 WL 2355384, at *2 (E.D. Tex. June 9, 2021) (quoting *Curtis v. BP Am., Inc.*, 808 F. Supp. 2d 976, 979 (S.D. Tex. 2011)).

Here, the potential prejudice to Defendants is limited—a short delay until briefing on their motion to dismiss continues either in this Court or the MDL court. But the hardship to Plaintiff if the Court denies a stay is also minimal—specifically, Plaintiff must timely respond to Defendant's motion to dismiss rather than postponing her response.

Judicial economy, however, favors a stay. Defendants argue that their motion to dismiss presents Texas law issues unique to this case. Docket No. 7 at 4. However, their motion also raises several issues that these Defendants have raised in numerous other pending Gardasil cases. For example, Defendants have similarly argued in favor of dismissal based on preemption under the federal Vaccine Act, failure to state a claim, and improper shotgun pleading, among other arguments in: *Stratton v. Merck & Co.*, No. 2:21-cv-2211, Docket No. 6 (D.S.C. Oct. 20, 2021) (later granted in part, denied in part); *Dalton v. Merck & Co.*, No. 5:21-cv-12324, Docket No. 6 (E.D. Mich. Jan. 19, 2022); *Colbath v. Merck & Co.*, No. 3:21-cv-120, Docket No. 6 (S.D. Cal. Apr. 5, 2021), *Butler v. Merck & Co.*, Docket No. 3:22-cv-10006, Docket No. 8 (D. Mass. Apr. 28, 2022); and *Flores v. Merck & Co.*, No. 3:21-cv-166, Docket No. 54 (D. Nev. Apr. 29, 2022). Thus, while there may be some unique issues in Defendants' motion to stay in this case, there are also several common and overlapping issues that can likely be handled more efficiently in a consolidated MDL. Here, the interest in judicial economy outweighs the limited prejudice imposed on

Defendants by waiting for the JPML's decision on whether to transfer this case to an MDL.

Accordingly, the Court hereby **GRANTS** Plaintiff's motion to stay (Docket No. 6) and **STAYS** all further proceedings in this matter, including any further briefing on Defendants' motion to dismiss, until September 6, 2022, or until the JPML decides the motion to transfer this case to an MDL, whichever occurs first.

Finally, the Court directs the Clerk of Court to administratively close this case for administrative and statistical purposes.  The administrative and statistical closing of this case shall not prejudice the rights of the parties to proceed with this case if further proceedings become necessary.

**Signed this**

**May 4, 2022**

_____

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE