# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SAHARA WALKER,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>MERCK & CO., INC., a New Jersey Corporation; and MERCK SHARP & DOHME CORP., a New Jersey Corporation,<br><br>　　　　　　Defendants. | Case No. 3:20-cv-01048-jdp |

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER; DECLARATION OF BIJAN ESFANDIARI; [PROPOSED] ORDER**

　　Plaintiff Sahara Walker ("Ms. Walker" or "Plaintiff") respectfully submits this *Ex Parte* Application for an Order Modifying the Scheduling Order established in this Court's February 2, 2021 Preliminary Pretrial Conference Order (Dkt. 18).

　　Good cause exists for this modification of the existing scheduling order. This is because: (1) there is no dispute regarding Plaintiff's diligence in assisting the Court in creating a workable scheduling order; (2) Plaintiff will not be able to comply with the June 30, 2022, discovery cut off and the March 4, 2022 Plaintiff expert disclosure deadlines, despite her diligent efforts to comply; and (3) Plaintiff diligently brings this *Ex Parte* Application prior to the expiration of the deadlines and after numerous unsuccessful meet and confer efforts.

　　As outlined herein, given the pace in which Merck has produced its responsive documents and the volume of documents, Plaintiff needs additional time to review the documents, initiate depositions, complete discovery, and prepare her expert reports. Notably, while Plaintiff served her discovery requests in April 2021, Merck did not produce responsive documents to Plaintiff's Requests for Production in this case, but, in September 30, 2021, Merck began producing documents in another Gardasil-related case, *Gramza v. Merck*, Case No. 20-cv-

1

01425 (D. Ariz.). Merck agreed that Ms. Walker, who is represented by the same counsel as the plaintiff in the *Gramza* matter, can rely on documents produced in that Gardasil-related case. Merck's production in the *Gramza* matter has been made on a rolling basis, with an additional 1.2 million pages being produced as recently as February 3rd and February 15th of 2022.

Since September 2021, Merck has produced approximately 3 million pages of documents in *Gramza*. And, in a separate Gardasil-related case pending in California state court (*Robi v. Merck*, LASC Case No. BC628589), Merck has produced a total of approximately 20 million pages of Gardasil documents. Merck also agreed Ms. Walker can rely on documents produced in the *Robi* case. Given the volume of documents, and the fact that more than a million pages were just produced in the last three weeks, Plaintiff respectfully seeks approximately an eight-month continuance of some of the pre-trial dates.

This matter is being brought on an *ex parte* basis because there is no time to file a regularly-noticed motion to modify the scheduling order before the rapidly approaching close of fact discovery deadline of June 30, 2022 and the March 4, 2022 Plaintiff expert disclosure deadline. This is Plaintiff's first request to modify the scheduling order.

This Application is based upon the attached Memorandum of Points and Authorities, the Declaration of Bijan Esfandiari, and accompanying exhibits, and upon such other and further matters as may properly come before the Court.

Dated: February 28, 2022   **BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.**

By: /s/ *Bijan Esfandiari*
Bijan Esfandiari (*Admitted Pro Hac Vice*)
besfandiari@baumhedlundlaw.com
10940 Wilshire Blvd., Suite 1600
Los Angeles, CA 90024
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

*Attorney for Plaintiff*

2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **STATEMENT OF FACTS**

Plaintiff initiated the present action against defendants Merck & Co., Inc., and Merck Sharp & Dohme Corp. (collectively "Merck"), alleging she sustained autoimmune disease, including Postural Orthostatic Tachycardia Syndrome ("POTS") Orthostatic Hypotension ("OH"), Neurocardiogenic Syncope ("NCS") Dysautonomia, and other serious illnesses, as a result of a Gardasil injection she received when she was a minor. Merck is the manufacturer and promoter of Gardasil.

Plaintiff filed her Complaint (Dkt. 1) on November 18, 2020. Plaintiff met and conferred with Merck regarding case management deadlines (Esfandiari Decl. ¶¶ 3-4), and later participated in a Rule 26(f) Scheduling Conference held on January 22, 2021. *See* Dkt. 17. Then, on February 3, 2021, the Court entered a Preliminary Pretrial Conference Order (Dkt. 18), setting various pre-trial deadlines, including among others, a discovery cut-off of June 30, 2022, Plaintiff's expert disclosure deadline on March 4, 2022, and a dispositive motion deadline of May 2, 2022.

Plaintiff served 65 Requests for Production of Documents ("RFPs") on April 15, 2021. Esfandiari Decl. ¶ 5. Merck responded to these RFPs on or about June 3, 2021, but did not produce *any* responsive documents. *Id*. Because counsel for Ms. Walker is also counsel for plaintiffs in other Gardasil-related cases filed in other jurisdictions, Merck and Plaintiff's counsel agreed that Ms. Walker can rely on documents produced in those other Gardasil-related cases. *Id*. at ¶ 6.

On September 30, 2021, Merck began its production of documents for requests specifically propounded in another Gardasil-related case, *Gramza v. Merck*, Case No. 20-cv-01425 (D. Ariz.) . *Id*. at ¶ 7. A second production was made on November 17, 2021. *Id*. To be clear, no production has been made specifically in this case. *Id*.

