# EXHIBIT 6

# Morgan Lewis

**Deanne L. Miller**
Partner
+1.213.612.2536
deanne.miller@morganlewis.com

May 19, 2022

**VIA EMAIL**

Mr. Bijan Esfandiari, Esq.
Mr. Harrison James, Esq.
Baum, Hedlund, Aristei & Goldman, PC
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
BEsfandiari@BaumHedlundLaw.com

Re:   *Otto vs. Merck & Co., Inc.* – Merck's Discovery Responses
      Case No. 30-2020-01160496-CU-PL-CJC

Dear Counsel:

We write to further memorialize our discovery efforts and the parties' discussions related thereto. The Merck Defendants ("Merck") have now served supplemental responses, where appropriate, to Plaintiff's First Set of Special Interrogatories and First Set of Requests for Production of Documents. As the parties previously discussed, Merck's supplemental responses often update the prior responses to refer Plaintiff to responsive documents that have already been produced and to which Plaintiff already has access for use in this case.

We have had several meet and confer discussions with you in an effort to address any concerns you have raised with respect to discovery. As part of those discussions, we have answered questions you posed to us, performed additional investigative work and produced additional documents on a rolling basis. Your emails stating that you have been waiting for discovery responses "since October 2021" are simply not a fair characterization of the parties' efforts to date.

To help facilitate your review, the following is a non-exhaustive list of the 41 productions Merck has made since May 14, 2018 that Plaintiff has access to, which includes Merck's productions in both *Gramza v. Merck & Co., Inc.* and *Robi v. Merck & Co., Inc.* that we have agreed Plaintiff may also utilize in this case:

- GARDASIL® Package inserts

*Otto vs. Merck & Co., Inc.* – Merck's Discovery Responses
May 19, 2022
Page 2

- GARDASIL® and GARDASIL® 9 regulatory file, excluding the CMC sections
- GARDASIL® and GARDASIL® 9 patient-level SAS data that accompanied Clinical Study Reports, as submitted to the FDA
- GARDASIL® and GARDASIL® 9 Clinical Study Reports
- GARDASIL® and GARDASIL® 9 Non-Clinical Study Reports
- GARDASIL® 15 Day Reports
- GARDASIL® and GARDASIL® 9 Electronic Case Report Forms
- GARDASIL® and GARDASIL® 9 Periodic Safety Update Reports
- GARDASIL® and GARDASIL® 9 Marketing materials and PIRs
- GARDASIL® and GARDASIL® 9 Relevant Adverse Event data from the Merck Adverse Event Reporting and Review System (MARRS)
- GARDASIL® and GARDASIL® 9 CIOMS and VAERS forms, containing information pulled from the MARRS database
- Case-specific information regarding Plaintiff's vaccinators
- Responsive, non-privileged documents from the files of the expanded list of 50[1] agreed-upon custodians

In January 2022, Plaintiff's counsel's attention moved away from the meet and confer process in this case, as Plaintiff's counsel was seemingly focused on discussions about efforts to informally coordinate discovery across several matters. In early February 2022, your team agreed to provide a list of the open issues/specific disputes that you contend remained to be resolved. We did not receive the promised list, and on April 15, 2022, in response to your request to further extend motion to compel deadlines, we reiterated our request for a list of open issues/specific RFPs. You again agreed, but subsequently referred us to your original October 2021 letter despite the progress that had been made over time to address those issues. Accordingly, we worked from your original letter to prepare Merck's supplemental responses, where appropriate. We remain willing to discuss any specific request you contend remains at issue and/or any specific document(s) Plaintiff continues to seek and believes he does not have before we seek the Court's assistance.

Merck has produced over 925,000 documents to date. This is in contrast to Plaintiff's failure to produce any documents whatsoever, despite his September 2021 written responses to Merck's discovery requests committing to produce responsive documents and a vague commitment from Mr. James to make a "substantial production . . . within the next several weeks." We ask that you please supplement Plaintiff's deficient responses and produce Plaintiff's responsive documents as soon as possible.

---

[1] Merck inadvertently referred to this number as 25 custodians in its Supplemental Responses to Plaintiff's First Set of Special Interrogatories, Response No. 74.

*Otto vs. Merck & Co., Inc.* – Merck's Discovery Responses
May 19, 2022
Page 3

Please let us know when you would like to schedule a time to discuss these issues after your review of Merck's supplemental responses.

Sincerely,

Deanne Miller