UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:        **July 28, 2022**

LOCATION OF HEARING SESSION:   United States Courthouse
                                Courtroom 18B, 18th Floor
                                700 Stewart Street
                                Seattle, Washington 98101

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.**  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel continues to monitor the ongoing COVID-19 pandemic.  **At present, the Panel intends to hear oral argument in person, but reserves the option to hear oral argument by videoconference or teleconference should circumstances warrant.**  Allocations of argument time will be made before the Hearing (using procedures employed at recent Panel hearings conducted by videoconference) such that counsel will be informed in advance of the hearing whether they are allocated time to argue. Allocations will not be made or changed at the Hearing. Further details regarding how the Hearing Session will be

-2-

conducted shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument.

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **July 5, 2022.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

cc: Clerk, United States District for the Western District of Washington

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on July 28, 2022, the Panel will convene a hearing session in Seattle, Washington, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c). **Oral argument will be heard in person unless the Panel determines that circumstances caused by the COVID-19 pandemic warrant hearing argument by videoconference or teleconference.** Should the Panel determine that oral argument is to be conducted by videoconference or teleconference, the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this decision to counsel for all parties involved in the matters listed on the attached Schedule.

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton      Matthew F. Kennelly
David C. Norton          Roger T. Benitez
Dale A. Kimball          Madeline Cox Arleo

SCHEDULE OF MATTERS FOR HEARING SESSION
July 28, 2022 -- Seattle, Washington

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3036 − **IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Sahara K. Walker, Jasmyne Gramza, Michael A. Colbath, Mark Thomas, Skylee A. Butler, Emma E. Sullivan, Savannah M. Flores, Julia Balasco, Abigail R. Stratton, Ashley K. Dalton, Madelyn G. Malloy, Corinn McElerney, Ruby D. Silver, and Ashley Muller to transfer the following actions to the United States District Court for the District of Arizona or, in the alternative, the United States District Court for the Western District of Wisconsin:

District of Arizona

GRAMZA v. MERCK & COMPANY INC., ET AL., C.A. No. 2:20−01425
MERINO v. MERCK & COMPANY INC., ET AL., C.A. No. 2:22−00398
VELA, ET AL. v. MERCK & COMPANY INC., ET AL., C.A. No. 2:22−00420

Central District of California

ATJIAN, II v. MERCK & CO., INC., ET AL., C.A. No. 2:22−01739
FETTERS v. MERCK & CO., INC., ET AL., C.A. No. 8:22−00422
LEVY v. MERCK & CO., INC., ET AL., C.A. No. 8:22−00431

Southern District of California

COLBATH v. MERCK & CO., INC., ET AL., C.A. No. 3:21−00120

Middle District of Florida

MCELERNEY v. MERCK & CO., INC., ET AL., C.A. No. 8:21−01814
SILVER v. MERCK & CO, INC., ET AL., C.A. No. 8:21−02903

Northern District of Florida

MULLER v. MERCK & CO., INC., ET AL., C.A. No. 3:21−01335

Southern District of Florida

THOMAS v. MERCK & CO, INC., ET AL., C.A. No. 9:22−80445

Northern District of Georgia

HENDRIX v. MERCK & CO., INC., ET AL., C.A. No. 1:22−01171
WINGERTER, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 1:22−01178

District of Hawaii

HODDICK v. MERCK & CO., INC., C.A. No. 1:22−00144

Central District of Illinois

HUMPHRIES v. MERCK & CO., INC., ET AL., C.A. No. 4:21−04154

Northern District of Illinois

RAYMER v. MERCK & CO., INC., ET AL., C.A. No. 1:22−01643
LANDERS v. MERCK SHARP & DOHME CORP., ET AL., C.A. No. 1:22−01696
WAGNER, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 1:22−01717

