BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In Re: Gardasil                                                                                           MDL No: 3036
Products Liability Litigation

### INTERESTED PARTY RESPONSE IN SUPPORT OF MOTION TO TRANSFER ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Avery Eshelman, pending in the Western District of Oklahoma, *Eshelman v. Merck & Co., Inc., et al.,* case number 5:22-cv-00523-HE, on behalf of herself and all others similarly situated, respectfully submits this Interested Party Response in Support of Motion to Transfer Actions pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings seeking consolidation of all actions pending in federal court involving the prescription drug Gardasil, against defendants Merck & Co., Inc., and Merck, Sharp and Dohme Corporation ("Defendants"). This Response is made by The Carlson Law Firm, LLC, filed with the JPML on July 5, 2022, seeking consolidation and coordinated pretrial procedures under 28 U.S.C. § 1407. The Plaintiffs agree that consolidation is appropriate and concur that the most appropriate venue is United States District Court in Arizona before the Hon. Judge Douglas L. Rayes. Movant requests transfer and coordination to the District of Arizona, and respectfully suggests that the actions are centralized in the District of Arizona. In the alternative, the Central District of California would also be a suitable forum.

Pursuant to Rule 6.2(e) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Plaintiff respectfully files this *Interested Party Response* to the Motion filed by Plaintiffs Sahara K. Walker, et al. for Transfer of Actions to the District of Arizona, Pursuant to

1

28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings. *See* Exhibit A & A1, attached motion of Sahara K. Walker et al. for transfer.

## I. BACKGROUND

Movant adopts the background set forth by Plaintiffs Sahara K. Walker, et al. in their Motion and Memorandum of Law. *Id.*

Plaintiff's case is currently pending in the District Court for the Western District of Oklahoma. Plaintiff, similar to Plaintiff Sahara K. Walker, suffered direct and unique injuries as a result of receiving the Gardasil vaccine. This Gardasil vaccine was developed by Defendants and has been distributed throughout the United States since 2006. The current scope of Gardasil litigation is widespread as well as uncoordinated with actions filed in approximately 25 different federal district courts throughout the country.

Plaintiff agrees with the arguments presented in the original Motion, Memorandum of Law, and the Interested Party Responses otherwise filed by other plaintiffs regarding consolidation and centralization in Judge Rayes' Court in the District Court of Arizona. All of these cases involve common issues of fact and law regarding claims for failure to warn, manufacturing defect, design defect, breach of warranty, fraud, and misrepresentation in the manufacturing, testing, sales, marketing, distribution, and labeling of Gardasil.

## II. ARGUMENT

### A. Transfer and Consolidation or Coordination of All Actions Is Appropriate Under 28 U.S.C. § 1407.

The purpose of the multidistrict litigation process is to "eliminate the potential for contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Multidistrict Private Civ. Treble Dames Litig.*, 298 F.Supp. 484, 491-92 (J.P.M.L. 1968). 28 U.S.C. §1407 provides for transfer of actions to one district for coordinated or

consolidated pretrial proceedings where actions pending in different districts involve one or more common questions of fact.  28 U.S.C.§1407(a). There are three (3) criteria for transfer under 28 U.S.C. §1407(a):

1. The actions must share common issues of fact;

2. Transfer must be for the convenience of the parties and witnesses; and

3. Transfer must advance the just and efficient conduct of the actions.

All three factors will be satisfied by consolidation of these Gardasil matters. Consolidation is especially important in actions where "the potential for conflicting, disorderly, chaotic" action is greatest.  *In re Multidistrict Private Civ. Treble Dames Litig.,* 298 F.Supp. at 493.  Transfer of related actions to a single district for pretrial proceedings avoid conflicting pretrial discovery and ensures uniform and expeditious treatment in the pretrial procedures.  *In re Phenylpropanolamine (PPA) Prods.Liab.Litig.,* 460 F.3d 1217, 1230 (9th Cir. 2006).

Determination of these and other common issues in a single district will benefit the parties and witnesses, and promote the just and efficient prosecution and resolution of the actions. Without transfer and consolidation of the actions, the significant hazard of inconsistent rulings exists, and judicial inefficiency, overlapping discovery, and unnecessary expense will certainly result.

The Gardasil products liability cases are well-suited for centralization under Section 1407. Though scattered across the country, these cases are closely related:  they share the same Defendants, the same basic theory of liability, and the same basic factual allegations.  All of the cases will involve the same core of lay and expert witnesses and document discovery.  Further, at the time of this filing, there are numerous individual cases already on file in numerous jurisdictions, filed by independent law firms.  Separate litigation of these cases, as well as the

hundreds of others likely to be filed in the future, would be extremely inefficient, lead to potential differing outcomes, duplicative discovery, and significant burden on all parties as well as the respective District Courts. Transferring of these matters pursuant to 28 U.S.C.§1407, however would enhance the convenience and efficiency of this litigation and significantly conserve judicial resources in the process. Thus, the panel should order transferring the Gardasil products liability cases to one judicial district for pretrial coordination or consolidation.

> **B.    The District of Arizona is the Most Appropriate Forum for Transfer and Consolidation or Coordination.**

There are numerous factors which the Panel generally takes into consideration in determining the most appropriate transferee forum. Among those factors include the number of cases pending in the jurisdiction, convenience of the parties, location of witnesses and other evidence, whether the district is in an accessible metropolitan location, the caseload of the transferee district, and experience in management of class actions and complex litigation. *See, e.g., In re Wheat Farmers Antitrust Class Action Litig.,* 366 F. Supp. 1087, 1088 (J.P.M.L. 1973); *In re Preferential Drug Prods. Pricing Antitrust Litig.,* 429 F. Supp. 1027, 1029, (J.P.M.L. 1977); *In re Tri-State Crematory Litig.,* 206 F. Supp. 2d 1376, 1378 (J.P.M.L. 2002); *In re General Motors Corp. Dex-Cool Products Liability Litig.,* 293 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003); *In re Educ. Testing Serv. Plt 7-12 Testing Scoring Litig.,* 250 F. Supp. 2d 1363, 1365 J.P.M.L.2004). Of the various potential venues in the United States, the District of Arizona best meets those factors.

The District of Arizona, specifically Judge Douglas L. Rayes, is well-versed and extremely experienced in handling multi-district litigations and specifically, handling products liability cases. Furthermore, the District of Arizona's bench and staff have extensive experience in overseeing multiple complex MDL proceedings involving complicated medical issues.

Moreover, currently, there are at least 3 actions filed in the District of Arizona and at least one of these actions is in front of Judge Douglas L. Rayes.

In the alternative, Movant respectfully requests that these proceedings be coordinated or consolidated in the Central District of California, where at least 4 actions are currently filed.

### III.   CONCLUSION

For the reasons discussed above, Movant respectfully requests that the Panel transfer the Actions for coordinated or consolidated pretrial proceedings, before the District of Arizona and in front of Judge Rayes.

Dated: July 5, 2022                                            Respectfully submitted,

/s/ *Ruth Rizkalla*
Ruth Rizkalla (Pro Hac Vice pending)
rrizkalla@carlsonattorneys.com
Valeri Malone
vmalone@carlsonattorneys.com
Emily Marlowe (Pro Hac Vice pending)
emarlowe@carlsonattorneys.com
The Carlson Law Firm, PC
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266
Phone: 254-526-5688
Fax: 254-526-8204

*Attorneys for Plaintiff*