BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 3036 |

**INTERESTED PARTY RESPONSE IN SUPPORT OF
MOTION TO TRANSFER ACTIONS PURSUANT TO
28 U.S.C. § 1407 FOR COORDINATED PRETRIAL PROCEEDINGS**

Plaintiff Ethan Hartle hereby files his response in support of the Movant-Plaintiffs' motion seeking transfer and consolidation pursuant to 28 U.S.C. § 1407 of all cases filed in federal courts alleging injury resulting from Defendants Merck & Co, Inc. and Merck Sharpe & Dohme Corp.'s (collectively "Defendants") Gardasil vaccine. (D.E. 1). Plaintiff Hartle agrees with Movant-Plaintiffs that the appropriate forum for coordination and consolidation is either the District of Arizona or, alternatively, the Western District of Wisconsin.

## INTRODUCTION

Plaintiff Hartle filed his Complaint in the Southern District of Iowa (Case No. 22-cv-00195) alleging negligence, strict liability, breach of warranty, common law fraud, and state consumer protection act claims against Defendants in connection with his personal injuries (specifically, autoimmunological disease) resulting from Defendants' Gardasil vaccine. Plaintiff Hartle is but one of dozens of plaintiffs in numerous federal district courts alleging similar injuries as a result of Defendants' Gardasil vaccine. *See* D.E. 8.1 (Schedule of Actions). Transfer and consolidation would serve the purpose of judicial efficiency and convenience for the parties and witnesses, and would minimize the risk of inconsistent legal rulings on common issues.

## ARGUMENT

Plaintiff Hartle joins in Movant-Plaintiffs' arguments regarding the propriety of coordination and consolidation of the pending Gardasil autoimmune injury cases. *See* Memorandum of Law in Support of Movants' Motion for Transfer (D.E. 1-1) at pp. 1-20. Transfer is appropriate where: (1) "civil actions involving one or more common question of fact are pending in different districts;" (2) transfer or coordination "will promote the just and efficient consideration of such actions;" and (3) transfer and coordination will serve "the convenience of parties and witnesses." 28 U.S.C. § 1407(a). The Gardasil lawsuits satisfy all these conditions for transfer.

There are currently 33 cases pending in federal courts across the country alleging injuries resulting from the Gardasil vaccine. *See* D.E. 8.1. (More filings are anticipated because numerous cases involving Gardasil are currently pending in the U.S. Court of Federal Claims and because other attorneys will likely file lawsuits as information about Gardasil's adverse effects becomes more well known.) These cases raise common questions of fact and involve common issues for discovery. *See* D.E. 1-1, pp. 6-8. Although Section 1407 does not require absolute uniformity of claims, all Gardasil autoimmune injury cases are premised on common factual allegations regarding Defendants' defective and unreasonably dangerous vaccine. *See In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004) ("We observe that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer.").

Here, the common underlying facts include: (i) Plaintiff received Defendants' Gardasil vaccine; (ii) Plaintiff relied on Defendants' representations regarding the safety and efficacy of

the Gardasil vaccine; (iii) Defendants concealed certain risks associated with the Gardasil vaccine; (iv) Defendants made various misrepresentations and engaged in false advertising in the course of promoting the Gardasil vaccine; (v) Defendant knew or should have known of the risk of neurological injury and autoimmune disease associated with the Gardasil vaccine; (vi) Defendants failed to warn of these risks associated with the Gardasil vaccine, and (vii) Plaintiff suffered autoimmunologic disease as a direct and proximate result of the Gardasil vaccine. Section 1407(a)'s first element is satisfied.

If these substantially-similar claims pending in in a number of different courts are not consolidated in a single forum, there will be duplicative discovery and motion practice and, likely, inconsistent rulings on common issues.  And, it will be much more convenient for the parties and witnesses to litigate pre-trial matters in a single forum versus conducting simultaneous, and largely duplicative, proceedings in dozens of district courts.  Section 1407(a)'s second and third elements are easily satisfied.

Conversely, information coordination of the Gardasil vaccine cases would be unworkable.  The cases are scattered among numerous law firms and district courts across the country, and already there have been inconsistent rulings on motions to dismiss and vastly different scheduling orders.  *See* D.E. 1-1, pp. 8-9.  Attempts at informal coordination, when fewer cases with fewer firms were pending, have already failed.  *Id.* at pp. 9-12.  Thus, formal coordination is warranted under the circumstances.

Finally, Plaintiff Hartle joins Movant-Plaintiffs in requesting that the pending Gardasil cases, including Plaintiff Hartle's case, be transferred for centralized proceedings to the District of Arizona or, alternatively, the Western District of Wisconsin for the reasons stated in Movant-Plaintiff's application.

**CONCLUSION**

Based on the foregoing, as well as Movant-Plaintiffs' arguments, Plaintiff Hartle respectfully requests that the pending Gardasil cases, including Plaintiff Hartle's, be transferred for centralized proceedings to the District of Arizona or, alternatively, the Western District of Wisconsin.


Dated:  July 5, 2022                                  Respectfully submitted,

                                                                  */s/ Brian O. Marty*
                                                                  Brian O. Marty, AT0011622
                                                                  J. Barton Goplerud, AT002983
                                                                  **SHINDLER, ANDERSON, GOPLERUD & WEESE, P.C.**
                                                                  5015 Grand Ridge Drive, Suite 100
                                                                  West Des Moines, IA 50265
                                                                  Telephone: (515) 223-4567
                                                                  Facsimile: (515) 223-8887
                                                                  Email: marty@sagwlaw.com
                                                                           goplerud@sagwlaw.com

                                                                  *Counsel for Plaintiff Ethan Hartle*