**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION** | MDL No. 3036 |

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO –15)**

On August 4, 2022, the Panel transferred 29 civil action(s) to the United States District Court for the Western District of North Carolina for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* __F.Supp.3d__ (J.P.M.L. 2022). Since that time, 34 additional action(s) have been transferred to the Western District of North Carolina. With the consent of that court, all such actions have been assigned to the Honorable Robert J. Conrad, Jr.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Western District of North Carolina and assigned to Judge Conrad.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Western District of North Carolina for the reasons stated in the order of August 4, 2022, and, with the consent of that court, assigned to the Honorable Robert J. Conrad, Jr.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Western District of North Carolina. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

| IN RE: GARDASIL PRODUCTS LIABILITY LITIGATION | MDL No. 3036 |
|---|---|

### SCHEDULE CTO–15 – TAG–ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| NEW JERSEY | | | |
| NJ | 3 | 23–01800 | BRADY v. MERCK & CO., INC. et al |