On October 28, 2021 and December 28, 2021, Plaintiff began the process of meeting and conferring on deficiencies identified in Merck's production of documents. *Id*. at ¶ 8. Over the

3

next few months, Plaintiff's counsel and Merck engaged in extensive meet and confer discussions which are still ongoing. *Id.* Plaintiff also served an additional 24 RFPs on December 8, 2021. *Id*. at ¶ 9. Merck provided written responses to these RFPs on or about January 24, 2022, but not all responsive documents have been produced. *Id*. While meet and confer efforts are ongoing, in the last three weeks, Merck produced an additional one million pages of documents. *Id*. at ¶ 12.

Moreover, throughout the summer of 2021, the parties met and conferred several times to discuss custodial files, search terms, and to negotiate an ESI protocol and protective order. *Id*. at ¶ 10. The parties' stipulated protective order was finalized on June 23, 2021 (Dkt. 21), which was approved and entered by the Court that same day (Dkt. 22). The parties' ESI protocol was recently submitted for the Court's approval on February 8, 2022 (Dkt. 40) and it was approved and entered by the Court on February 15, 2022 (Dkt. 28).

The production that has occurred to date has been voluminous, but is still incomplete, and a large portion of these documents were produced in the last three weeks. In sum, the following production has been made:

| Date | Pages |
| --- | --- |
| September 30, 2021 | 722,609 |
| November 17, 2021 | 1,135,574 |
| February 3, 2022 | 1,105,237 |
| February 15, 2022 | 121,751 |

As outlined above, since September 30, 2021, Merck has produced approximately 3 million pages of documents in the Gardasil-related *Gramza* case – *and approximately 1.2 million of those pages were produced in the last three weeks*. Moreover, the parties have agreed that Ms. Walker can rely upon documents that Merck produced in another Gardasil-related case pending in California state court (*Robi v. Merck*, LASC Case No. BC628589). Esfandiari Decl. ¶¶ 6, 11. In total, among the pending Gardasil cases in which Merck has allowed Ms. Walker to review

the same documents, Merck has produced more than 8 million pages and native files that would equate to tens of millions of additional pages – totaling approximately 20 million pages of documents. *Id.* at ¶ 11; Ex. 2 at 8.

Additionally, Merck was still producing responsive documents as of February 15, 2022 and it is still unclear if Merck has finished producing all of its responsive documents. *Id.* at ¶ 12. Moreover, through Plaintiff's document review process, it has also become evident that Merck's document production is deficient, and the parties are continuing to meet and confer on these deficiencies. *Id*. at ¶ 13. The parties are also meeting and conferring on a considerable number of documents that may have been unreasonably redacted. *Id*. If these issues are not resolved through informal means, Plaintiff will need to file appropriate motions with the Court. *Id*. Further, Merck's counsel has indicated it would object to a witness being deposed twice. *Id*. at ¶ 14. This means Plaintiff needs to obtain and review all of the documents before taking depositions, as under Merck's admonitions, Plaintiff will only get one bite at the deposition apple.

Given the volume of discovery that must be completed among the various pending Gardasil cases, since early January, the parties' counsel have had multiple discussions in an attempt to reach an informal coordination of the various pending cases, and contemplated a schedule that is similar to Plaintiff's proposed schedule (below), however, attempts for coordination across the cases unfortunately failed. *Id*. at ¶ 15. Nevertheless, Plaintiff must request a continuance of these dates in order to adequately prosecute her case, and now proposes a case schedule that is consistent with the schedule the parties contemplated during the informal coordination process, and which two other federal courts have approved in two other pending cases, *Balasco v. Merck*, Case No. 20-cv-00364 (D. Rhode Island) and *Gramza v. Merck*, Case No. 20-cv-01425 (D. Ariz.). *See* Esfandiari Decl. ¶¶ 15-18, Ex. 3-5.

Plaintiff has advised Merck of the instant application to modify the scheduling order, given that the informal coordination attempts have been unsuccessful. *Id.* at ¶ 19. Accordingly, Plaintiff requests a continuation of the pre-trial deadlines by approximately eight months in order

to adequately prepare her case for trial. Given the fast-approaching pre-trial deadlines, Plaintiff must now file the instant request on an *ex parte* basis. On February 28, 2022, Merck informed Plaintiff that while it agrees to some extension of the current case schedule (including the March 4, 2022 expert disclosure deadline) it does not agree to the approximately eight-month extension that Plaintiff proposes. *Id.*

## LEGAL STANDARD

Rule 16(b)(4) grants this Court authority to modify the scheduling order for good cause. *Chesemore v. Alliance Holdings, Inc.*, 284 F.R.D. 416, 417 (W.D. Wisc. 2012). In making this determination, the primary consideration is the diligence of the party seeking amendment. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005); *Larchmont Holdings, LLC. V. North Shore Services, LLC*, 2017 WL 11579702, at *3 (W.D. Wisc. May 10, 2017).