Northern District of Indiana

LIPSCOMB v. MERCK & CO., INC., ET AL., C.A. No. 1:22−00116

Middle District of Louisiana

SOILEAU v. MERCK & CO., INC., ET AL., C.A. No. 3:22−00210

District of Massachusetts

BUTLER v. MERCK & CO., INC., ET AL., C.A. No. 3:22−10006

    Eastern District of Michigan

DALTON v. MERCK & CO., INC., ET AL., C.A. No. 5:21−12324

    District of Nevada

FLORES v. MERCK & CO., INC., ET AL., C.A. No. 3:21−00166

    District of New Jersey

SULLIVAN v. MERCK & CO., INC., ET AL., C.A. No. 3:22−00116

    Middle District of North Carolina

DERR v. MERCK & CO., INC., ET AL., C.A. No. 1:22−00212

    Western District of North Carolina

BERGIN v. MERCK & CO., INC., ET AL., C.A. No. 3:22−00117
HILTON v. MERCK & CO., INC., ET AL., C.A. No. 5:22−00030

    District of Rhode Island

BALASCO v. MERCK & CO., INC., ET AL., C.A. No. 1:20−00364

    District of South Carolina

STRATTON v. MERCK & CO., INC., ET AL., C.A. No. 2:21−02211

    Eastern District of Texas

MALLOY v. MERCK & CO., INC., ET AL., C.A. No. 6:21−00506

    Southern District of West Virginia

LANDERS, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:22−00160

    Western District of Wisconsin

WALKER v. MERCK & CO., INC., ET AL., C.A. No. 3:20−01048

MDL No. 3037 − **IN RE: RECALLED ABBOTT INFANT FORMULA PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Arturo Andaluz to transfer the following actions to the United States District Court for the Southern District of Florida:

    Central District of California

ANDALUZ v. ABBOTT LABRATORIES, INC., ET AL., C.A. No. 2:22−02001

    Southern District of Florida

SUAREZ v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−20506
EPHRAIM, ET AL. v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−20516

    Northern District of Illinois

WHITMORE, ET AL. v. ABBOTT LABORATORIES, C.A. No. 1:22−01012
RAYMOND, ET AL. v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−01014
DEFFEBAUGH v. ABBOTT LABORATORIES, C.A. No. 1:22−01079
GARZA v. ABBOTT LABORATORIES, C.A. No. 1:22−01080
MENENDEZ v. ABBOTT LABORATORIES, C.A. No. 1:22−01082
HARKLESS v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−01097
LYONS v. ABBOTT LABORATORIES, C.A. No. 1:22−01125
BAZEMORE v. ABBOTT LABORATORIES, C.A. No. 1:22−01126
MCCORD v. ABBOTT LABORATORIES, INC., C.A. No. 1:22−01182
JOHNSON v. ABBOTT LABORATORIES, C.A. No. 1:22−01239
BOYSEN v. ABBOTT LABORATORIES, C.A. No. 1:22−01259

    Eastern District of Michigan

WILLIAM v. ABBOTT LABORATORIES, C.A. No. 5:22−10550

    District of South Carolina

STEELE v. ABBOTT LABORATORIES, INC., C.A. No. 2:22−00571

    Northern District of Texas

STEPHENS v. ABBOTT LABORATORIES, INC., C.A. No. 3:22−00618

Southern District of Texas

WALKER v. ABBOTT LABORATORIES, INC., C.A. No. 4:22−00858

MDL No. 3038 − **IN RE: OZEMPIC (SEMAGLUTIDE) PATENT LITIGATION**

Motion of plaintiffs Novo Nordisk Inc., et al., to transfer the following actions to the United States District Court for the District of Delaware:

District of Delaware

NOVO NORDISK INC., ET AL. v. RIO BIOPHARMACEUTICALS, INC., ET AL., C.A. No. 1:22−00294
NOVO NORDISK A/S, ET AL. v. SUN PHARMACEUTICAL INDUSTRIES LTD., ET AL., C.A. No. 1:22−00296
NOVO NORDISK INC., ET AL. v. ZYDUS WORLDWIDE DMCC, ET AL., C.A. No. 1:22−00297
NOVO NORDISK INC., ET AL. v. DR. REDDY'S LABORATORIES LTD., ET AL., C.A. No. 1:22−00298
NOVO NORDISK INC., ET AL. v. ALVOGEN, INC., C.A. No. 1:22−00299

Northern District of West Virginia

NOVO NORDISK INC., ET AL. v. MYLAN PHARMACEUTICALS, INC., C.A. No. 1:22−00023

MDL No. 3039 − **IN RE: KRONOS CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiffs Danielle Pallotta, et al., to transfer the following actions to the United States District Court for the District of Massachusetts:

Northern District of California

MULLER, ET AL. v. UKG INC., C.A. No. 3:22−00346
VILLANUEVA v. UKG, INC., C.A. No. 3:22−01789
BENTE v. UKG, INC., C.A. No. 3:22−02554

District of Massachusetts

PALLOTTA, ET AL. v. UNIVERSITY OF MASSACHUSETTS MEMORIAL MEDICAL CENTER, ET AL., C.A. No. 4:22−10361

Western District of Pennsylvania

KROECK v. WEST PENN ALLEGHENY HEALTH SYSTEM, INC., ET AL.,
C.A. No. 2:22−00066

MDL No. 3040 − **IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Scott Olsen to transfer the following actions to the United States District Court for the Northern District of California or the United States District Court for the Central District of California:

Central District of California

REILMAN v. FCA US LLC, C.A. No. 8:22−00811

Northern District of California

LAWRENCE v. FIAT CHRYSLER AUTOMOBILES, FCA US LLC,
C.A. No. 3:22−02372
GOMEZ v. FCA US LLC, C.A. No. 5:22−02171

Southern District of California

OLSEN v. FIAT CHRYSLER AUTOMOBILES (FCA) US LLC, C.A. No. 3:22−00368

Eastern District of Michigan

HUNTINGTON, ET AL. v. FCA US LLC, C.A. No. 4:22−10508
SCHUMANN, ET AL. v. FCA US LLC, C.A. No. 4:22−10771
FINDEISS, ET AL. v. FCA US LLC, C.A. No. 4:22−10850

MDL No. 3041 − **IN RE: SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM LITIGATION**

Motion of plaintiffs Ali Nasser Abdullah, et al., to transfer the following actions to the United States District Court for the District of Columbia:

Central District of California

MARTINEZ, ET AL. v. UNITED STATES OF AMERICA, C.A. No. 5:21−01940

        <u>District of District of Columbia</u>

ABDULLAH, ET AL. v. UNITED STATES OF AMERICA, ET AL.,
   C.A. No. 1:22−00029
KAHN, ET AL. v. UNITED STATES OF AMERICA, ET AL., C.A. No. 1:22−00071
ZATARAH, ET AL. v. UNITED STATES OF AMERICA, ET AL., C.A. No. 1:22−00703

        <u>Southern District of Indiana</u>

SAID v. UNITED STATES OF AMERICA, C.A. No. 1:21−01385

MDL No. 3042 − **IN RE: TAASERA LICENSING, LLC, PATENT LITIGATION**

    Motion of Trend Micro, Inc., to transfer the following actions to the United States District Court for the Northern District of California or, in the alternative, the United States District Court for the Southern District of New York:

        <u>Southern District of New York</u>

PALO ALTO NETWORKS, INC. v. TAASERA LICENSING LLC, ET AL.,
   C.A. No. 1:22−02306

        <u>Eastern District of Texas</u>

TAASERA LICENSING LLC v. TREND MICRO INCORPORATED,
   C.A. No. 2:21−00441
TAASERA LICENSING LLC v. CHECK POINT SOFTWARE TECHNOLOGIES
   LTD., C.A. No. 2:22−00063

        <u>Northern District of Texas</u>

TREND MICRO, INC. v. TAASERA LICENSING LLC, C.A. No. 3:22−00518

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiff State of New Hampshire to transfer of the *State of New Hampshire* action and defendants Iselin Fire Department #9 and Iselin Fire Department #11 to transfer of the *Insurance Auto Auctions, Inc.* action to the United States District Court for the District of South Carolina; and motion of defendant 3M Company to transfer the *People of the State of Illinois* action to the United States District Court for the District of South Carolina:

Central District of Illinois

PEOPLE OF THE STATE OF ILLINOIS v. 3M COMPANY, C.A. No. 4:22−04075

District of New Hampshire

STATE OF NEW HAMPSHIRE v. 3M COMPANY, ET AL., C.A. No. 1:22−00145

District of New Jersey

INSURANCE AUTO AUCTIONS, INC. v. CARTERET FIRE DEPARTMENT, ET AL., C.A. No. 2:22−02079

MDL No. 2885 − **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs John Jalili and Oral Janice to transfer of their respective following actions to the United States District Court for the Northern District of Florida:

District of Minnesota

JALILI v. 3M COMPANY, ET AL., C.A. No. 0:22−00781
JANICE v. 3M COMPANY, ET AL., C.A. No. 0:22−00783

MDL No. 3026 − **IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

<u>Eastern District of California</u>

PARIANI v. MEAD JOHNSON & COMPANY, LLC, ET AL., C.A. No. 2:22−00723
LAFOND, ET AL. v. MEAD JOHNSON & COMPANY, LLC, ET AL.,
 C.A. No. 2:22−00724

<u>Northern District of California</u>

THOMAS, ET AL. v. MEAD JOHNSON & COMPANY, LLC, ET AL.,
 C.A. No. 4:22−02460
TRACY, ET AL. v. MEAD JOHNSON & COMPANY, LLC, ET AL.,
 C.A. No. 4:22−02480
HARTWICK, ET AL. v. MEAD JOHNSON & COMPANY, LLC, ET AL.,
 C.A. No. 4:22−02598

<u>Southern District of Illinois</u>

ALEXANDER, ET AL. v. MEAD JOHNSON & COMPANY, LLC, ET AL.,
 C.A. No. 3:22−00812

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)   <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)   <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

        (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)   <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

        (i) the dispositive issue(s) have been authoritatively decided; or

        (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process. Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)   <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

        (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

        (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)   <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

    (f)   <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.