## ARGUMENT

Plaintiff has good cause for seeking a modification to the scheduling order. First, there is no dispute regarding Plaintiff's diligence in assisting the Court in creating a workable scheduling order given the complex nature of this action. As outlined above in the statement of facts, Plaintiff met and conferred with Merck regarding the Rule 26(f) scheduling conference and since the Court's entry of the Preliminary Pretrial Conference Order, Plaintiff has met and conferred with Merck regarding continuing the current pretrial schedule. Esfandiari Decl. ¶¶ 3-4, Ex. 1.

Plaintiff will not be able to comply with the June 30, 2022 discovery cut off and the March 4, 2022 expert disclosure deadline, despite her diligent efforts to comply. Given the volume of documents produced, the delay in Merck producing the bulk of its documents (including over one million pages of documents produced in the last three weeks), the fact that it is not clear whether Merck has finished its production, and the ongoing meet and confer efforts regarding Merck's deficient document production and its improper redaction of documents, Plaintiff will need additional time to complete discovery. *See id.* at ¶¶ 12-14. Plaintiff requires reasonable time to review the millions of pages that have been produced, and the additional

documents that Merck still needs to produce. *Id.* at ¶ 21. In addition, once this document review is completed, Plaintiff will need time to complete depositions of Merck's relevant custodians, and any relevant third parties. *Id.* Thus, in light of the glacial pace of document production to date and the effect that pace had on other aspects of discovery, it is clear Plaintiff will not be able to comply with the current June 30, 2022 discovery cut-off and March 4, 2022 expert disclosure deadlines. Furthermore, this noncompliance was not foreseeable to Plaintiff, as Plaintiff propounded the relevant discovery requests in April 2021. It is now February 2022, and it is unclear whether Merck has finished its production on the various RFPs.

Plaintiff brings this Application before the close of fact discovery and before Plaintiff's expert disclosure deadline. Plaintiff was diligent in seeking to resolve scheduling issues with Merck's counsel prior to these upcoming deadlines. Although the parties attempted to informally coordinate the case schedules among other pending Gardasil-related matters, those efforts were unsuccessful. *Id.* at ¶ 15. Accordingly, Plaintiff respectfully requests that the Court modify the Scheduling Order by continuing the pre-trial deadlines as follows:

| Action or Event | Scheduling Order Dates | Plaintiff's Proposed Dates |
|---|---|---|
| Close of Discovery | All Discovery: June 30, 2022 | Fact Discovery: October 3, 2022[1]<br><br>Expert Discovery: February 10, 2023 |
| Deadlines for Disclosure of Experts | Plaintiff: March 4, 2022<br><br>Defendant: April 4, 2022<br><br>Rebuttal expert disclosures: April 18, 2022 | Plaintiff: November 18, 2022<br><br>Defendant: December 21, 2022<br><br>Rebuttal expert disclosures: January 10, 2023 |
| Deadline to File Dispositive Motions | May 2, 2022 | March 3, 2023 |

---

[1] Third-party depositions related to Plaintiff's treatment and injuries may be taken after this date by agreement of the parties or for good cause shown.

| Deadline for Submitting Settlement Letters | September 2, 2022 | March 17, 2023 |

      The foregoing proposed dates will hopefully provide Plaintiff with sufficient time to obtain all the documents Merck has promised to produce, review those documents, conduct depositions, prepare Rule 26 expert reports following the conclusion of discovery, and prepare this case for trial. In addition, these dates are consistent with *amended* pre-trial deadlines recently approved by two other District Court's overseeing two separate Gardasil-related personal injury cases. *See* Esfandiary Decl. ¶¶15-18, Ex. 3 & 4 (*Balasco* Request to Amend Scheduling Order and Order Granting Request); Ex. 5 (*Gramza* Order Granting Plaintiff's *Ex Parte* Application to Modify Scheduling Order).

      Simply put, it has taken Merck 10 months to produce its responsive documents in other Gardasil-related cases, for Plaintiff's review here, and in February 2022 alone, Merck produced an additional 1.2 million pages of documents in response to Plaintiff's discovery requests. Plaintiff needs equal time to review and analyze these documents (which to date total several million pages), and to take the necessary depositions based on these documents. Esfandiary Decl. ¶ 20. Plaintiff should not be prejudiced by the slow pace in which Merck chose to produce its documents—accordingly, Plaintiff respectfully requests approximately an eight-month extension of the pre-trial deadlines as outlined above so that she can have sufficient time to review the documents, complete her discovery and prepare her expert reports.

## CONCLUSION

      For the foregoing reasons, Plaintiff requests that the Court enter an order modifying the Scheduling Order in accordance with the dates set out above in this *Ex Parte* Application.

Dated: February 28, 2022                          **BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.**

                                                By: */s/ Bijan Esfandiari*
                                                      Bijan Esfandiari (*Admitted Pro Hac Vice*)
                                                      besfandiari@baumhedlundlaw.com
                                                      10940 Wilshire Blvd., Suite 1600
                                                      Los Angeles, CA 90024
                                                      Telephone: (310) 207-3233

Facsimile: (310) 820-7444

*Attorney for Plaintiff*